UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PENGCHENG SI,<br><br>               Plaintiff,<br><br>    v.<br><br>BED BATH & BEYOND<br>CORPORATION, *et al.*,<br><br>               Defendants. | Case No. 1:22-cv-2541 (TNM) |

**MEMORANDUM ORDER**

    In this putative securities class action, one entity has moved to be appointed as Lead Plaintiff. Because the entity satisfies the requirements of the Private Securities Litigation Reform Act and is unopposed, the Court will appoint it as Lead Plaintiff. And because its proposed counsel is adequate, the Court will approve the entity's choices for co-lead counsel and liaison counsel.

**I.**

    This past summer, Pengcheng Si filed a pro se complaint against Bed Bath & Beyond and others, alleging securities violations. *See generally* Compl., ECF No. 1. A few months later, he amended his complaint with the help of counsel. *See* Am. Compl., ECF No. 8.

    Next, two movants asked to be appointed as Lead Plaintiff: Allen Gallegly and Bratya SPRL. Motions to Appoint Lead Plaintiff, ECF Nos. 12, 14. The Court ordered each movant to respond to the other's motion. Min. Order. 11/09/2022. In response, Allen Gallegly conceded that Bratya was more qualified under the PSLRA's test, leaving the Court with only Bratya's motion. Notice of Non-Opposition at 1, ECF No. 18

1

## II.

Under the PSLRA, the Court must "appoint as lead plaintiff the [class member] . . . most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). If a class member checks three boxes, the Court must presume that it is the most adequate plaintiff. First, the class member must have either filed the complaint or moved to become the lead plaintiff. *Id.* § 78u-4(a)(3)(B)(iii)(I)(aa). Second, the class member must have "the largest financial interest" among class members. *Id.* § 78u-4(a)(3)(B)(iii)(I)(bb). And third, the class member must meet the Rule 23 requirements. *Id.* § 78u-4(a)(3)(B)(iii)(I)(cc).

The Court finds that Bratya meets all three requirements and thus is presumed most adequate. And since no other party rebuts that presumption, the Court appoints Bratya as Lead Plaintiff.

*1. Complaint or motion.* Bratya satisfies the first presumption requirement because it moved to be appointed as Lead Plaintiff. *See* Motion to Appoint Lead Plaintiff, ECF No. 14.

*2. Largest financial interest.* To the best of Bratya's knowledge, and the Court's, Bratya has the largest financial interest in this case of any class member:

> During the Class Period, Bratya: (1) purchased 227,311 shares of Bed Bath stock; (2) expended $10,726,059 on its purchases of Bed Bath stock and options contracts; (3) retained 150,000 shares of Bed Bath stock and 1,131 open options contracts; and (4) as a result of the disclosures of the fraud, suffered losses of $4,350,426 in connection with its Class Period transactions in Bed Bath stock and options contracts.

Mot. to Appoint at 7 (citing Decl. of Jeremy A. Lieberman, Ex. A, ECF No. 14-4). And no class members dispute this. Indeed, the only other movant dropped out of contention after reviewing Bratya's motion, conceding "it appears that Mr. Gallegly does not possess the largest financial interest in the relief sought by the class." Notice of Non-Opposition at 1.

*3. Rule 23 Requirements*.  Here, courts look to only typicality and adequacy.  *Shenk v. Mallinckrodt PLC*, 300 F. Supp. 3d 279, 281 (D.D.C. 2018).  For purposes of appointing a lead plaintiff, the Court finds both requirements met.

Start with typicality.  Bratya satisfies this requirement if its "claims or defenses . . . are typical" of the class's.  Fed. R. Civ. P. 23(a)(3).  Bratya's core claim is the same as the rest of the class: "Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or by omitting to disclose material facts concerning Bed Bath."  Mot. to Appoint at 7.  And, like the rest of the class, Bratya says that violation cost it money by inflating the stock price.  *Id.*  So Bratya's claims are "reasonably coextensive with the class as a whole," and Bratya satisfies the typicality requirement.  *Shenk*, 300 F. Supp. 3d at 282.

Next, adequacy.  Bratya and its proposed counsel are adequate if they "will fairly and adequately protect" the class's interests.  Fed. R. Civ. P. 24(a)(4).  Thus, they must have the "ability and incentive to represent . . . the class vigorously," and no conflicts of interest with class members*.  Shenk*, 300 F. Supp. 3d at 282.

Bratya has a strong incentive to energetically represent the class because of its significant alleged losses.  More, Bratya's gérant certifies that he understands a lead plaintiff's duties and is prepared to undertake them.  Declaration of David Coti at 2, ECF No. 14-7.  And he further commits to working with counsel "to obtain the greatest possible recovery for the class."  *Id.* at 3.  Finally, Bratya has no apparent conflict of interest with other class members.  So Bratya is adequate.

Bratya's counsel of choice is adequate too.  As the most adequate plaintiff, Bratya may choose its counsel "subject to [the Court's] approval."  15 U.S.C. § 78u-4(a)(3)(B)(v).  Here,

Bratya proposes Pomerantz LLP and Bronstein, Gewirtz & Grossman, LLC as co-lead counsel. And it wants Cohen Milstein Sellers & Toll PLLC as liaison counsel. All three firms have extensive experience litigating securities class actions and no apparent conflicts of interest. *See generally* Pomerantz Resume, ECF No. 14-8; Bronstein, Gewirtz & Grossman Resume, ECF No. 14-9; Cohen Milstein Sellers & Toll Resume, ECF No. 14-10. Thus, the Court finds that each is adequate and will permit them to serve their proposed roles.

### III.

For these reasons, it is hereby

**ORDERED** that Bratya SPRL is appointed as Lead Plaintiff for the putative class; it is further

**ORDERED** that Pomerantz LLP and Bronstein, Gewirtz & Grossman, LLC are approved as Co-Lead Counsel and that Cohen Milstein Sellers & Toll PLLC may serve as liaison counsel;

**ORDERED** that Co-Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom co-lead counsel shall designate:

(a) to coordinate the briefing and argument of motions;
(b) to coordinate the conduct of discovery proceedings;
(c) to coordinate the examination of witnesses in depositions;
(d) to coordinate the selection of counsel to act as a spokesperson at pretrial conferences;
(e) to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;
(f) to coordinate all settlement negotiations with counsel for defendants;
(g) to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; and

    (h)       to supervise any other matters concerning the prosecution, resolution, or settlement of the Action;

**ORDERED** that no motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Co-Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of Lead Counsel;

**ORDERED** that every pleading in this Action, and any related action that is consolidated with this Action, shall hereafter bear the following caption:

UNITED STATES DISTRICT COURT<br>DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE BED BATH & BEYOND CORPORATION SECURITIES LITIGATION | Case No. 1:22-cv-02541-TNM |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | [TITLE OF DOCUMENT] |

**ORDERED** that when the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When the document applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the name of the first-listed plaintiff in said action;

**ORDERED** that counsel in any related action that is consolidated with this Action shall be bound by this organization of plaintiffs' counsel;

**ORDERED** that Co-Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices;

**ORDERED** that Co-Lead Counsel shall be the contact between plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel;

**ORDERED** that Defendants shall effect service of papers on plaintiffs by serving a copy of same on Co-Lead Counsel by overnight mail service, electronic or hand delivery.  Plaintiffs shall effect service of papers on defendants by serving a copy of same on defendants' counsel by overnight mail service, electronic or hand delivery;

**ORDERED** that during the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information, and materials such as computerized data and electronic mail, containing information which is relevant or which may lead to the discovery of information relevant to the subject matter of the pending litigation;

**SO ORDERED**.

Dated: November 16, 2022                                         TREVOR N. McFADDEN, U.S.D.J.