UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE BED BATH & BEYOND CORPORATION SECURITIES LITIGATION | Case No. 1:22-cv-02541-TNM<br><br>CLASS ACTION<br><br>Jury Trial Demanded |

**LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DELAY**

On December 16, 2022, this Court set a reasonable timeline for the filing of an Amended Complaint and briefing of Defendants' anticipated Motions to Dismiss, requiring that briefing be completed by May 3, 2023. With only three business days remaining before briefing is expected to be complete, Defendants filed a last-ditch effort to stall this Court's consideration of the Motions. After 5:00 p.m. on April 28, 2023, Defendants moved to extend the deadline for their reply briefs to a date uncertain, to allow one of the Defendants to file an objection on May 8, 2023 seeking a further unspecified delay. ECF No. 84. Defendants' request violates this Court's Standing Order and shows no good cause either for the immediate delay Defendants now request or the intended May 8, 2023 request for additional delay. Consequently, Lead Plaintiff requests the Court to deny Sue E. Gove's ("Gove") Motion for Extension of Time to File a Reply in support of her Motion to Dismiss.

**I.    DEFENDANTS' MOTION VIOLATES THIS COURT'S STANDING ORDER**

This Court's Standing Order makes clear that motions for extension of time are "strongly discouraged" and "will be granted only in truly exceptional or compelling circumstances." *See* Rule 9 of the Standing Order. All such motions must be brought four business days before the deadline in question. *Id.* at Rule 9(A). Defendants' request fails even this threshold requirement: it was filed only three business days prior to the deadline to file Reply briefs.

1

Defendants' request also violates other requirements. Rule 9(B) of the Standing Order instructs that requests for extension of time "**must include**" the "specific grounds for the extension" or "they will not be considered." *Id.* (emphasis in original). Refusing to specify grounds justifying an extension, Defendants merely state that Gove will file an objection on May 8, 2023 providing further information. The Court is not obligated to indulge such noncompliance.

## II. DEFENDANTS SHOW NO GOOD CAUSE FOR DELAY

Defendants also fail to show any good cause for delay. A party seeking an extension of time bears the "burden of showing that [her] deadline could not reasonably be met despite [her] reasonable diligence." *Saunders v. District of Columbia*, 279 F.R.D. 35, 38 (D.D.C. 2012). Neither Gove nor Ryan Cohen ("Cohen") and his one-man LLC can meet this standard. They fail to demonstrate that it would be unduly burdensome to finalize and file the Reply briefs that should have already been prepared, or substantially should be complete. Nor do Gove or Cohen show any inability to meet the Court-ordered deadline despite the exercise of reasonable diligence.

Defendants' request to delay essentially concedes a lack of diligence. Defendants knew since at least April 23, 2023 about Bed Bath & Beyond Inc.'s ("Bed Bath") bankruptcy and that the bankruptcy stay automatically applied only to Bed Bath. Moreover, while Defendant Gove claims that she intends in eight days to seek an extension of the bankruptcy stay to halt adjudication of her own fraud, she proffers no reason why she did not promptly move for such an extension at an earlier date. Lead Plaintiff immediately notified the Court about Bed Bath's bankruptcy on April 23, 2022, the day Bed Bath filed a petition in the Bankruptcy Court. ECF No. 81. Lead Plaintiff's filing provided extensive caselaw indicating that a bankruptcy stay is not properly extended to any non-debtor defendants in a securities fraud action, which includes non-debtor Gove. When Gove filed her own Suggestion of Bankruptcy on April 25, 2023, ECF No. 83, she

2

took no contrary position, and declined to address the numerous decisions cited in Plaintiff's filing. Gove continues to hide the ball in her April 28, 2023 filing, saying only that she will explain her position on May 8, 2023. That gamesmanship is the opposite of diligence.

Nor does Gove claim that the deadline to file a Reply on May 3, 2023 cannot "reasonably be met." *Saunders*, 279 F.R.D. at 38. She and her counsel have known about that deadline for over four months, and have had several weeks to work on the Reply brief. Given that only days remain before the time to file a Reply brief elapses, the briefing is now almost certainly near completion and can be finalized with minimal effort or burden. Defendants do not assert otherwise.

Finally, Gove does not and cannot show that she is likely to prevail on the merits of her anticipated request to extend the bankruptcy stay. As Plaintiff's April 23, 2023 Suggestion of Bankruptcy sets forth, courts routinely allow claims to proceed against non-debtor defendants when a corporate defendant declares bankruptcy. *See* authorities cited in ECF No. 81. *See also Khoja v. Orexigen Therapeutics*, No. 15-cv-00540-JLS-AGS, 2021 U.S. Dist. LEXIS 230105, at *5 (S.D. Cal. Nov. 30, 2021) (automatic stay halted further proceedings against bankrupt debtor, "but not the remaining defendants"); *Duncan v. Vantage Corp.*, No. 18-288 (MN), 2019 U.S. Dist. LEXIS 50223, at *3 (D. Del. Mar. 26, 2019) (same); *In re Terravia Holdings, Inc., Sec. Litig.*, No. 16-cv-06633-JD, 2017 U.S. Dist. LEXIS 164802, at *1-2 (N.D. Cal. Oct. 4, 2017) (noting that automatic stay "does not protect non-debtor parties or their property"); *N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 564 B.R. 192, 195 (S.D.N.Y. 2016) (refusing to extend stay to non-debtors and stating extension could only be warranted if there would otherwise be "immediate adverse economic consequence[s]" for the bankruptcy estate); *In re MCSi, Inc., Sec. Litig.*, 371 B.R. 270, 272 (S.D. Ohio 2004) (refusing to extend stay and explaining that "a claim

under the securities laws allows for the independent liability of officers in which the proceedings may progress without the participation of the corporation"); *In re Gray*, 230 B.R. 239, 242 (S.D.N.Y. 1999) (refusing to extend stay to non-debtors and warning that a stay can only be extended in "unusual circumstances").[1]

Moreover, Gove's participation in this Action cannot impair Bed Bath's reorganization. A Chief Restructuring Officer, not Gove, oversees the reorganization, in coordination with a board of disinterested directors, not Gove. *See* Declaration of Holly Etlin, Chief Restructuring Officer in *In re Bed Bath & Beyond, Inc.*, No. 2:23-bk-13359 (VFP), ECF No. 10 (Bankr. D.N.J. Apr. 23, 2023) (hereafter the "Etlin Declaration"). Additionally, Gove is not currently subject to any discovery in this Action, which remains stayed under the Private Securities Litigation Reform Act of 1995 as to all Defendants while the Motions to Dismiss are pending. And, as the Etlin Declaration shows, coverage under existing Directors' & Officers' liability insurance continues without interruption. *Id.* at Exhibit A, ¶67.[2]

Finally, Cohen provides no basis whatsoever for his tag-along delay request. Instead, he

---

[1] *Accord Paulson v. Two Rivers Water & Farming Co.*, Civil Action No. 19-cv-02639-PAB-NYW, 2020 U.S. Dist. LEXIS 39120, at *8 (D. Colo. Mar. 6, 2020) (refusing to extend stay and explaining that "[i]t is clearly established that the automatic stay does not apply to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor.") (citation omitted). Plaintiff acknowledges that a minority of decisions have extended the stay under circumstances not present here. *See Slipher v. Washington Prime Group, Inc. et al*, No. 2:21-cv-02757-JLG-KAJ, ECF No. 34 (S.D. Ohio Dec. 7, 2021) (extending stay among concerns that parties to district court litigation were using "deception" in bankruptcy proceedings to improperly obtain discovery material); *Zhang v. Valaris plc*, No. 1-19-cv-07816-NRB, ECF No. 52 (S.D.N.Y. Oct. 22, 2020) (granting limited extension while expressly allowing the next steps in that litigation—filing an amended complaint and serving defendants—to proceed without interruption).

[2] Significantly, the Etlin Declaration undermines Cohen's baseless claim that the August 2022 decline in Bed Bath's shares was caused by factors other than the revelation of his decision to dump his entire stake in the Company. *Id.* at ¶43 ("The shares finished at $18.55, down 20%— after RC Ventures and Cohen's proposal to sell his shares was revealed—before falling an additional 35% in after-hours trading following securities filings.").

merely asserts in a single sentence that allowing him an indefinite amount of time to file a Reply brief would be "administratively convenient" for this Court. Cohen does not describe, and Plaintiff does not see, how an unspecified delay in favor of a bankruptcy in which Cohen is not involved would enhance judicial efficiency for anyone, or be consistent with Federal Rule of Civil Procedure 1 (requiring that procedures be applied in a manner "to secure the just, speedy, and inexpensive determination of every action and proceeding."). To the extent Cohen assumes that the Court may decide to rule on both Motions together, that does not entitle him to receive additional time. Cohen's deadline to file a Reply brief has nothing to do with how or when the Court decides to rule on the pending Motions.

Lead Plaintiff also notes that the briefing deadlines for Defendants' Motions to Dismiss were set by the Court after it rejected the Parties' request for a longer schedule on December 16, 2022. Lead Plaintiff was given less than 30 days to respond to two Motions to Dismiss, and Lead Plaintiff complied with that deadline. Defendants should not be given any additional time to file Reply briefs that exceed the 21 days the Court already deemed sufficient in its December 16, 2022 Minute Order.

Accordingly, Lead Plaintiff respectfully requests that Gove's Motion for Extension of Time to File a Reply Brief be denied in its entirety, and that Defendants be ordered to comply with this Court's long-existing deadlines.

Dated: April 30, 2023                   Respectfully submitted,

                                        /s/ *Omar Jafri*
                                        Omar Jafri

**POMERANTZ LLP**

Joshua B. Silverman (admitted *pro hac vice*)
Omar Jafri (admitted *pro hac vice*)
Christopher P.T. Tourek (admitted *pro hac vice*)
10 S. LaSalle Street, Suite 3505
Chicago, IL 60603
Tel: (312) 377-1181
Fax: (312) 377-1184
Email: jbsilverman@pomlaw.com
　　　ojafri@pomlaw.com
　　　ctourek@pomlaw.com

　-and-

Jeremy A. Lieberman (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
E-mail: jalieberman@pomlaw.com

*Counsel for Lead Plaintiff Bratya SPRL and Co-Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**

Peretz Bronstein (admitted *pro hac vice*)
Yitzchak E. Soloveichik (admitted *pro hac vice*)
Eitan Kimelman (admitted *pro hac vice*)
60 East 42nd Street, Suite 4600
New York, NY 10165
Tel: (212) 697-6484
Fax: (212) 697-7296
peretz@bgandg.com
soloveichik@bgandg.com
eitank@bgandg.com

*Counsel for Lead Plaintiff Bratya SPRL and Co-Lead Counsel for the Class*

**COHEN MILSTEIN SELLERS & TOLL PLLC**

Steven J. Toll (D.C. Bar No. 225623)
Daniel S. Sommers (D.C. Bar No. 416549)
Jan E. Messerschmidt (D.C. Bar No. 1031488)

1100 New York Avenue, N.W., Fifth Floor
Washington, D.C. 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
jmesserschmidt@cohenmilstein.com

*Liaison Counsel for Lead Plaintiff Bratya SPRL and for the Class*