# EXHIBIT B



# Important Notice - In Witness Clause

In return for the payment of premium, and subject to the terms of this policy, coverage is provided as stated in this policy.

IN WITNESS WHEREOF, this Company has executed and attested these presents and, where required by law, has caused this policy to be countersigned by its duly Authorized Representative(s).

President                                          Corporate Secretary

---

**QUESTIONS ABOUT YOUR INSURANCE?**   Your agent or broker is best equipped to provide information about your insurance.  Should you require additional information or assistance in resolving a complaint, call or write to the following (please have your policy or claim number ready):

Zurich in North America
Customer Inquiry Center
1299 Zurich Way
Schaumburg, Illinois 60196-1056
**1-800-382-2150** (Business Hours:  8 a.m. - 4 p.m. [CT])
**Email:** info.source@zurichna.com

**Insured Name:**    BED BATH & BEYOND INC

**Policy Number:**    DOC 8702221-00
**Effective Date:**    09/15/2021



## THIS DISCLOSURE IS ATTACHED TO AND MADE PART OF YOUR POLICY.

# DISCLOSURE OF IMPORTANT INFORMATION RELATING TO TERRORISM RISK INSURANCE ACT

### SCHEDULE*

Premium attributable to risk of loss from certified acts of terrorism for lines of insurance subject to TRIA:

$0

*Any information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**A. Disclosure of Premium**

In accordance with the federal Terrorism Risk Insurance Act ("TRIA"), as amended, we are required to provide you with a notice disclosing the portion of your premium, if any, attributable to the risk of loss from terrorist acts certified under that Act for lines subject to TRIA. That portion of premium attributable is shown in the Schedule above. The premium shown in the Schedule above is subject to adjustment upon premium audit, if applicable.

**B. Disclosure of Federal Participation in Payment of Terrorism Losses**

You should know that where coverage is provided by this policy for losses resulting from certified acts of terrorism, the United States Government may pay up to 80% of insured losses exceeding the statutorily established deductible paid by the insurance company providing the coverage.

**C. Disclosure of $100 Billion Cap on All Insurer and Federal Obligations**

If aggregate insured losses attributable to terrorist acts certified under TRIA exceed $100 billion in a calendar year (January 1 through December 31) and an insurer has met its deductible under the program, that insurer shall not be liable for the payment of any portion of the amount of such losses that exceeds $100 billion, and in such case insured losses up to that amount are subject to pro rata allocation in accordance with procedures established by the Secretary of Treasury.

**D. Availability**

As required by TRIA, we have made available to you for lines subject to TRIA coverage for losses resulting from acts of terrorism certified under TRIA with terms, amounts and limitations that do not differ materially from those for losses arising from events other than acts of terrorism.

**E. Definition of Act of Terrorism under TRIA**

TRIA defines "act of terrorism" as any act that is certified by the Secretary of the Treasury, in accordance with the provisions of the federal Terrorism Risk Insurance Act ("TRIA"), to be an act of terrorism. The Terrorism Risk Insurance Act provides that the Secretary of Treasury shall certify an act of terrorism:

**1.** To be an act of terrorism;

**2.** To be a violent act or an act that is dangerous to human life, property or infrastructure;

**3.** To have resulted in damage within the United States, or outside of the United States in the case of an air carrier (as defined in section 40102 of Title 49, United States Code) or a United States flag vessel (or a vessel based principally in the United States, on which United States income tax is paid and whose insurance coverage is subject to regulation in the United States), or the premises of a United States mission; and

Copyright © 2020 Zurich American Insurance Company
Includes copyrighted material of Insurance Services Office, Inc., with its permission.

**4.** To have been committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

No act may be certified as an act of terrorism if the act is committed as part of the course of a war declared by Congress (except for workers' compensation) or if losses resulting from the act, in the aggregate for insurance subject to TRIA, do not exceed $5,000,000.



# Disclosure Statement

It is our pleasure to present the enclosed policy to you
for presentation to your customer.

**INSTRUCTION TO AGENT OR BROKER:**

WE REQUIRE THAT YOU TRANSMIT THE ATTACHED/ENCLOSED DISCLOSURE STATEMENT TO THE CUSTOMER
WITH THE POLICY.

Once again, thank you for your interest, and we look forward to meeting your needs and those of your customers.

# Disclosure Statement



**NOTICE OF DISCLOSURE FOR AGENT & BROKER COMPENSATION**

If you want to learn more about the compensation Zurich pays agents and brokers visit:

http://www.zurichnaproducercompensation.com

or call the following toll-free number:  (866) 903-1192.

This Notice is provided on behalf of Zurich American Insurance Company

and its underwriting subsidiaries.

# Directors & Officers Liability Insurance Policy - Zurich D&O Select®



**Declarations**

Insurance is provided by:          Zurich American Insurance Company
1299 Zurich Way
Schaumburg, IL 60196-1056
(a stock company hereinafter "Underwriter")

**THIS POLICY IS WRITTEN ON A CLAIMS MADE AND REPORTED BASIS AND COVERS ONLY CLAIMS FIRST MADE AGAINST THE INSUREDS DURING THE POLICY PERIOD OR THE EXTENDED REPORTING PERIOD OR RUN-OFF COVERAGE PERIOD, IF EXERCISED, AND REPORTED TO THE UNDERWRITER PURSUANT TO SUBSECTION V.H.  THE LIMITS OF LIABILITY AND ANY RETENTION SHALL BE REDUCED BY AMOUNTS INCURRED AS DEFENSE COSTS.  THE UNDERWRITER DOES NOT ASSUME ANY DUTY TO DEFEND.  PLEASE READ THIS POLICY CAREFULLY.**

Policy Number:    DOC 8702221-00

Item 1.   **Policyholder** and Mailing Address:          BED BATH & BEYOND INC
650 LIBERTY AVENUE
UNION, NJ  07083

Item 2.   Limits of Liability:

    A.   Aggregate Limit of Liability for all **Loss** under Insuring Clauses A, B, C and E:  $10,000,000

    B.   Aggregate Sub-limit of Liability for all **Securityholder Derivative Demands** under Insuring Clause E:  $250,000

    C.   Separate Limit of Liability for Each **Retired Independent Director** under Insuring Clause D:  $250,000

    D.   Separate Aggregate Limit of Liability for all **Retired Independent Directors** under Insuring Clause D:  $1,000,000

Item 3.   **Policy Period:**    From:  12:01 A.M. on 09/15/2021  To:  12:01 A.M. on 09/15/2022
Local time at the address shown in Item 1.

Item 4.   Retention:   A.   Each **Securities Claim** under Insuring Clauses B and C:  $5,000,000

                B.   Each **Claim**, other than a **Securities Claim**, under Insuring Clause B:  $5,000,000

Item 5.   **Extended Reporting Period:**   A.   Additional Premium:   150% of Annual Premium
                                      B.   Additional Period:     365 Days

Item 6.   Pending or Prior Date:    01/01/1901

Item 7.   Notice to Underwriter:

    A.   Address for Notice of **Claim** or Potential **Claim**        B.   Address for All Other Notices:

        Attn:  Corporate D&O Claims Department        Attn:  Northeast, MASE & West Region Underwriting
               Zurich North America        Regional Manager
               P.O. Box 968041        One Liberty Plaza – 30th Floor
               Schaumburg, IL 60196        New York, NY 10006
               Facsimile: 866-255-2962        Email: NEsubmissions@zurichna.com
               E-mail: msgclms@zurichna.com

Item 8.   Premium:   $531,671

# Form and Endorsement Schedule



| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 8702221-00 | 09/15/2021 | 09/15/2022 | 09/15/2021 | | |

**Policyholder:**  BED BATH & BEYOND INC

| Form Name | Form Number | Edition Date | Endorsement No. |
|---|---|---|---|
| Important Notice - In Witness Clause | U-GU-319-F | (01/09) | |
| Disclosure of Important Information Relating to Terrorism Risk Insurance Act | U-GU-630-E CW | (01/20) | |
| Directors & Officers Liability Insurance Policy - Zurich D&O Select Declarations | U-DO-D-738-A CW | (05/09) | |
| Directors & Officers Liability Insurance Policy - Zurich D&O Select | U-DO-755-B CW | (08/09) | |
| Personal Conduct Exclusions Amended Endorsement | U-DO-2039-B CW | (01/15) | 01 |
| Inquiry Costs Coverage Added (Insuring Clauses A and B) | U-DO-2061-A CW | (01/15) | 02 |
| Derivative Exposure Amended (Add Plaintiff Fees) | U-DO-3008N CW | (05/20) | 03 |
| Aiding and Abetting Defense Costs Coverage Added | U-DO-3011N CW | (05/20) | 04 |
| Protected Executive Coverage Added | U-DO-3480N CW | (05/20) | 05 |
| Section V.E.1 Changes in Exposure Amended | U-DO-3498N CW | (05/20) | 06 |
| Event Study Expenses Coverage Added | U-DO-3501N CW | (05/20) | 07 |
| Books and Records Coverage Added | U-DO-3941N CW | (02/19) | 08 |
| Employed Lawyers Coverage Added | U-DO-3947N CW | (02/19) | 09 |
| United Kingdom Corporate Manslaughter Coverage Added | U-DO-3962N CW | (04/19) | 10 |
| Freedom Protection Costs Coverage Added | U-DO-3963N CW | (04/19) | 11 |
| Compensation Clawback Costs Coverage Added | U-DO-3964N CW | (04/19) | 12 |
| Non-Entity Employment Practices Coverage Added (Equal Pay Act Exception to FLSA Exclusion) | U-DO-3985N CW | (08/20) | 13 |
| Section V.D. Allocation Amended | U-DO-3995N CW | (05/20) | 14 |
| Section III.H. Definition of Executive Officer Amended | U-DO-4512N CW | (08/19) | 15 |
| ADR Deleted Endorsement | U-DO-863-A CW | (02/10) | 16 |

| State Amendatory Inconsistency Endorsement | U-DO-867-A CW | (02/10) | 17 |
| Intent Statement Added to Bankruptcy Provision Endorsement | U-DO-882-A CW | (03/10) | 18 |
| Application Amended Endorsement | U-DO-892-A CW | (03/10) | 19 |
| Delete Environmental Mismanagement Claims Coverage Endorsement | U-DO-893-B CW | (01/19) | 20 |
| Advancement of Defense Costs Added Endorsement | U-DO-913-B CW | (01/15) | 21 |
| Section V.Q Recovery of Limits Added | N-DO-3111N CW | (06/17) | 22 |
| Company Added with Prior Acts Exclusion Endorsement | U-DO-921-A CW | (06/10) | 23 |
| Statutory Claims Endorsement | U-DO-930-A CW | (06/10) | 24 |
| Exclusions Preamble Amended | U-DO-1029-B CW | (01/15) | 25 |
| Section V.I. Other Insurance Amended (Personal Umbrella) | U-DO-4511N CW | (08/19) | 26 |
| Section III.B.5 Definition of Claim Amended | N-DO-3313N CW | (12/17) | 27 |
| Entity V. Insured Exclusion (Including ODL) | U-DO-972-C CW | (01/15) | 28 |
| Section IV.A Prior Notice Exclusion Amended | N-DO-3994N CW | (10/19) | 29 |
| Insured Person Amended to Include Employees for EPL Claims Endorsement | U-DO-1015-B CW | (01/15) | 30 |
| Section V.F Defense and Settlement Amended | N-DO-3103N CW | (11/16) | 31 |
| Amended Reporting and Notice Endorsement | U-DO-800-B CW | (02/10) | 32 |
| New Jersey Amendatory Endorsement | U-DO-765-C NJ | (05/20) | 33 |
| Sanctions Exclusion Endorsement | U-GU-1191-A CW | (03/15) | 34 |
| Cap on Losses From Certified Acts of Terrorism | U-GU-767-B CW | (01/15) | 35 |



**TABLE OF CONTENTS**

<u>Page</u>

I.   INSURING CLAUSES ................................................................................................2

    A.   Directors and Officers Liability Coverage ................................................................2

    B.   Company Reimbursement Coverage ........................................................................2

    C.   Company Securities Liability Coverage ....................................................................2

    D.   Retired Independent Directors Liability Coverage ...................................................2

    E.   Derivative Demand Investigation Costs Coverage ..................................................2

II.   EXTENSIONS ......................................................................................................3

    A.   Estates, Legal Representatives, Spouses and Domestic Partners ..........................3

    B.   Extended Reporting Period ......................................................................................3

    C.   Individual Insured Person Extended Coverage ........................................................3

    D.   Outside Position Coverage ......................................................................................3

    E.   Environmental Mismanagement Coverage ..............................................................4

III.   DEFINITIONS ....................................................................................................4

IV.   EXCLUSIONS ....................................................................................................7

V.   GENERAL CONDITIONS AND LIMITATIONS ......................................................9

    A.   Presumptive Indemnification ...................................................................................9

    B.   Representations, Severability and Non-Rescindable Coverages .............................9

    C.   Limits of Liability, Retention and Single Claims ....................................................10

    D.   Allocation ..............................................................................................................11

    E.   Changes in Exposure ............................................................................................11

    F.   Defense and Settlement ........................................................................................12

    G.   Territory and Valuation ..........................................................................................12

    H.   Reporting and Notice .............................................................................................12

    I.   Other Insurance ....................................................................................................13

    J.   Subrogation ...........................................................................................................13

    K.   Alteration, Assignment and Headings ...................................................................13

    L.   Payment Priority ....................................................................................................13

    M.   Policy Termination and Nonrenewal ......................................................................14

    N.   Authorization Clause .............................................................................................14

    O.   Bankruptcy ............................................................................................................14

    P.   Alternative Dispute Resolution ..............................................................................14

# Directors & Officers Liability Insurance Policy – Zurich D&O Select®



In consideration of payment of the premium and in reliance upon the statements made in the **Application**, which is made a part hereof, and subject to the Declarations and the limitations, conditions, provisions and other terms of this policy (including any endorsements hereto), the Insurance Company shown in the Declarations (herein called the Underwriter) and the **Insureds** agree as follows:

I.   INSURING CLAUSES

A.   DIRECTORS AND OFFICERS LIABILITY COVERAGE

The Underwriter shall pay on behalf of the **Insured Persons** all **Loss** for which the **Insured Persons** are not indemnified by the **Company** and which the **Insured Persons** become legally obligated to pay on account of any **Claim** first made against them, individually or otherwise, during the **Policy Period** or the **Extended Reporting Period** or **Run-Off Coverage Period**, if exercised, for a **Wrongful Act** taking place before or during the **Policy Period**, subject to the Limit of Liability set forth in Item 2.A of the Declarations.

B.   COMPANY REIMBURSEMENT COVERAGE

The Underwriter shall pay on behalf of the **Company** all **Loss** for which the **Company** grants indemnification to the **Insured Persons**, as permitted or required by law, and which the **Insured Persons** have become legally obligated to pay on account of any **Claim** first made against them, individually or otherwise, during the **Policy Period** or the **Extended Reporting Period** or **Run-Off Coverage Period**, if exercised, for a **Wrongful Act** taking place before or during the **Policy Period**, subject to the Limit of Liability set forth in Item 2.A of the Declarations.

C.   COMPANY SECURITIES LIABLITY COVERAGE

The Underwriter shall pay on behalf of the **Company** all **Loss** for which the **Company** becomes legally obligated to pay on account of a **Securities Claim** first made against the **Company** during the **Policy Period** or the **Extended Reporting Period** or **Run-Off Coverage Period**, if exercised, for a **Wrongful Act** taking place before or during the **Policy Period**, subject to the Limit of Liability set forth in Item 2.A of the Declarations.

D.   RETIRED INDEPENDENT DIRECTORS LIABILITY COVERAGE

The Underwriter shall pay on behalf of the **Retired Independent Directors** all **Loss** for which the **Retired Independent Directors** are not indemnified by the **Company** and which the **Retired Independent Directors** become legally obligated to pay on account of any **Claim** first made against them, individually or otherwise, during the **Policy Period** or the **Extended Reporting Period** or **Run-Off Coverage Period**, if exercised, for a **Wrongful Act** taking place before or during the **Policy Period**, subject to the respective Limits of Liability set forth in Item 2.C of the Declarations. Coverage under this Insuring Clause D shall apply only if (i) the **Retired Independent Director** is a **Retired Independent Director** when the **Claim** is first made, and (ii) the Limit of Liability in Item 2.A of the Declarations is exhausted by reason of payment by the Underwriter of **Loss**. Such coverage shall then be excess of all other insurance specifically excess of this policy as well as all other insurance described in Subsection V.I.

E.   DERIVATIVE DEMAND INVESTIGATION COSTS COVERAGE

The Underwriter shall pay on behalf of the **Company** all **Investigative Costs** resulting from a **Securityholder Derivative Demand** first received by the **Company** during the **Policy Period** or the **Extended Reporting Period** or **Run-Off Coverage Period**, if exercised, for a **Wrongful Act** taking place before or during the **Policy Period**, subject to the Sub-limit set forth in Item 2.B of the Declarations.

II. EXTENSIONS

    A.   ESTATES, LEGAL REPRESENTATIVES, SPOUSES AND DOMESTIC PARTNERS

The estates, heirs, legal representatives, assigns, spouses and **Domestic Partners** of **Insured Persons** shall be considered an **Insured Person** under this policy but only for a **Claim** arising solely out of their status as such and, in the case of a spouse or **Domestic Partner**, where such **Claim** seeks damages from marital community property, jointly held property or property transferred from the **Insured Person** to the spouse or **Domestic Partner**. No coverage is provided for any wrongful act or omission of an estate, heir, legal representative, assign, spouse or **Domestic Partner**. All terms and conditions of this policy applicable to **Loss** incurred by the **Insured Person** shall also apply to loss incurred by such estates, heirs, legal representatives, assigns, spouses and **Domestic Partners**.

    B.   EXTENDED REPORTING PERIOD

If the Underwriter or **Policyholder** terminates or refuses to renew this policy other than for nonpayment of premium, the **Insureds** shall have the right, upon payment of the additional premium set forth in Item 5.A of the Declarations, to an extension of the coverage granted by this policy for the **Extended Reporting Period** set forth in Item 5.B of the Declarations following the effective date of termination or nonrenewal, but only with respect to any **Wrongful Act** taking place prior to the effective date of such termination or nonrenewal. This right of extension shall lapse unless written notice of such election, together with payment of the additional premium due, is given by the **Insureds** to the Underwriter within thirty (30) days following the effective date of termination or nonrenewal.

The offer of renewal terms and conditions or premiums different from those in effect prior to renewal shall not constitute refusal to renew.

The entire additional premium for the **Extended Reporting Period** shall be deemed fully earned at the inception of the **Extended Reporting Period**.

The **Insureds** shall not be entitled to elect the **Extended Reporting Period** if a **Run-Off Coverage Period** is purchased.

    C.   INDIVIDUAL INSURED PERSON EXTENDED COVERAGE

If the **Policyholder** is entitled to but does not exercise the **Extended Reporting Period** or the **Run-Off Coverage Period**, any **Insured Person** shall have the right to elect an **Extended Reporting Period** or **Run-Off Coverage Period** for only such **Insured Person**. The extension of coverage pursuant to any such individual **Extended Reporting Period** or **Run-Off Coverage Period** shall apply only with respect to coverage under Insuring Clause A and, with respect to a **Retired Independent Director**, under Insuring Clause D for **Claims** against the **Insured Person** who elected such extension of coverage, and shall not apply to any other Insuring Clause or to any coverage afforded to any other **Insured** under this policy.

This right of extension shall lapse unless written notice of such election is given by the **Insured Person** to the Underwriter within thirty (30) days after the **Policyholder's** right to exercise the **Extended Reporting Period** has expired, or with respect to the **Run-Off Coverage Period**, within thirty (30) days after the end of the **Policy Period**. Upon receipt of such written notice, the Underwriter shall promptly notify the **Insured Person** of the additional premium for such extension, and the extension of coverage for the **Insured Person** is conditioned upon the **Insured Person** paying such additional premium within fifteen (15) days after being notified of the amount of the additional premium.

    D.   OUTSIDE POSITION COVERAGE

Subject to this policy's other terms and conditions, Insuring Clause A and Insuring Clause B include coverage for **Insured Persons** while serving in an **Outside Position**. Such coverage shall be specifically excess of any indemnification and insurance available from or provided by the **Outside Entity** in which the **Insured Person** serves in the **Outside Position**. Payment by the Underwriter or any affiliate of the Underwriter under another policy as a result of a **Claim** against an **Insured Person** in an **Outside Position** shall reduce, by the amount of such payment, the Underwriter's Limit of Liability under this policy with respect to such **Claim**.

E.  ENVIRONMENTAL MISMANAGEMENT COVERAGE

Subject to this policy's other terms and conditions, coverage under Insuring Clauses A, B and D for **Claims** against **Insured Persons** and coverage under Insuring Clause C for **Securities Claims** against the **Company** include coverage for any **Environmental Mismanagement Claim**.

III.  DEFINITIONS

When used in this policy, the terms below (whether in the singular or plural) are defined as follows:

A.  **Application** means:

1.  all materials and information, including all signed applications and any materials attached thereto or incorporated therein, submitted by or on behalf of the **Insureds** to the Underwriter in connection with the Underwriter underwriting this policy or any policy issued by the Underwriter of which this policy is a direct or indirect renewal or replacement, and

2.  all publicly available documents filed by the **Company** with the Securities and Exchange Commission during the twelve (12) months preceding inception of this policy.

The **Application** is deemed attached to and incorporated into this policy.

B.  **Claim** means:

1.  a written demand against any **Insured** for monetary damages or non-monetary or injunctive relief, including a written demand that the **Insured** toll or waive a statute of limitations;

2.  a civil proceeding against any **Insured** commenced by the service of a complaint or similar pleading;

3.  a criminal proceeding against any **Insured** commenced by a return of an indictment, information or similar document;

4.  an administrative or regulatory proceeding against any **Insured** commenced by the filing of a notice of charges or similar document;

5.  a civil, criminal, administrative or regulatory investigation of any **Insured Person** commenced by the service upon or other receipt by the **Insured Person** of a Wells notice, target letter or other written notice from the investigating authority identifying by name the **Insured Person** as an individual against whom a proceeding may be commenced;

6.  an official request for the **Extradition** of any **Insured Person** or the execution of a warrant for the arrest of any **Insured Person** where such execution is an element of **Extradition**; or

7.  an arbitration or mediation proceeding against any **Insured**;

for a **Wrongful Act**, including any appeal therefrom; or

8.  solely with respect to Insuring Clause A and Insuring Clause D, any request, demand or subpoena by a regulatory, administrative, governmental or similar authority to interview or depose an **Insured Person**, or for the production of documents by an **Insured Person**, in his or her capacity as such; or

9.  solely with respect to Insuring Clause E, a **Securityholder Derivative Demand**.

C.  **Company** means, collectively, the **Policyholder** and its **Subsidiaries**, including any such organization as a debtor in possession under United States bankruptcy law or an equivalent status under the law of any other country.

D.  **Defense Costs** means that part of **Loss** consisting of reasonable costs, charges, fees (including but not limited to attorney's fees and expert's fees) and expenses (other than regular or overtime wages, salaries or fees of the directors, officers or employees of the **Company**) incurred by the **Insureds** (i) in defending or investigating **Claims**, including costs assessed against the **Insureds** in a **Claim** or the premium for appeal, attachment or similar bonds provided the Underwriter shall have no obligation to apply for or furnish such bonds, or (ii) at the Underwriter's request to assist the Underwriter in investigating a **Claim**.

E.  **Domestic Partner** means any natural person qualifying as a domestic partner under the provisions of any applicable federal, state or local law or under the provisions of any formal program established by the **Company**.

F.  **Environmental Event** means:

1.  the actual, alleged or threatened discharge, release, escape, seepage, migration or disposal of **Pollutants** or **Greenhouse Gases** into or on real or personal property, water or the atmosphere; or

2.  any direction or request that the **Company** or the **Insured Persons** test for, monitor, clean up, remove, contain, treat, detoxify or neutralize **Pollutants** or **Greenhouse Gases**, or any voluntary decision to do so, whether or not such **Greenhouse Gases** are **Pollutants**.

G.  **Environmental Mismanagement Claim** means any **Claim** based upon, arising out of or attributable to an **Environmental Event** if and to the extent such **Claim**: (i) is a **Securities Claim**, (ii) is an employment-related **Claim** against an **Insured Person**, including without limitation any such **Claim** for retaliatory treatment, (iii) is against an **Insured Person** for **Wrongful Acts** in connection with misrepresenting or failing to disclose information related to **Greenhouse Gases** or actual or alleged global warming or climate changes, or (iv) results in **Loss** incurred by **Insured Persons** for which the **Company** does not indemnify the **Insured Persons** either because the **Company** is neither permitted nor required to grant such indemnification or because of **Financial Impairment**.

H.  **Executive Officers** means with respect to any **Company** its president, chief executive officer, chief financial officer and in-house general counsel.

I.  **Extended Reporting Period** means the period of the extended coverage set forth in Item 5.B of the Declarations.

J.  **Extradition** means any formal process by which an **Insured Person** located in any country is or is sought to be surrendered to any other country for trial, or otherwise to answer any criminal accusation, for a **Wrongful Act**.

K.  **Financial Impairment** means the status of the **Company** resulting from the appointment by any state or federal official, agency or court of any receiver, conservator, liquidator, trustee, rehabilitator or similar official to take control of, supervise, manage or liquidate the **Company**, or the **Company** becoming a debtor in possession.

L.  **Greenhouse Gases** means carbon dioxide (CO2), methane (CH4), nitrous oxide (N20), hydrofluorocarbons (HFCs), perfluorocarbons (PFCs), and sulphur hexafluoride (SF6), or any other emission or substance defined by applicable law as a Greenhouse Gas.

M.  **Insured Persons** means:

1.  any one or more natural persons who were, now are or shall become: (i) a duly elected or appointed director, **Manager**, officer, in-house general counsel or controller of the **Company**; (ii) a director of investor relations, director of human resources, risk manager or their functional equivalent of the **Company**; or (iii) with respect to a **Company** incorporated outside the United States, the functional equivalent of any of the foregoing positions;

2.  any one or more other natural persons not described in subparagraph 1 above who were, now are or shall become full or part-time employees of the **Company**, but solely with respect to (i) a **Securities Claim**, or (ii) any other **Claim** while such other **Claim** is brought and maintained against both such other employee(s) and an **Insured Person** described in subparagraph 1 above; provided such other employees shall not be considered **Insured Persons** for purposes of Exclusion C or D in Section IV of this policy; and

3.  any one or more natural persons described in subparagraph 1 above while serving in an **Outside Position**.

N.  **Insureds** means the **Insured Persons** and, solely with respect to Insuring Clause B, Insuring Clause C and Insuring Clause E, the **Company**.

O.  **Interrelated Wrongful Acts** means all **Wrongful Acts** that have as a common nexus any fact, circumstance, situation, event, transaction, cause or series of causally connected facts, circumstances, situations, events, transactions or causes.

P.  **Investigative Costs** means reasonable costs, charges, fees (including but not limited to attorney's fees and expert's fees) and expenses (other than regular or overtime wages, salaries or fees of the directors, officers or employees of the **Company**) incurred by the **Company** (including its Board of Directors or any committee of its Board of Directors) in investigating or evaluating on behalf of the **Company** whether it is in the best interest of the **Company** to prosecute the claims alleged in a **Securityholder Derivative Demand**.

Q.  **Loss** means the total amount the **Insureds** become legally obligated to pay on account of **Claims** made against them for **Wrongful Acts** for which coverage applies, including, but not limited to, damages, judgments, and any award of pre-judgment and post-judgment interest with respect to covered damages, settlements and **Defense Costs**. Solely with respect to Insuring Clause E, **Loss** means **Investigative Costs**.

**Loss** does not include any of the following, provided this sentence does not exclude **Defense Costs** with respect to any of the following:

1.  any amount not indemnified by the **Company** for which the **Insureds** are absolved from payment by reason of any covenant, agreement or court order;

2.  taxes, fines or penalties imposed by law, except as provided in the next paragraph;

3.  any amount incurred by the **Company** that represents or is substantially equivalent to an increase in the consideration paid or proposed to be paid by a **Company** in connection with its purchase of any securities or assets; or

4.  matters uninsurable under the law pursuant to which this policy is construed.

**Loss** does not exclude:

(a)  punitive, exemplary or multiple damages;

(b)  civil money penalties assessed against an **Insured** pursuant to Section 2(g)(2)(B) of the Foreign Corrupt Practices Act, 15 U.S.C. §78dd-2(g)(2)(B); or

(c)  civil money penalties assessed against an **Insured** for a violation of any federal, state, local or foreign election law if such violation is not knowing or willful;

to the extent such damages or penalties are insurable under the internal laws of any applicable jurisdiction most favorable to the **Insureds**, including without limitation the jurisdiction in which the **Company**, the **Insured Persons**, the Underwriter, this policy or such **Claim** is located.

In addition, the Underwriter shall not assert with respect to a **Securities Claim** that **Loss** incurred by any **Insured**, in the **Insured's** capacity as such, is uninsurable due to the **Insured's** actual or alleged violation of Section 11 or 12 of the Securities Act of 1933, as amended; provided, however, this paragraph shall not apply to any settlement or judgment in a **Securities Claim** if and to the extent a final and non-appealable judgment adverse to such **Insured** in any proceeding not brought by the Underwriter, or a final determination by a regulatory or other governmental authority, or a written admission by such **Insured** in a settlement of such **Securities Claim**, establishes such settlement or judgment constitutes disgorgement, restitution or the return of ill-gotten gain.

R.  **Managers** mean any natural person who was, now is or shall become (i) a manager, member of the Board of Managers or equivalent executive of a **Company** that is a limited liability company, and (ii) a general partner, managing partner or equivalent executive of a **Company** that is a partnership or joint venture.

S.  **Outside Entity** means:

1.  any organization chartered and operated as a not-for-profit organization;

2.  any for-profit organization in which the **Company** owns an equity interest, provided such organization is neither a financial institution nor is an organization whose securities are publicly owned or traded; or

3.  any other organization specifically included as an **Outside Entity** by endorsement to this policy;

provided such organization is not included in the definition of **Company**.

T.  **Outside Position** means the position of director, officer, manager, trustee, governor or other equivalent executive position in an **Outside Entity** held by an **Insured Person** described in Definition M.1 in Section III, if service in such position is with the knowledge and consent of, at the direction or request of, or part of the duties regularly assigned to the **Insured Person** by, the **Company**.

U.  **Policy Period** means the period set forth in Item 3 of the Declarations, subject to prior termination in accordance with Subsection V.M.

V.  **Policyholder** means the organization designated in Item 1 of the Declarations.

W.  **Pollutants** means any substance located anywhere in the world exhibiting any hazardous characteristics as defined by, or identified on a list of hazardous substances issued by, the United States Environmental Protection Agency or a state, county, municipality or locality counterpart thereof. **Pollutants** shall also mean any other air emission, odor, waste water, oil or oil products, infectious or medical waste, asbestos or asbestos products, silica, noise, fungus (including mold, mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi, but not any fungi intended by the **Insured** for consumption) and electric or magnetic or electromagnetic field. Such matters shall include, without limitation, solids, liquids, gaseous, thermal, biological, nuclear or radiological irritants, contaminants or smoke, soot, fumes, acids, alkalis, chemicals or waste materials.

X.  **Retired Independent Director** means any **Insured Person** who (i) served as a duly elected or appointed director or functional equivalent executive of the **Policyholder**, (ii) never has been an officer or employee of any **Company**, and (iii) no longer serves any **Company** in any insured capacity under this policy.

Y.  **Run-Off Coverage Period** means the period of the extended coverage described in Subsection V.E.2 below.

Z.  **Securities Claim** means any **Claim** alleging a violation of any statutory or common law which in whole or in part is: (i) brought by one or more securities holders of the **Company**, in their capacity as such, or (ii) based upon, arising out of or attributable to the purchase or sale of, or offer or solicitation of an offer to purchase or sell, any securities issued by the **Company**, whether such purchase, sale, offer or solicitation involves a transaction with the **Company** or occurs in the open market (including without limitation any such **Claim** brought by the Securities and Exchange Commission or any other claimant).

**Securities Claim** for purposes of Insuring Clause C shall not include any employment-related **Claim** brought by an **Insured Person** or other actual, alleged or prospective employee of the **Company**.

AA.  **Securityholder Derivative Demand** means:

1.  any written demand, by a securityholder of a **Company**, upon the Board of Directors or Board of Managers of such **Company**, to bring a civil proceeding in a court of law against an **Insured Person** for a **Wrongful Act**; or

2.  any lawsuit by a securityholder of a **Company**, brought derivatively on behalf of such **Company**, against an **Insured Person** for a **Wrongful Act** without first making a demand as described in subparagraph 1 above.

BB.  **Subsidiary** means:

1.  any organization, including any joint venture and partnership, in which more than fifty percent (50%) of the outstanding voting securities or voting rights representing the present right to vote for election of directors, **Managers** or equivalent executives is owned or controlled, directly or indirectly, in any combination, by one or more **Companies**;

2.  any organization, including any joint venture and partnership, in which one or more **Companies**, in any combination, directly or indirectly have the right, pursuant to a written contract with or the by-laws, charter, operating agreement or similar document of such organization, to elect or appoint a majority of the directors, **Managers** or equivalent executives of such organization; and

3.  any foundation, charitable trust or political action committee controlled or exclusively sponsored by one or more **Companies**.

CC.  **Wrongful Act** means:

1.  any error, misstatement, misleading statement, act, omission, neglect, or breach of duty actually or allegedly committed or attempted by any of the **Insured Persons**, individually or otherwise, in their capacity as such, or in an **Outside Position**, or with respect to Insuring Clause C, by the **Company**; or

2.  any matter claimed against the **Insured Persons** solely by reason of their serving in such capacity or in an **Outside Position**.

IV.  EXCLUSIONS

The Underwriter shall not be liable for **Loss** on account of any **Claim** made against any **Insured**:

A.  based upon, arising out of, or attributable to any fact, circumstance or situation which has been the subject of any written notice given prior to inception of this policy under any prior directors and officers liability insurance policy;

B.   based upon, arising out of, or attributable to any written demand, suit or proceeding pending, or order, decree or judgment entered against the **Company** or any **Insured Person** on or prior to the Pending or Prior Date set forth in Item 6 of the Declarations, or the same or substantially the same **Wrongful Act**, **Interrelated Wrongful Acts**, fact, circumstance or situation underlying or alleged therein;

C.   brought or maintained by or on behalf of the **Company** or any **Insured Person** in any capacity, provided this exclusion shall not apply to:

1.   a **Claim** that is a derivative action brought or maintained on behalf of the **Company** by one or more persons who are not **Insured Persons** if the **Claim** is brought and maintained without the solicitation or active assistance or participation of the **Company** or any **Insured Person** or if the only such solicitation, assistance or participation by the **Company** and **Insured Persons** is (i) solely pursuant to, or in compliance with, a subpoena or similar legal process, or (ii) protected pursuant to Section 806 of the Sarbanes-Oxley Act of 2002 or any similar whistleblower statute;

2.   a **Claim** for an employment-related **Wrongful Act** brought or maintained by any **Insured Person**;

3.   a **Claim** brought or maintained by any **Insured Person** for contribution or indemnity, if the **Claim** directly results from another **Claim** covered under this policy;

4.   a **Claim** brought by an **Insured Person** who has not served as an **Insured Person** for at least three (3) years prior to the date such **Claim** is first made and who brings and maintains such **Claim** without the solicitation or active assistance or participation of the **Company** or any other **Insured Person** who is serving or has served as an **Insured Person** within such three (3) year period;

5.   a **Claim** brought or maintained by or on behalf of a bankruptcy or insolvency trustee, examiner, receiver, similar official or creditors committee for such **Company**, or any assignee of such trustee, examiner, receiver, or similar official or creditors committee; or

6.   a **Claim** by or on behalf of the **Company** brought and maintained against any **Insured Person** in any non-common law jurisdiction outside the United States;

D.   for a **Wrongful Act** by an **Insured Person** in an **Outside Position** if such **Claim** is brought or maintained by or on behalf of the **Outside Entity** in which the **Insured Person** serves, or by or on behalf of any past, present or future director, officer, manager, governor or trustee of such entity, except:

1.   a **Claim** that is a derivative action brought or maintained on behalf of such **Outside Entity** by one or more persons who are not directors, officers, managers or trustees of the **Outside Entity** if the **Claim** is brought and maintained without the solicitation or active assistance or participation of the **Company**, any **Insured Person**, the **Outside Entity** or any director, officer, manager or trustee of the **Outside Entity** or if the only such solicitation, assistance or participation by the **Company**, any **Insured Person**, the **Outside Entity** or any director, officer, manager or trustee of the **Outside Entity** is (i) solely pursuant to or in compliance with a subpoena or similar legal process, or (ii) protected pursuant to Section 806 of the Sarbanes-Oxley Act of 2002 or any similar whistleblower statute;

2.   a **Claim** for an employment-related **Wrongful Act** brought or maintained by a director, officer, manager, governor or trustee of such **Outside Entity**;

3.   a **Claim** brought by a director, officer, manager or trustee of such **Outside Entity** who has not served as such for at least three (3) years prior to the date such **Claim** is first made and who brings and maintains such **Claim** without the solicitation by, or active assistance or participation of, such **Outside Entity** or any other director, officer, manager, governor or trustee of such **Outside Entity** who is serving or has served as such within such three (3) year period;

4.   a **Claim** brought or maintained by or on behalf of a bankruptcy or insolvency trustee, examiner, receiver, similar official or creditors committee for such **Outside Entity**, or any assignee of such trustee, examiner, receiver, similar official or creditors committee; or

5.   a **Claim** by or on behalf of the **Outside Entity** brought and maintained in any non-common law jurisdiction outside the United States;

E.  for an actual or alleged violation of the responsibilities, obligations or duties imposed by the Employee Retirement Income Security Act of 1974 or amendments thereto or similar provisions of any federal, state or local statutory law or common law upon fiduciaries of any pension, profit sharing, health and welfare or other employee benefit plan or trust established or maintained for the purpose of providing benefits to employees of the **Company**;

F.  for bodily injury, mental anguish, emotional distress, sickness, disease or death of any person or damage to or destruction of any tangible property including loss of use thereof; provided this exclusion shall not apply to any **Securities Claim** or any employment-related **Claim** for emotional distress or mental anguish;

G.  based upon, arising out of or attributable to an **Environmental Event**; provided this exclusion shall not apply to **Environmental Mismanagement Claims**;

H.  for service by the **Insured Person** in any position or capacity in any organization other than the **Company** even if the **Company** directed or requested the **Insured Person** to serve in such other position or capacity, provided this exclusion shall not apply to service by the **Insured Person** in an **Outside Position**;

I.  based upon, arising out of or attributable to any deliberately fraudulent act or omission or any willful violation of any statute or regulation committed by such **Insured**, if a final and non-appealable adjudication adverse to such **Insured** in any proceeding not brought by the Underwriter establishes such a deliberately fraudulent act or omission or willful violation; or

J.  based upon, arising out of or attributable to such **Insured Person** gaining any profit, remuneration or financial advantage to which such **Insured** was not legally entitled, if a final and non-appealable adjudication adverse to such **Insured** in any proceeding not brought by the Underwriter establishes such **Insured** in fact gained any such profit, remuneration or advantage.

For the purpose of determining the applicability of any Exclusion set forth in this Section IV, the **Wrongful Act** or knowledge of any **Insured Person** shall not be imputed to any other **Insured Person**, and under Insuring Clause C, only the **Wrongful Act** or knowledge of an **Executive Officer** of a **Company** shall be imputed to such **Company** and its **Subsidiaries**.

V.  GENERAL CONDITIONS AND LIMITATIONS

A.  PRESUMPTIVE INDEMNIFICATION

If the **Company** is permitted or required by common or statutory law to indemnify the **Insured Persons** for **Loss** but fails or refuses to do so other than for reason of **Financial Impairment**, then, notwithstanding any other conditions, provisions or terms of this policy to the contrary, any payment by the Underwriter of such **Loss** under Insuring Clause A or Insuring Clause D shall be subject to the respective Insuring Clause B Retention set forth in Item 4 of the Declarations.

For purposes of this Subsection V.A, the shareholder and board of director resolutions of the **Company** shall be deemed to provide indemnification for such **Loss** to the fullest extent permitted by law.

B.  REPRESENTATIONS, SEVERABILITY AND NON-RESCINDABLE COVERAGES

1.  Representations

The **Insureds** represent and acknowledge that the statements and information contained in the **Application** are true and complete, are the basis of this policy and are to be considered as incorporated into and constituting a part of this policy. This policy is issued in reliance upon the truth and completeness of such representations.

2.  Severability

The **Application** shall be construed as a separate application for coverage by each of the **Insured Persons**. In the event the **Application** contains any misrepresentation or omission (i) made with the intent to deceive, or (ii) which materially affects either the acceptance of the risk or the hazard assumed by the Underwriter under this policy, then this policy shall be void *ab initio* as to:

a.  any **Company** under Insuring Clause B to the extent such **Company** indemnifies an **Insured Person** who knew the facts that were not truthfully disclosed in the **Application**; and

b.  any **Company** and its **Subsidiaries** under Insuring Clause C if an **Executive Officer** of such **Company** knew the facts that were not truthfully disclosed in the **Application**;

whether or not such **Executive Officer** or **Insured Person** knew the **Application** contained such misrepresentation or omission. No knowledge of one **Insured Person** shall be imputed to any other **Insured Persons** for purposes of this Subsection V.B.

3. Non-Rescindable Coverages

The Underwriter shall not have the right to rescind or void, in whole or in part, the coverage provided under Insuring Clause A or Insuring Clause D for any reason.

C. LIMITS OF LIABILITY, RETENTION AND SINGLE CLAIMS

1. Limits of Liability

a. The Underwriter's maximum aggregate liability for all **Loss** on account of all **Claims** under Insuring Clauses A, B, C and E, combined, shall be the Limit of Liability set forth in Item 2.A of the Declarations.

b. The Underwriter's maximum aggregate liability for all **Investigative Costs** on account of all **Securityholder Derivative Demands** under Insuring Clause E shall be the Sub-limit set forth in Item 2.B of the Declarations, which shall be part of and not in addition to the Limit of Liability set forth in Item 2.A of the Declarations.

c. The Underwriter's maximum liability for all **Loss** incurred by each **Retired Independent Director** on account of all **Claims** under Insuring Clause D shall be the Separate Limit set forth in Item 2.C of the Declarations, which shall be part of and not in addition to the Separate Aggregate Limit of Liability set forth in Item 2.D the Declarations, and shall be in addition to the Limit of Liability set forth in Item 2.A of the Declarations.

d. The Underwriter's maximum aggregate liability for all **Loss** incurred by all **Retired Independent Directors** on account of all **Claims** under Insuring Clause D shall be the Separate Aggregate Limit set forth in Item 2.D of the Declarations, which is in addition to the Limit of Liability set forth in Item 2.A of the Declarations.

e. **Defense Costs** are part of and not in addition to the Limits of Liability set forth in Item 2 of the Declarations, and the payment by the Underwriter of **Defense Costs** reduces such Limits of Liability. If the applicable Limit of Liability is exhausted by payment of **Loss**, the Underwriter's obligations under this policy shall be completely fulfilled and extinguished. Subject to Subsection V.L, the Underwriter is entitled to pay **Loss** as it becomes due and payable by the **Insureds**, without consideration of other future payment obligations.

f. The Limit of Liability for any **Extended Reporting Period** or **Run-Off Coverage Period** shall be part of and not in addition to the applicable Limits of Liability set forth in Items 2.A, 2.C and 2.D of the Declarations.

g. If **Loss** is due and owing by the Underwriter under both Insuring Clause A and Insuring Clause D, then such **Loss** shall be allocated to and paid by the Underwriter under the respective Limits of Liability in whatever portions will maximize the total amount of such **Loss** being paid under this policy.

2. Retention

The Underwriter's liability under Insuring Clause B and Insuring Clause C with respect to **Loss** on account of each **Claim** shall apply only to that part of **Loss** which is excess of the applicable Retention set forth in Item 4 of the Declarations, and such Retention shall be borne by the **Company** uninsured and at its own risk. Except as provided in Subsection V.A, no Retention shall apply to any **Loss** covered under Insuring Clause A or Insuring Clause D or to **Investigative Costs** covered under Insuring Clause E.

If a single **Claim** is covered in part under Insuring Clause A or Insuring Clause D and in part under Insuring Clause B and/or Insuring Clause C, the applicable Retention will be applied separately to each part of such **Claim**, but the maximum total Retention applicable to such **Claim** shall not exceed the largest applicable Retention.

3. Single Claims

All **Claims** arising out of the same **Wrongful Act** and all **Interrelated Wrongful Acts** of **Insureds** shall be deemed one **Claim**, and such **Claim** shall be deemed to be first made on the date the earliest of such **Claims** is first made against any **Insured**, regardless of whether such date is before or during the **Policy Period**.

D.   ALLOCATION

Subject to this Subsection V.D, if in any **Claim** the **Insureds** incur both **Loss** covered by this policy and loss not covered by this policy either because the **Claim** against the **Insureds** includes both covered and uncovered matters or because the **Claim** is made against both **Insureds** who are afforded coverage for such **Claim** and others, including **Insureds**, who are not afforded coverage for such **Claim**, the **Insureds** and the Underwriter shall use their best efforts to allocate such amount between covered **Loss** and uncovered loss based upon the relative legal and financial exposures of the parties to covered and uncovered matters.

If the Underwriter and the **Insureds** cannot agree on an allocation of **Defense Costs**, the Underwriter shall advance on a current basis amounts that the Underwriter believes to be covered **Defense Costs** until a different allocation is negotiated, arbitrated or judicially determined. Any such negotiated, arbitrated or judicially determined allocation shall be applied retroactively to all **Defense Costs** on account of such **Claim**, notwithstanding any prior advancement to the contrary. Any allocation or advancement of **Defense Costs** on account of a **Claim** shall not apply to the allocation of other **Loss** on account of such **Claim**.

In any arbitration, suit or other proceeding among the Underwriter and the **Insureds** or the **Company**, no presumption shall exist concerning what is a fair and proper allocation between covered **Loss** and uncovered loss.

E.   CHANGES IN EXPOSURE

1.   New Organizations

a.   If before or during the **Policy Period** the **Company** acquires or creates a new **Subsidiary** or acquires an entity by merger or consolidation, coverage under this policy automatically shall apply to the new organization and its **Insured Persons** but only for **Wrongful Acts** taking place after such acquisition or creation, unless subparagraph c below applies.

b.   However, if the total assets of such newly acquired organization exceeds twenty percent (20%) of the total assets of the **Policyholder** as reflected in their respective most recent audited consolidated financial statements, the coverage provided in subparagraph a above shall apply only if the Underwriter agrees to afford such coverage pursuant to subparagraph c below.

c.   Notwithstanding subparagraphs a and b above, the Underwriter may agree to extend coverage under this policy to the new organization described in subparagraph a and its **Insured Persons** (i) for **Wrongful Acts** taking place prior to its acquisition or creation, or (ii) with respect to an acquisition described in subparagraph b above, if, within ninety (90) days after the acquisition, the **Policyholder** provides any additional information, pays any additional premium and agrees to any additional terms and conditions reasonably required by the Underwriter for such extension of coverage. In such event, the Underwriter shall issue an endorsement to this policy confirming such coverage extension.

2.   Acquisition of **Policyholder**

If during the **Policy Period** the **Policyholder** merges into or consolidates with another organization such that the **Policyholder** is not the surviving entity, or another organization or person or group of organizations and/or persons acting in concert acquires securities or voting rights which result in ownership or voting control by the other organization(s) or person(s) of more than fifty percent (50%) of the outstanding securities representing the present right to vote for the election of directors of the **Policyholder**, then coverage under this policy shall continue until the later of the expiration of the **Run-Off Coverage Period**, if exercised, or termination of this policy, but only with respect to **Claims** for **Wrongful Acts** taking place prior to such merger, consolidation or acquisition.

The right to exercise the **Run-Off Coverage Period** shall lapse unless the **Policyholder** gives written notice of such exercise to the Underwriter prior to expiration of the **Policy Period**, including the requested length of the **Run-Off Coverage Period** which shall not exceed six (6) years after such merger, consolidation or acquisition. The Underwriter shall then notify the **Policyholder** of the additional premium for the requested **Run-Off Coverage Period**, and the **Policyholder** shall promptly pay such additional premium as a condition precedent to commencement of the **Run-Off Coverage Period**.

The entire additional premium for the **Run-Off Coverage Period** shall be deemed fully earned at the inception of the **Run-Off Coverage Period**.

The **Insureds** shall not be entitled to elect the **Run-Off Coverage Period** if the **Extended Reporting Period** is elected pursuant to Subsection II.B.

3.   Cessation of **Subsidiaries**

If before or during the **Policy Period** an organization ceases to be a **Subsidiary**, coverage with respect to such **Subsidiary** and its **Insured Persons** shall continue until termination of this policy but only with respect to **Claims** for **Wrongful Acts** taking place prior to the date such organization ceased to be a **Subsidiary**.

F.   DEFENSE AND SETTLEMENT

Subject to this Subsection V.F, it shall be the duty of the **Insureds** and not the duty of the Underwriter to defend **Claims** against the **Insureds**.

The **Insureds** agree not to offer to settle or to settle any **Claim**, incur any **Defense Costs** or otherwise assume any contractual obligation, admit any liability or stipulate to any judgment with respect to any **Claim** without the Underwriter's written consent, which shall not unreasonably be withheld. The Underwriter shall not be liable for or as a result of any offer to settle, settlement, **Defense Costs**, assumed obligation, admission or stipulated judgment to which it has not given its prior consent.

The Underwriter shall have the right and shall be given the opportunity to make any investigation it deems necessary and to effectively associate with the **Insureds** in the investigation, defense and settlement, including but not limited to the negotiation of a settlement, of any **Claim** that is or reasonably could be covered in whole or in part by this policy.

The **Insureds** agree to provide the Underwriter with all information, assistance and cooperation which the Underwriter reasonably requests and agree that in the event of a **Claim** the **Insureds** will do nothing that shall prejudice the Underwriter's position or its potential or actual rights of recovery.

The Underwriter shall advance **Defense Costs** on a current basis. Any advancement of **Defense Costs** shall be repaid to the Underwriter by the **Insureds** severally according to their respective interests if and to the extent the **Insureds** shall not be entitled under the terms and conditions of this policy to coverage for such **Defense Costs**.

G.   TERRITORY AND VALUATION

Coverage under this policy shall extend to **Wrongful Acts** taking place, **Loss** incurred or **Claims** made anywhere in the world, to the extent legally permitted.

All premiums, limits, retentions, **Loss** and other amounts under this policy are expressed and payable in the currency of the United States of America. If judgment is rendered, settlement is denominated or another element of **Loss** under this policy is stated in a currency other than United States dollars, payment under this policy shall be made in United States dollars at the rate of exchange on the date the final judgment is reached, the amount of the settlement is agreed upon or the other element of **Loss** is due, respectively.

H.   REPORTING AND NOTICE

1.   Notice of **Claims**

As a condition precedent to their rights under this policy, the **Insureds** shall give to the Underwriter written notice of any **Claim** made against the **Insureds** as soon as practicable after an employee of the **Company's** office of general counsel, risk management or functionally equivalent departments first learns of such **Claim**, but in no event later than (i) ninety (90) days after expiration of the **Policy Period**, or (ii) the expiration of the **Extended Reporting Period** or **Run-Off Coverage Period**, if exercised.

2.   Notice of Potential **Claims**

If during the **Policy Period** or the **Extended Reporting Period** or **Run-Off Coverage Period**, if exercised, the **Insureds** become aware of circumstances that could give rise to a **Claim** against the **Insureds** and give written notice of such circumstances to the Underwriter during the **Policy Period** or the **Extended Reporting Period** or **Run-Off Coverage Period**, if exercised, then any **Claims** subsequently arising from such circumstances shall be considered to have been made during the **Policy Period**. No coverage is afforded under this policy for fees, expenses or other loss incurred in connection with such potential **Claim** prior to the time such notice results in a **Claim**.

3.  As a condition precedent to exercising their rights under this policy, the **Insureds** shall: (i) include within any notice of **Claim** or circumstance a description of the **Claim** or circumstances, the nature of the alleged **Wrongful Act**, the nature of the alleged or potential damage, the names of actual or potential claimants, and the manner in which the **Insureds** first became aware of the **Claim** or circumstances, and (ii) give to the Underwriter such information and cooperation as it may reasonably require.

4.  Except as otherwise provided in this policy, all notices under any provision of this policy shall be in writing and given by prepaid express courier, certified mail, email or fax properly addressed to the appropriate party. Notice to the **Insureds** may be given to the **Policyholder** at the address as shown in Item 1 of the Declarations. Notice to the Underwriter shall be given to the respective address shown in Item 7 of the Declarations. Notice given as described above shall be deemed to be received and effective upon actual receipt thereof by the addressee or one day following the date such notice is sent, whichever is earlier, subject to proof of transmittal.

I.  OTHER INSURANCE

If any **Loss** is insured under any other valid and collectible policy(ies) issued to any **Insured**, then this policy shall cover such **Loss**, subject to its limitations, conditions, provisions and other terms, only to the extent that the amount of such **Loss** is in excess of the amount of such other insurance whether such other insurance is stated to be primary, contributory, excess, contingent or otherwise, unless such other insurance is written only as specific excess insurance over the Limits of Liability provided in this policy.

J.  SUBROGATION

In the event of any payment under this policy, the Underwriter shall be subrogated to the extent of such payment to all the **Insureds'** rights of recovery, including without limitation any right of recovery from the **Company** for **Loss** covered under Insuring Clause A or Insuring Clause D. The **Insureds** shall execute all papers required and shall do everything necessary to secure and preserve such rights, including the execution of such documents necessary to enable the Underwriter effectively to bring suit in the name of the **Insureds**. In any subrogation claim against the **Company** to enforce the **Insured Persons'** right of indemnification, the shareholder and board of director resolutions of the **Company** shall be deemed to provide indemnification to the fullest extent permitted by law, and the Underwriter's recovery from the **Company** for **Loss** covered under Insuring Clause B shall not exceed the applicable Retention set forth in Item 4 of the Declarations. In no event shall the Underwriter exercise its right of subrogation against an **Insured Person** unless and to the extent Exclusion I or J in Section IV applies to such **Insured Person**.

K.  ALTERATION, ASSIGNMENT AND HEADINGS

No change in, modification of, or assignment of interest under this policy shall be effective except when made by a written endorsement to this policy which is signed by an authorized representative of the Underwriter.

The titles and headings to the various sections, subsections and endorsements of this policy, as well as the schedule of endorsements attached to this policy, are included solely for ease of reference and do not in any way limit, expand or otherwise affect the provisions or existence of such sections, subsections or endorsements.

L.  PAYMENT PRIORITY

If the **Loss** due and owing by the Underwriter exceeds the then-remaining Limit of Liability applicable to such **Loss,** the Underwriter shall pay such **Loss**, subject to the applicable Limits of Liability, in the following priority:

1.  First, the Underwriter shall pay **Loss** covered under Insuring Clause A;

2.  Second, the Underwriter shall pay **Loss** covered under Insuring Clause B, Insuring Clause C and Insuring Clause E;

3.  Third, the Underwriter shall pay **Loss** covered under Insuring Clause D.

Subject to the foregoing paragraph, the Underwriter shall, upon receipt of a written request from the **Policyholder**, delay any payment of **Loss** due and owing under Insuring Clause B, Insuring Clause C and/or Insuring Clause E until such time as the **Policyholder** designates, provided the Underwriter's liability with respect to any such delayed **Loss** payment shall not be increased, and shall not include any interest, on account of such delay.

M.  POLICY TERMINATION AND NONRENEWAL

This policy shall terminate at the earliest of the effective date of nonrenewal of the **Policy Period** shown in Item 3 of the Declarations or the effective date of cancellation, as described below.

1. Cancellation

    a.  The **Policyholder** may cancel this policy by surrender of this policy to the Underwriter or by giving prior written notice to the Underwriter stating when such cancellation shall take effect.

    b.  The Underwriter may cancel this policy only for nonpayment of premium. In such event, the Underwriter shall mail written notice of cancellation for nonpayment of premium to the **Policyholder**. Such notice shall state the effective date of cancellation, which shall not be less than fifteen (15) days after mailing such notice.

    c.  In the event of cancellation, the Underwriter shall refund the unearned premium computed pro rata.

2. Nonrenewal

    If the Underwriter elects not to renew this policy, the Underwriter shall mail to the **Policyholder** written notice thereof at least sixty (60) days prior to the expiration of the **Policy Period**.

3. Notice

    The Underwriter shall send all notices required under this Subsection V.M by certified mail to the **Policyholder** at the address in Item 1 of the Declarations, and by mail or electronic mail to the **Policyholder's** authorized agent, if any. Proof of mailing will be sufficient proof of notice.

N.  AUTHORIZATION CLAUSE

By acceptance of this policy, the **Policyholder** agrees to act on behalf of the **Insureds** with respect to giving and receiving notices of **Claim** or termination, paying premiums and receiving any return premiums that may become due under this policy, agreeing to endorsements, and giving or receiving notices provided for in this policy (except notices to apply for the **Extended Reporting Period or Run-Off Coverage Period**), and the **Insureds** agree that the **Policyholder** shall act on their behalf.

O.  BANKRUPTCY

Bankruptcy or insolvency of any **Insured** or of the estate of any **Insured** shall not relieve the Underwriter of its obligations nor deprive the Underwriter of its rights or defenses under this policy.

In the event a liquidation or reorganization proceeding is commenced by or against a **Company** pursuant to the United States Bankruptcy Code, as amended, or any similar foreign, state or local law, the **Company** and the **Insured Persons** hereby (i) waive and release any automatic stay or injunction which may apply in such proceeding to this policy or its proceeds under such bankruptcy law, and (ii) agree not to oppose or object to any efforts by the Underwriter, the **Company** or any **Insured Person** to obtain relief from any such stay or injunction.

P.  ALTERNATIVE DISPUTE RESOLUTION

The **Insureds** and the Underwriter shall submit any dispute or controversy arising out of or relating to this policy to either non-binding mediation or binding arbitration as described in this Subsection V.P ("ADR"). Either the **Insureds** or the Underwriter may initiate the ADR process by sending written notice to the other party designating which type of ADR process is being elected. If within ten (10) days after such notice is given the parties disagree on the type of ADR process, the **Insureds'** preference shall control.

Unless otherwise agreed by the parties, any such non-binding mediation or binding arbitration shall be administered by the American Arbitration Association in accordance with its then-prevailing Commercial Mediation Rules or Commercial Arbitration Rules, respectively. In any such arbitration, the **Insured** parties collectively and the Underwriter shall each select a disinterested arbitrator, and those two arbitrators shall select a third disinterested arbitrator. A decision by a majority of those three arbitrators shall be final and binding upon the **Insured** parties and the Underwriter, but the arbitrators' award shall not include attorney's fees or other costs incurred in connection with the arbitration.

If the ADR process is non-binding mediation, and if the dispute is not resolved in the mediation, then either party to the mediation may thereafter commence a judicial proceeding against the other party with respect to such dispute, provided that neither party may commence such a judicial proceeding prior to ninety (90) days following termination of the mediation.

The parties to the ADR process shall share equally the fees and expenses of the mediator or the third-appointed arbitrator as well as other common expenses of the ADR process, although each party shall pay the fees and expenses of such party's appointed arbitrator.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**



# Personal Conduct Exclusions Amended Endorsement

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 8702221-00 | 09/15/2021 | 09/15/2022 | 09/15/2021 | | |

**Policyholder:**   BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**.

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy – Zurich D&O Select**

It is agreed that:

Section IV EXCLUSIONS is amended as follows:

A.   Subsection IV.I is replaced with the following:

based upon, arising out of or attributable to any deliberately fraudulent act or omission or any willful violation of any statute or regulation committed by such **Insured**, if a final and non-appealable adjudication adverse to such **Insured** in the underlying proceeding for which coverage is sought establishes such a deliberately fraudulent act or omission or willful violation; or

B.   Subsection IV.J is replaced with the following:

based upon, arising out of or attributable to such **Insured Person** gaining any personal profit, remuneration or financial advantage to which such **Insured** was not legally entitled, if a final and non-appealable adjudication adverse to such **Insured** in the underlying proceeding for which coverage is sought establishes such **Insured** in fact gained any such personal profit, remuneration or advantage;

provided that with respect to acts or omissions which are treated as criminal violations in a foreign jurisdiction that are not treated as criminal violations in the United States of America, the imposition of a criminal fine or other criminal sanction in such foreign jurisdiction will not, by itself, be conclusive proof that a criminal act occurred in the United States.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**

**Endorsement #2**



# Inquiry Costs Coverage
**(Derivative Demand Coverage)**

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 8702221-00 | 09/15/2021 | 09/15/2022 | 09/15/2021 | | |

**Policyholder:** BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**.

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy – Zurich D&O Select**

It is agreed that:

Solely for the purpose of this endorsement:

I.   Section I INSURING CLAUSES is amended as follows:

A.   The following is added to Subsection I.A:

The Underwriter shall pay on behalf of the **Insured Persons Inquiry Costs** for which the Insured Persons are not indemnified by the **Company** resulting from an **Inquiry** received by such **Insured Person** during the **Policy Period** or the **Extended Reporting Period** or **Run-Off Coverage Period**, if exercised, subject to the limit of liability set forth in Item 2.A of the Declarations.

B.   The following is added to Subsection I.B:

The Underwriter shall pay on behalf of the **Company Inquiry Costs** which the **Company** grants indemnification to the **Insured Persons**, as permitted or required by law, resulting from an **Inquiry** received by such **Insured Persons** during the **Policy Period** or the **Extended Reporting Period** or **Run-Off Coverage Period**, if exercised, subject to the limit of liability set forth in Item 2.A of the Declarations.

II.  Section III DEFINITIONS is amended as follows:

A.   The following is added to Subsection III.Q:

**Loss** shall include **Inquiry Costs**.

B.   The following Definitions are added:

**Enforcement Body** means any federal, state, local or foreign law enforcement or governmental investigative authority (including but not limited to, the U.S. Department of Justice, the Securities and Exchange Commission and any attorney general) or enforcement unit of any securities or commodities exchange or other self-regulatory body.

**Inquiry** means:

1.   a request by an **Enforcement Body** that an **Insured Person** appear before or produce documents regarding his or her insured capacity or the business of the **Company**; or

2.   a request by the **Company** that an **Insured Person** appear for an interview or meeting regarding his or her insured capacity or the business of the **Company:**

(i)   arising out of an investigation by an **Enforcement Body** concerning the business of the **Company** or that **Insured Person's** insured capacity; or

(ii) arising out of a **Company's** (or its Board of Directors or any committee of its Board of Directors) investigation or evaluation of a **Securityholder Derivative Demand**;

provided that **Inquiry** shall not include any routine or regularly scheduled regulatory or **Company** supervision, inspection, compliance, review, examination, production or audit, including any request for mandatory information from a regulated entity, conducted in the **Company's** and/or **Enforcement Body's** normal review or compliance process.

**Inquiry Costs** means reasonable costs, charges, and fees (including but not limited to attorney's fees) and expenses (other than compensation of the directors, officers or employees of the **Company**) consented to by the Underwriter and incurred by an **Insured Person** solely in connection with his or her preparation for and response to an **Inquiry**; provided that **Inquiry Costs** shall not include any costs of complying with any discovery or other requests seeking the production of documents (including electronic information) in the possession or control of a **Company** or any other third party.

III. The first sentence of Section IV EXCLUSIONS is replaced with the following:

The Underwriter shall not be liable for that portion of **Loss** in connection with any **Inquiry** or **Claim** made against any **Insured**:

IV. Subsection V.C is amended as follows:

A. The following is added to the end of Subsection V.C.2:

The Underwriter's liability under Insuring Clause B with respect to **Loss** on account of each **Inquiry** shall apply only to that part of **Loss** which is excess of the applicable Retention set forth in Item 4 of the Declarations.

B. The following is added after Subsection V.C.3.

Interrelated Inquiries

Solely for the purpose of establishing whether any **Claim** was first made or **Inquiry** was first received during the **Policy Period**, **Extended Reporting Period** or **Run-Off Coverage Period**, if exercised, if an **Inquiry** is first received by an **Insured** during the **Policy Period**, or the **Extended Reporting Period** or **Run-Off Coverage Period**, if exercised, and reported in accordance with Subsection V.H.1, then such **Inquiry** and any subsequent **Inquiry** or **Claim** having a common nexus of any fact, circumstance, situation, event, transaction, cause or series of causally connected facts, circumstances, situations, events, transactions or causes included in the original request shall be deemed:

a. a single **Inquiry** first received at the time such original **Inquiry** was received; or

b. a single **Claim** first made at the time such **Inquiry** was first received.

This policy shall not cover **Inquiry Costs** incurred before such **Inquiry** is reported to the Underwriter in accordance with Subsection V.H.1 as amended below.

V. The following is added to the end of Subsection V.H.1:

Notice of Inquiries

If an **Insured** elects to seek coverage for **Inquiry Costs** in connection with any **Inquiry**, the **Company** or the **Insured Person** shall give to the Underwriter written notice of any **Inquiry** no later than the expiration of the **Policy Period** or the **Extended Reporting Period** or **Run-Off Coverage Period**, if exercised.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**



# Derivative Exposure Amended
**(Add Plaintiff Fees)**

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 8702221-00 | 09/15/2021 | 09/15/2022 | 09/15/2021 | | |

**Policyholder:**   BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the:

**Directors & Officers Liability Insurance Policy – Zurich D&O Select**

It is agreed that solely for purposes of coverage provided by this endorsement:

I.   Section III. DEFINITONS is amended as follows:

  A.   The following is added to the definition of **Loss** in Subsection III. Q:

  **Loss** shall include **Plaintiff's Fees** for which a **Company** seeks coverage under Insuring Clause C.

  B.   The following shall be added to the definition of **Securities Claim** in Subsection III.Z of the policy:

  **Securities Claim** shall include coverage for **Plaintiff Fees** incurred by the **Company** in connection with a **Derivative Suit**, regardless as to whether a **Wrongful Act** is alleged against the **Company**.

  C.  The following definitions are added to Section III. DEFINTIONS of the policy:

  **Corporate Therapeutics Settlement** means a settlement of a **Derivative Suit** wherein no monetary consideration would be received by the securityholder(s) or the **Company**.

  **Derivative Suit** means any lawsuit by a securityholder of a **Company**, brought derivatively on behalf of such **Company**, against an **Insured Person** for a **Wrongful Act** or against the **Company** as a nominal defendant.

  **Plaintiff Fees** means the plaintiff attorney's fees and/or costs incurred by the **Company** that are awarded by the court in a final, non-appealable judgment or are included in the terms of any court-approved settlement, in connection with a **Corporate Therapeutics Settlement**.

II.  The **Company** shall not offer to settle, settle, or otherwise agree not to oppose any proposed **Plaintiff Fees** without prior, written consent of the Underwriters, such consent not to be unreasonably withheld.

III.  The coverage provided by this endorsement shall not serve to limit or exclude coverage for **Loss** of plaintiff's fees incurred by the **Insured Persons** under Insuring Clauses A or B.

IV.  Coverage for **Plaintiff's Fees** incurred by the **Company** shall be subject to the retention amount specified in Item 4.A of the Declarations.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED**



# Aiding and Abetting Defense Costs Coverage Added

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 8702221-00 | 09/15/2021 | 09/15/2022 | 09/15/2021 | | |

**Policyholder:**   BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy – Zurich D&O Select**

In consideration of the additional premium of $0, it is hereby understood and agreed that:

I.   Section III.DEFINITIONS is amended as follows:

    A.   The following is added to the definition of **Securities Claim** in Subsection III.Z of the Policy:

        **Securities Claim** also means any **Aiding and Abetting Claim**, provided that coverage for such **Claim** shall be limited to **Defense Costs** only and shall not include coverage for any other type of **Loss**.

    B.   The following definitions are added to Section III:

        **Aiding and Abetting Claim** means a **Claim** brought by any security holder of an **Acquisition Target**, in their capacity as such, alleging that the **Insureds** aided and abetted any:

        (i)   breach of fiduciary duty owed to the **Acquisition Target's** shareholders; or

        (ii)   violation of securities law by the **Acquisition Target** regarding the **Company's** acquisition or proposed acquisition of the **Acquisition Target**:

        **Acquisition Target** means any entity that the **Company** has acquired, or proposed to acquire, in a transaction that results in, or would result in, such entity becoming a **Subsidiary**.

II.   Item 4. of the Declarations is replaced with the following:

    Item 4.   Retention:

        A.   Each **Securities Claim** (other than an **Aiding and Aiding and Abetting Claim**)
            under Insuring Clauses B and C:                                      $5,000,000

        B.   Each **Aiding and Abetting Claim**
            under Insuring Clauses B & C                                        $5,000,000

        C.   Each **Claim**, other than a **Securities Claim** or **Aiding and Abetting Claim**),
            under Insuring Clause B:                                        $5,000,000

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**



# Protected Executive Coverage Added

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 8702221-00 | 09/15/2021 | 09/15/2022 | 09/15/2021 | | |

**Policyholder:**   BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy – Zurich D&O Select**

It is agreed that:

Solely for the purpose of this endorsement:

I.    The Declarations is amended as follows:

   A.   The following are added to Item 2 of the Declarations:

   Separate Limit of Liability for each **Disclosure Event** for each **Protected Executive**:   $50,000

   Aggregate Limit of Liability for all **Disclosure Events** for all **Protected Executives**:  $250,000

   Separate Limit of Liability for **Personal Asset Protection Costs** for each **Protected Executive**:  $50,000

   Aggregate Limit of Liability for all **Personal Asset Protection Costs** for all **Protected Executives**:   $250,000

   B.   Item 7.A is amended to include notice to the Underwriter of **Disclosure Events** and **Personal Asset Protection Costs**.

II.   The following are added to Section II EXTENSIONS:

   DISCLOSURE MANAGEMENT COSTS COVERAGE

   Subject to this policy's other terms, conditions and exclusions, the Underwriter shall pay on behalf of the **Company** and/or the **Protected Executive** all **Disclosure Management Costs** incurred by the **Protected Executive** on account of a **Disclosure Event** that first occurs during the **Policy Period**.

   PERSONAL ASSET PROTECTION COSTS

   Subject to this policy's other terms, conditions and exclusions, the Underwriter shall pay on behalf of the **Company** and/or the **Protected Executive** all **Personal Asset Protection Costs** incurred by the **Protected Executive** on account of actions brought against a **Protected Executive's** personal assets arising solely from his/her capacity as an **Executive Officer** of the **Company** that first occurs during the **Policy Period**.

III.  Section III DEFINITIONS is amended as follows:

   A.   The following is added to Subsection III.Q **Loss**:

   **Loss** shall also include **Disclosure Management Costs** and **Personal Asset Protection Costs** subject to the applicable Limit of Liability set forth in Item 2 of the Declarations.

   B.   The following Definitions are added:

   **Disclosure Advisor** means any firm retained by the **Company** or the **Protected Executive** to minimize the potential adverse effects associated with a **Disclosure Event**, with the prior written consent of the Underwriter, which shall not be unreasonably withheld.

**Disclosure Event** means a statement about a **Protected Executive** made during the **Policy Period** in any publication by any individual authorized to speak on behalf of any governmental investigative authority or enforcement unit of any securities or commodities exchange or other similar self-regulatory organization.

**Disclosure Management Costs** means reasonable fees, costs and expenses incurred by a **Protected Executive** with the consent of the Underwriter, which consent shall not be unreasonably withheld or delayed, to retain a **Disclosure Advisor** within thirty (30) days of a **Disclosure Event** to advise the **Protected Executive** with respect to minimizing potential loss, liability or reputational injury on account of a **Disclosure Event**; provided that **Disclosure Management Costs** shall not include any wages, salaries, fees, expenses or benefits or any other form of compensation of the **Protected Executive**. **Disclosure Management Costs** do not include **Defense Costs**.

**Personal Asset Protection Costs** means reasonable fees, costs and expenses consented to by the Underwriter, which consent shall not be unreasonably withheld or delayed, and incurred by a **Protected Executive** to oppose a governmental order to seize or enjoin the sale or transfer of such **Protected Executive's** personal assets or real property and to obtain the discharge or revocation of any such order imposed upon such **Protected Executive** during the **Policy Period** solely in his or her capacity as such.

**Protected Executive** means with respect to any **Company** its president, chief executive officer, chief financial officer and in-house general counsel.

IV. Section V GENERAL CONDITIONS AND LIMITATIONS is amended as follows:

    A.  The following is added at the end of Subsection V.C.1:

The Underwriter's maximum aggregate liability for all **Disclosure Events** shall be the Separate Limit of Liability for all **Disclosure Management Costs** set forth in Item 2 of the Declarations, shall be part of and not in addition to the Limit of Liability set forth in Item 2.A of the Declarations.

The Underwriter's maximum aggregate liability for all **Personal Asset Protection Costs** shall be the Separate Limit of Liability for all **Personal Asset Protection Costs** set forth in Item 2 of the Declarations, which is in addition to the Limit of Liability set forth in Item 2.A of the Declarations.

    B.  The following is added at the end of Subsection V.C.2:

No Retention shall apply to **Disclosure Events** or **Personal Asset Protection Costs**.

    C.  The following is added at the end of Subsection V.H:

Notice of **Disclosure Events**

As a condition precedent to exercising their rights under this policy, the **Company** shall give to the Underwriter written notice of any **Disclosure Event** or the incurring of **Personal Asset Protection Costs** as soon as practicable, but not later than ten (10) days after such **Disclosure Event** occurs. Such notice shall include a description of the **Disclosure Event**. Notice to the Underwriter shall be given to the address shown in Item 7.A of the Declarations.

The Underwriter and its employees and representatives shall maintain as confidential and shall not disclose such information or otherwise use such information except as required in the ordinary course of business of the Underwriter.

Any notice to the Underwriter of a **Disclosure Event** or the incurring of **Personal Asset Protection Costs** shall not constitute notice to the Underwriter of a **Claim** or a circumstance which could give rise to a **Claim** as provided in this Subsection V.H.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**



# Section V.E.1 Changes in Exposure Amended

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 8702221-00 | 09/15/2021 | 09/15/2022 | 09/15/2021 | | |

**Policyholder:**   BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy – Zurich D&O Select**

It is agreed that:

Subsection V.E.1 is replaced with the following:

E.   CHANGES IN EXPOSURE

   1.   New Organizations

   a.   Subject to subparagraph b below, if during the **Policy Period**, the **Company** acquires or creates a new **Subsidiary** or acquires an organization by merger or consolidation, coverage under this policy automatically shall apply to the new organization and its **Insured Persons**, but only with respect to **Claims** for **Wrongful Acts**, **Disclosure Events** or **Inquiries** taking place after such acquisition or creation, unless subparagraph c below applies.

   b.   If the total assets of such newly-acquired organization referenced in subparagraph a above exceeds 25.00 % of the total assets of the **Policyholder** as reflected in their most recent audited consolidated financial statements, the coverage provided in subparagraph a  above shall apply solely for a period of ninety (90) days after such acquisition or merger. Coverage may be extended after such ninety (90) day period only if the Underwriter agrees to afford such coverage and any additional premium is paid pursuant to subparagraph c below.

   c.   The Underwriter may agree to extend coverage under this policy to the **Insured Persons** of the newly-acquired or created organization described in subparagraph a above: (i) for **Claims** for **Wrongful Acts**, **Disclosure Events** or **Inquiries** taking place prior to such acquisition or creation; or (ii) with respect to an acquisition described in subparagraph b above, if, within ninety (90) days after the acquisition, the **Policyholder** provides any additional information, pays any additional premium and agrees to any additional terms and conditions reasonably required by the Underwriter for such extension of coverage.  In such event, the Underwriter shall issue an endorsement to this policy confirming such coverage extension.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**



# Event Study Expenses Coverage Added

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 8702221-00 | 09/15/2021 | 09/15/2022 | 09/15/2021 | | |

**Policyholder:**   BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy – Zurich D&O Select**

It is agreed that:

I.   The following is added to Section II. EXTENSIONS, of the policy:

For any **Securities Claim**, no remaining retention, as referenced in Item 4.A of the Declarations, shall apply to **Loss** incurred as **Event Study Expenses**.

II.   Section III. DEFINITIONS of the policy, is amended as follows:

A.   The definition of **Loss** in Section III.Q shall include **Event Study Expenses**.

B.   The following definition shall be added to Section III:

**Event Study Expenses** means the reasonable fees, costs, and expenses of an expert witness consented to by the Underwriter, which consent shall not be unreasonably withheld, incurred by an **Insured** to conduct an event study regarding class certification in a **Securities Claim**.

All other terms, conditions, provisions and exclusions of this policy remain the same.

**Endorsement #** 08



# Books and Records Coverage Added

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 8702221-00 | 09/15/2021 | 09/15/2022 | 09/15/2021 | | |

**Policyholder:**   BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**.

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy – Zurich D&O Select**

It is agreed that:

I.   Item 2.B. of the Declarations is replaced with the following:

Item 2.  Limits of Liability:

B.   Aggregate Sub-Limit of Liability for all **Securityholder Derivative Demands** and         $250,000
      **Books and Records Requests** under Insuring Clause E:

II.  Subsection I.E is amended to add the following:

The Underwriter shall pay on behalf of the **Company** any **Books and Records Costs** resulting from a **Books and Records Request** first received by the **Company** during the **Policy Period**, **Extended Reporting Period** or **Run-Off Coverage Period**, if exercised, subject to the Sub-limit set forth in Item 2.B of the Declarations.

III. Section III. DEFINITIONS is amended to add the following:

**Books and Records Costs** means any reasonable costs, charges and fees consented to by the Underwriter, which consent shall not be unreasonably withheld, and incurred by the **Company** in responding to **Books and Records Requests**.  Such fees shall not include regular or overtime wages, salaries or fees of the directors, officers or employees of the **Company**.

**Books and Records Request** means any written request by or on behalf of a shareholder or a director of the **Company** to inspect the books and records of such **Company** pursuant to Section 220 of the Delaware General Corporation Law or any other similar statute in any other jurisdiction and any related application to a court for an order to compel such inspection.

IV. Solely with respect to the coverage afforded by this endorsement, the last sentence of the first paragraph of Subsection III.Q is replaced with the following:

Solely with respect to Insuring Clause E, **Loss** means **Investigative Costs** and **Books and Records Costs**.

V.  Subsection V. is amended as follows:

A.  Subsection V.C.1.b is replaced with the following:

The Underwriter's maximum aggregate liability for all **Investigative Costs** and **Books and Records Costs** covered under Insuring Clause E shall be the Sub-limit set forth in Item 2.B of the Declarations, which shall be part of and not in addition to the Limit of Liability set forth in Item 2.A of the Declarations.

B.  The last sentence of the first paragraph of Subsection V.C.2 is replaced with the following:

No Retention shall apply to any **Loss** covered under Insuring Clause A or Insuring Clause D or to **Investigative Costs** and **Books and Records Costs** covered under Insuring Clause E.

C.   The following is added to Subsection V.C.3:

Interrelated Books and Records Requests

If a **Books and Records Request** is first received by the **Insured** during the **Policy Period**, **Extended Reporting Period** or **Run-Off Coverage Period**, if exercised, then such **Books and Records Request** and any subsequent **Books and Records Request** having as a common nexus any fact, circumstance, situation, event, transaction, cause or series of causally connected facts, circumstances, situations, events, transactions or causes shall be deemed a single **Books and Records Request** first received at the time the first of such **Books and Records Requests** was received.

All other terms, conditions, provisions and exclusions of this policy remain the same.

**Endorsement #** 09



# Employed Lawyers Coverage Added

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 8702221-00 | 09/15/2021 | 09/15/2022 | 09/15/2021 | | |

**Policyholder:**   BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**.

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy – Zurich D&O Select**

It is agreed that:

I.   The Declarations are amended as follows:

A.   Item 2 of the Declarations is amended to add the following:

Aggregate Sub-Limit of Liability for all **Claims** for **Employed Lawyer Wrongful Acts** under Insuring Clauses A and B:   $1,000,000

B.   Item 4 of the Declarations is amended to add the following:

Each **Claim** for an **Employed Lawyer Wrongful Act**:   $1,000,000

II.   Section III. DEFINITIONS is amended as follows:

A.   Subsection III.M. is amended to add the following:

**Insured Person** also means an **Employed Lawyer**, but solely with respect to a **Claim** arising out of an **Employed Lawyer Wrongful Act**.

B.   Section III. DEFINITIONS is amended to add the following:

**Employed Lawyer** means any one or more natural persons who were, now are or shall become an employee of the **Company** and who is an attorney at law licensed to practice law acting as an attorney for the benefit of or on behalf of the **Company**.

**Employed Lawyer Wrongful Act** means any error, misstatement, misleading statement, act, omission, neglect, or breach of duty actually committed or attempted by an **Employed Lawyer** in the rendering or failure to render professional legal services for the benefit of or on behalf of the **Company**.

C.   Solely with respect to the coverage afforded by this endorsement, Subsection III.CC. is amended to add the following:

**Wrongful Act** also means an **Employed Lawyer Wrongful Act**.

III.   Section IV. EXCLUSIONS is amended to add the following:

The Underwriter shall not be liable for that portion of **Loss** on account of any **Claim** made against any **Employed Lawyer** based upon, arising out of or attributable to:

1.   any **Employed Lawyer Wrongful Act** taking place when the **Employed Lawyer** was not employed by the **Company** as a licensed attorney; or

2. any services provided by the **Employed Lawyer** for the benefit or on behalf of: (a) any entity other than a **Company**; or (b) any natural person, except legal services for the benefit or on behalf of an **Insured Person** in their capacity as such.

IV.  Section V. GENERAL CONDITIONS AND LIMITATIONS is amended as follows:

A.  Subsection V.C.1 is amended to add the following:

The Underwriter's maximum aggregate liability for all **Loss** on account of all **Claims** for **Employed Lawyer Wrongful Acts** shall be the Aggregate Sub-Limit of Liability set forth in Item 2 of the Declarations, which shall be part of and not in addition to the Aggregate Limit of Liability set forth in Item 2.A. of the Declarations.   The payment by the Underwriter of **Defense Costs** reduces such Sub-Limit of Liability.

B.  Subsection V.C.2 is amended to add the following:

The Underwriter's liability with respect to **Loss** on account of each **Claim** for an **Employed Lawyer Wrongful Act** shall apply only to that part of **Loss** for an **Employed Lawyer Wrongful Act**, which is excess of the applicable Retention set forth in Item 4 of the Declarations.

V.  Notwithstanding anything to the contrary, this endorsement does not limit coverage that is otherwise available to an **Insured Person** for **Claims** arising out of his or her role or activities when not acting as an **Employed Lawyer**.

All other terms, conditions, provisions and exclusions of this policy remain the same.

Endorsement #  10

# United Kingdom Corporate Manslaughter Coverage Added



| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 8702221-00 | 09/15/2021 | 09/15/2022 | 09/15/2021 | | |

**Policyholder:**   BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**.

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy – Zurich D&O Select**

It is agreed that:

I.   Section II. EXTENSIONS is amended to add the following:

UK CORPORATE MANSLAUGHTER COSTS COVERAGE

The Underwriter shall pay on behalf of the **Insured Persons** all **Corporate Manslaughter Costs** incurred by an **Insured Person** during the **Policy Period**, subject to the Limit of Liability set forth in in Item 2.A of the Declarations.

II.   Section III. DEFINITIONS is amended as follows:

A.   Subsection III.Q., the definition of **Loss**, is amended to add the following:

**Loss** shall also include **Corporate Manslaughter Costs**.

B.   Section III. DEFINITIONS is amended to add the following:

**Corporate Manslaughter Costs** means reasonable fees, costs and expenses consented to by the Underwriter, which consent shall not be unreasonably withheld, and incurred by an **Insured Person** in the investigation, adjustment, defense and/or appeal of a **Claim** made against the **Company** for violation of the United Kingdom Corporate Manslaughter and Corporate Homicide Act of 2007 or similar criminal statute.

III.   Solely with respect to the coverage afforded by this endorsement, Subsection IV.F is amended to add the following at the end of the Subsection:

and provided further, this exclusion shall not apply to **Corporate Manslaughter Costs**.

All other terms, conditions, provisions and exclusions of this policy remain the same.

**Endorsement #** 11



# Freedom Protection Costs Coverage Added

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 8702221-00 | 09/15/2021 | 09/15/2022 | 09/15/2021 | | |

**Policyholder:**   BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**.

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy – Zurich D&O Select**

It is agreed that:

I.   Section II. EXTENSIONS is amended to add the following:

FREEDOM PROTECTION COSTS COVERAGE

The Underwriter shall pay on behalf of the **Insureds Persons** all **Freedom Protection Costs** incurred by the **Insured Persons** during the **Policy Period**, subject to the Limit of Liability set forth in Item 2.A. of the Declarations.

II.   Section III. DEFINITIONS is amended as follows:

A.   Subsection III.Q., the definition of **Loss**, is amended to add the following:

**Loss** shall also include **Freedom Protection Costs**.

B.   Section III. DEFINITIONS is amended to add the following:

**Freedom Protection Costs** means reasonable fees, costs and expenses consented to by the Underwriter, which consent shall not be unreasonably withheld, and incurred by an **Insured Person** to lawfully seek his or her release from any arrest or confinement by or on behalf of any law enforcement authority, including the premium for a bond or similar instrument (provided the Underwriter shall have no obligation to apply for or furnish such bond or instrument) to guarantee any contingent obligation ordered by a court outside the United States of America against the **Insured Person**, so long as such arrest or confinement is for a **Wrongful Act**.

All other terms, conditions, provisions and exclusions of this policy remain the same.

**Endorsement #** 12



# Compensation Clawback Costs Coverage Added

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 8702221-00 | 09/15/2021 | 09/15/2022 | 09/15/2021 | | |

**Policyholder:**   BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**.

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy - Zurich D&O Select**

It is agreed that:

I.   Section III. DEFINITIONS is amended as follows:

   A.   Subsection III.Q., the definition of **Loss**, is amended to add the following:

   **Loss** shall also include **Compensation Clawback Costs**.

   B.   Section III. DEFINITIONS is amended to add the following:

   **Compensation Clawback Costs** means reasonable fees, costs and expenses, (including the premium or origination fee for a loan or bond) consented to by the Underwriter, which consent shall not be unreasonably withheld, and incurred by:

   1.   the chief executive officer or chief financial officer of the **Policyholder**, solely to facilitate the return of amounts required to be repaid by such **Insured Person** pursuant to Section 304(a) of the Sarbanes-Oxley Act of 2002;

   2.   an **Insured Person** of the **Policyholder**, as set forth in Subsection III.M.1 of the policy, solely to facilitate the return of amounts required to be repaid by such **Insured Person** pursuant to Section 954(b) of the Dodd-Frank Act of 2010 and any rules promulgated thereunder;

   provided, however, that **Compensation Clawback Costs** do not include the payment, return, reimbursement, disgorgement or restitution of any amounts requested or required to be repaid by such **Insured Persons**.

II.   Solely with respect to the coverage afforded by this endorsement, Subsection IV.J is amended to add the following at the end of the Subsection:

   Provided further, this exclusion shall not apply to **Compensation Clawback Costs**.

All other terms, conditions, provisions and exclusions of this policy remain the same.



# Non-Entity Employment Practices Coverage Added
**(Equal Pay Act Exception to FLSA Exclusion)**

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 8702221-00 | 09/15/2021 | 09/15/2022 | 09/15/2021 | | |

**Policyholder:**   BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy – Zurich D&O Select**

I.   It is further agreed that Subsection III.CC is replaced with:

CC. **Wrongful Act** means:

1.  With respect to an **Insured Person**:

a.  any error, misstatement, misleading statement, act, omission, neglect, or breach of duty actually or allegedly committed or attempted by any of the **Insured Persons**, individually or otherwise, in their capacity as such, or in an **Outside Position**;

b.  an **Employment Practices Act**; or

c.  any matter claimed against the **Insured Persons** solely by reason of their serving such capacity or in an **Outside Position**.

2.  With respect to the **Company**, any error, misstatement, misleading statement, act, omission, neglect, or breach of duty actually or allegedly committed or attempted that results in a **Securities Claim.**

II.   It is further agreed that the following is added to Section III:

**Employment Practices Act** means:

1.  breach of any express or implied employment contract;

2.  violation of any law or public policy concerning discrimination in employment whether based upon race, national origin, religion, sex, sexual preference, marital status, disability, medical leave or genetic predisposition; or

3.  employment-related torts including wrongful termination, failure or refusal to hire or promote; wrongful discipline; wrongful reference, deprivation of a career opportunity, demotion or adverse change in terms, conditions or status of employment; wrongful failure to grant tenure; humiliation; retaliation for asserting a legal right; workplace harassment including without limitation offensive, intimidating, coercive or unwelcome conduct, advances, contact or communications; negligent hiring, retention, supervision, training or performance evaluation; and employment-related misrepresentation, defamation, invasion of privacy or infliction of emotional distress.

III.   It is further agreed that the following Exclusions are added to Section IV:

The Underwriter shall not be liable for that portion of **Loss** on account of any **Claim** made against any **Insured Person** for an **Employment Practices Act** (other than retaliation for asserting a legal right):

(a)   for any actual or alleged violation of the responsibilities, obligations or duties imposed by:

1.  any law governing workers' compensation, unemployment insurance, social security, disability benefits or similar law;

2.  the Employee Retirement Income Security Act of 1974, as amended (except Section 510 thereof);

3. the Fair Labor Standards Act (except the Equal Pay Act) and any other law concerning wage and hour practices, including but not limited to any **Claim** for off-the-clock work, failure to provide rest or meal periods, failure to reimburse expenses, improper classification of employees as exempt or non-exempt, failure to timely pay wages, conversions, unjust enrichment, or unfair business practices;

4. the National Labor Relations Act;

5. the Worker Adjustment and Retraining Notification Act;

6. the Consolidated Omnibus Budget Reconciliation Act of 1985;

7. the Occupational Safety and Health Act; or

8. rules or regulations promulgated under any of such statutes or laws, amendments thereto or similar provisions of any federal, state, local or foreign statutory law or common law.

or

(b) if such **Loss** constitutes amounts owing under or assumed by the **Insured Person** pursuant to a written contract with the **Company.**

All other terms, conditions, provisions and exclusions of this policy remain the same.



# Section V.D. Allocation Amended

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 8702221-00 | 09/15/2021 | 09/15/2022 | 09/15/2021 | | |

**Policyholder:**  BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy - Zurich D&O Select**

It is agreed that:

Subsection V.D is replaced with the following:

D.  ALLOCATION

Subject to this Subsection V.D, if in any **Claim** the **Insureds** incur both **Loss** covered by this policy and loss not covered by this policy either because the **Claim** against the **Insureds** includes both covered and uncovered matters or because the **Claim** is made against both **Insureds** who are afforded coverage for such **Claim** and others, including **Insureds**, who are not afforded coverage for such **Claim**, the **Insureds** and the Underwriter shall use their best efforts to allocate such amount between covered **Loss** and uncovered loss.

If the Underwriter and the **Insureds** cannot agree on an allocation of **Defense Costs**, the Underwriter shall advance on a current basis, but no later than sixty (60) days after receipt of invoices, amounts that the Underwriter reasonably believes to be covered **Defense Costs** until a different allocation is negotiated, arbitrated or judicially determined. Any such negotiated, arbitrated or judicially determined allocation shall be applied retroactively to all **Defense Costs** on account of such **Claim**, notwithstanding any prior advancement to the contrary.  Any allocation or advancement of **Defense Costs** on account of a **Claim** shall not apply to the allocation of other **Loss** on account of such **Claim**.

In any arbitration, suit or other proceeding among the Underwriter and the **Insureds**, no presumption shall exist concerning what is a fair and proper allocation between covered **Loss** and uncovered loss.

All other terms, conditions, provisions and exclusions of this policy remain the same.

**Endorsement #** 15



# Section III.H. Definition of Executive Officer Amended

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 8702221-00 | 09/15/2021 | 09/15/2022 | 09/15/2021 | | |

**Policyholder:**   BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**.

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy – D&O Select**

It is agreed that:

Section III.H. is replaced with the following:

H.   **Executive Officers** means with respect to any **Company** its CEO and CFO.

All other terms, conditions, provisions and exclusions of this policy remain the same.

**Endorsement #** 16



# ADR Deleted Endorsement

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 8702221-00 | 09/15/2021 | 09/15/2022 | 09/15/2021 | | |

**Policyholder:**  BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**.

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy – Zurich D&O Select**

It is agreed that:

Subsection V.P ALTERNATIVE DISPUTE RESOLUTION is deleted.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**

**Endorsement #  17**



# State Amendatory Inconsistency Endorsement

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 8702221-00 | 09/15/2021 | 09/15/2022 | 09/15/2021 | | |

**Policyholder:**  BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy – Zurich D&O Select**

It is agreed that:

If there is an inconsistency between terms and/or conditions in the base policy form and any attached state amendatory endorsement, where permitted by law the Underwriter shall apply those conditions which are more favorable to the **Insureds**.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**

**Endorsement #** 18

# Intent Statement Added to Bankruptcy Provision Endorsement



| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 8702221-00 | 09/15/2021 | 09/15/2022 | 09/15/2021 | | |

**Policyholder:**   BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy – Zurich D&O Select**

It is agreed that:

The following is added to Subsection V.O Bankruptcy:

The coverage provided under this policy is intended to protect and benefit the **Insured Persons**.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**

**Endorsement #** 19

# Application Amended Endorsement



| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 8702221-00 | 09/15/2021 | 09/15/2022 | 09/15/2021 | | |

**Policyholder:**  BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy – Zurich D&O Select**

It is agreed that:

Definition A in Section III is replaced with the following:

**Application** means:

1. all materials and information, including all signed applications and any materials attached thereto or incorporated therein, submitted by or on behalf of the **Insureds** to the Underwriter in connection with underwriting this policy, and

2. all publicly available documents filed by the **Company** with the Securities and Exchange Commission during the twelve (12) months preceding inception of this policy.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**

**Endorsement #** 20

# Delete Environmental Mismanagement Claims Coverage Endorsement



| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 8702221-00 | 09/15/2021 | 09/15/2022 | 09/15/2021 | | |

**Policyholder:**   BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**.

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy – Zurich D&O Select**

It is agreed that:

I.   Subsection II. E is deleted.

II.   Definition F in Section III is deleted.

III.   Exclusion G in Section IV is replaced with the following:

   G.   based upon, arising out of or attributable to an **Environmental Event**;

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**

**Endorsement #** 21



# Advancement of Defense Costs Added Endorsement

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 8702221-00 | 09/15/2021 | 09/15/2022 | 09/15/2021 | | |

**Policyholder:**   BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy – Zurich D&O Select**

It is agreed that:

Subsection V.A is replaced with the following:

A.  PRESUMPTIVE INDEMNIFICATION AND ADVANCEMENT

If for any reason (including but not limited to **Financial Impairment**) a **Company** fails or refuses to advance, pay or indemnify covered **Loss** of an **Insured Person** within the applicable Retention, if any, then the Underwriter shall advance such amounts on behalf of the **Insured Person** until either (i) a **Company** has agreed to make such payments, or (ii) the Retention has been satisfied.  In no event shall any such advancement by the Underwriter relieve any **Company** of any duty it may have to provide advancement, payment or indemnification to any **Insured Person**.

Advancement, payment or indemnification of an **Insured Person** by a **Company**: (i) is deemed "failed" if it has been requested by an **Insured Person** in writing and has not been provided by, agreed to be provided by or acknowledged as an obligation by a **Company** within sixty (60) days of such request; and (ii) is deemed "refused" if a **Company** gives written notice of the refusal to the **Insured Person**.  Any payment or advancement by the Underwriter within an applicable Retention shall apply to the exhaustion of the Limit of Liability.

For purposes of this Subsection V.A, the shareholder and board of director resolutions of the **Company** shall be deemed to provide indemnification for such **Loss** to the fullest extent permitted by law.  If the Underwriter pays under this policy any indemnification or advancement owed to an **Insured Person** by a **Company** within the applicable Retention, then the **Company** shall reimburse the Underwriter for such amounts and such amounts shall become immediately due and payable as a direct obligation of the **Company** to the Underwriter.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**



# Section V.Q Recovery of Limits Added

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 8702221-00 | 09/15/2021 | 09/15/2022 | 09/15/2021 | | |

**Policyholder:**   BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**.

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy**

It is agreed that:

The following shall be added to Section V. GENERAL TERMS AND CONDITIONS, of the policy:

Q.  Recovery of Limits

In the event the Underwriter recovers amounts it paid under this policy, the Underwriter will reinstate the Limits of Liability of this policy to the extent of such recovery, less its costs incurred in administering and obtaining such recovery. The Underwriter assumes no duty to seek a recovery of any amounts paid under this policy.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**

# Company Added with Prior Acts Exclusion Endorsement



| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 8702221-00 | 09/15/2021 | 09/15/2022 | 09/15/2021 | | |

**Policyholder:  BED BATH & BEYOND INC**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**.

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy**

It is agreed that:

Definition C in Section III is replaced with the following:

C.  **Company** means, collectively:

1.  the **Policyholder** and its **Subsidiaries**;

2.  Rockdale Capital, Inc. and its Subsidiaries, but only for **Wrongful Acts** taking place on or after  05/01/2003; and

3.  any of the foregoing organizations as a debtor in possession under United States bankruptcy law or an equivalent status under the law of any other country.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**

# Statutory Claims Endorsement



| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 0258449-03 | 09/15/2020 | 09/15/2021 | 09/15/2020 | | |

**Policyholder:**  BED BATH & BEYOND INC.

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**.

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy - Zurich D&O Select**

It is agreed that:

I.   The following is added to Section II. EXTENSIONS:

CANADIAN TAX LIABILITY COVERAGE

Subject to this policy's other terms and conditions, Insuring Clause A includes coverage for **Statutory Claims**, to the extent legally permissible in each Canadian province or territory, against **Insured Persons**.

II.  Section III. DEFINTIONS is amended as follows:

A.   The following is added after Subparagraph B.7 in the Definition of **Claim**:

and any **Statutory Claim** made against any **Insured Person**;

B.   The following is added after Subparagraph M.3 in the Definition of **Insured Person**:

and any one or more natural persons not described in subparagraph 1 above who were, now are or shall be considered as a *de facto* director or officer by the Canada Revenue Agency or similar provincial or territorial tax authority of any Canadian **Company**, but only for **Statutory Claims**.

C.   Subparagraph Q.2 in the Definition of **Loss** is replaced with the following:

2.   taxes, fines or penalties imposed by law, except on account of a **Statutory Claim** and as provided in the next paragraph;

D.   The following Definition is added:

**Statutory Claim** means an administrative or regulatory investigation of or proceeding against any **Insured Person** in Canada commenced by the Canada Revenue Agency or similar provincial or territorial tax authority regarding an actual or alleged violation of any non-indemnifiable statutory law in Canada which imposes strict liability on an **Insured Person**, in their capacity as such, related to their failure to deduct, withhold, or remit taxes owing under the following: Section 227.1 of the Income Tax Act ("ITA"); section 323 of the Excise Tax Act ("ETA"); section 81 of the Air Travellers Security Charge Act, ("ATSCA"); subsection 295(1) of the Excise Act, 2001 ("EA2001"); similar provisions of the Canada Pension Plan Act and the Employment Insurance Act or similar provincial or territorial tax statute.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**



# Exclusions Preamble Amended

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 0258449-03 | 09/15/2020 | 09/15/2021 | 09/15/2020 | ---- | ---- |

**Policyholder:** BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**.

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy – Zurich D&O Select**

It is agreed that:

The preamble of Section IV EXCLUSIONS is replaced with the following:

The Underwriter shall not be liable for **Loss** on account of that portion of any **Claim** made against any **Insured**:

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**

**Endorsement #26**

# Section V.I. Other Insurance Amended
**(Primary to Specified Coverage)**



| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 0258449-03 | 09/15/2020 | 09/15/2021 | 09/15/2020 | | |

**Policyholder:** BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**.

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy – Zurich D&O Select**

It is agreed that:

Subsection V.I OTHER INSURANCE is amended to add the following:

> Provided that solely with respect to any personal umbrella excess liability insurance, independent directors liability insurance, or any other similar personal liability insurance purchased by or solely for the benefit of an **Insured Person**, this policy shall cover **Loss**, subject to limitations, conditions, provisions and other terms of this policy, primary to such other insurance and such other insurance shall be specifically excess insurance over this policy.

All other terms, conditions, provisions and exclusions of this policy remain the same.

# Section III.B.5 Definition of Claim Amended

**(Investigation of the Company)**



| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 0258449-03 | 09/15/2020 | 09/15/2021 | 09/15/2020 | ---- | ---- |

**Policyholder:** BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the:

**Directors & Officers Liability Insurance Policy – Zurich D&O Select**

It is agreed that:

Subsection III.B.5. is deleted and replaced with the following:

5.  a civil, criminal, administrative or regulatory investigation of any **Insured Person** commenced by the service upon or other receipt by the **Insured Person** of a subpoena, Wells notice, target letter or other written notice from the investigating authority identifying the **Insured Person** as an individual against whom a proceeding may be commenced;  It is further agreed that **Claim** shall also include any civil, criminal, administrative or regulatory investigation of the **Company** by the Securities and Exchange Commission, or any other similar state securities regulatory agency, but only if said civil, criminal, administrative or regulatory investigation is continually maintained against both the **Company** and any **Insured Persons**. If such civil, criminal, administrative or regulatory investigation is dismissed or otherwise discontinued as against the **Insured Persons**, such civil, criminal, administrative or regulatory investigation shall cease to be deemed a **Claim**.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**



# Entity v. Insured Exclusion - Modified Endorsement
## (Including ODL)

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 0258449-03 | 09/15/2020 | 09/15/2021 | 09/15/2020 | ---- | ---- |

**Policyholder:** BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**.

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy – Zurich D&O Select**

It is agreed that:

I.   The following Definitions are added to Section III DEFINITIONS:

**Derivative Suit** means any lawsuit by one or more securityholder of a **Company**, or **Outside Entity** brought derivatively on behalf of such **Company** or **Outside Entity**, against an **Insured Person** for a **Wrongful Act**.

**Former Executive** means an **Insured Person** who has left the **Company** or **Outside Entity**, if applicable, and is no longer acting in their capacity as a director, officer, trustee, governor, management committee member, member of the management board, general counsel, risk manager of the **Company** or **Outside Entity**.

**Non-Indemnifiable Loss** means **Loss** for which a **Company** has neither indemnified nor is permitted or required to indemnify an **Insured Person** pursuant to law or contract or the charter, bylaws, operating agreement or similar documents of a **Company**.

**Whistleblower Conduct** means any of the activity set forth in: (i) 18 U.S.C. §1514A( a), engaged in by a whistleblower with a federal regulatory or law enforcement agency, member of Congress or any committee of Congress, or person with supervisory authority over the employee, or an enforcement action by the whistleblower set forth in Sec. 1514A (b),  (ii) the whistleblower provisions of the Dodd-Frank Wall Street Reform and Consumer Protection Act, or (iii) any similar whistleblower protection provision of any applicable federal, state, local or foreign securities law, rules, or regulations.

II.   Subsections IV.C and IV.D are replaced with the following:

C.   brought or maintained by or on behalf of any **Company**; provided, however, this exclusion shall not apply to:

1.   any **Defense Costs** which constitute **Non-Indemnifiable Loss** incurred by any **Insured Person**;

2.   any **Derivative Suit** not brought, controlled or materially assisted by any **Insured Person**;

3.   any **Claim** brought by a bankruptcy or insolvency trustee, receiver, examiner, liquidator, or similar official, or creditors committee, for the **Company**; or

4.   any **Claim** which is commenced by the **Company** as a debtor-in-possession against an **Insured Person** who is a **Former Executive** of the **Outside Entity**, but only if such **Claim** is not brought, controlled or materially assisted by any **Former Executive** of the **Outside Entity**;

5.   a **Claim** brought by or on behalf of the **Company** that is brought and maintained against any **Insured Person** in any non-common law jurisdiction outside the United States;

provided however, that **Whistleblower Conduct** by an **Insured Person**, other than a director of the **Company**, shall not be considered control or material assistance;

D.  for a **Wrongful Act** by an **Insured Person** while serving in an **Outside Position** if such **Claim** is brought or maintained by or on behalf of the **Outside Entity** in which the **Insured Person** serves, however, this exclusion shall not apply to:

1.  any **Defense Costs** which constitute **Non-Indemnifiable Loss** incurred by any **Insured Person** serving in an **Outside Position**;

2.  any **Derivative Suit** not brought, controlled or materially assisted by any **Insured Person** or **Outside Entity**;

3.  any **Claim** brought by a bankruptcy or insolvency trustee, receiver, examiner, liquidator, or similar official, or creditors committee, for the **Outside Entity**;

4.  any **Claim** which is commenced by the **Company** as a debtor-in-possession against an **Insured Person** who is a **Former Executive** of the **Company**, but only if such **Claim** is not brought, controlled or materially assisted by any **Former Executive** of the **Outside Entity**; or

5.  a **Claim** by or on behalf of the **Outside Entity** brought and maintained in any non-common law jurisdiction outside the United States;

provided however, that **Whistleblower Conduct** by an **Insured Person** while serving in an **Outside Position**, other than a director of the **Outside Entity**, shall not be considered control or material assistance;

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**



# Section IV.A Prior Notice Exclusion Amended
**(Adds Accepted Language)**

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 8702221-00 | 09/15/2021 | 09/15/2022 | 09/15/2021 | | |

**Policyholder:  BED BATH & BEYOND INC**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**.

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy – Zurich D&O Select**

It is agreed that:

Subsection IV.A is replaced with the following:

A.  based upon, arising out of, or attributable to any fact or circumstance which has been the subject of any written notice given and accepted prior to inception of this policy under any directors and officers liability insurance policy issued to the **Insureds**;

All other terms, conditions, provisions and exclusions of this policy remain the same.

# Insured Person Amended to Include Employees for EPL Claims Endorsement



| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 8702221-00 | 09/15/2021 | 09/15/2022 | 09/15/2021 | | |

**Policyholder:**   BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the:

**Directors & Officers Liability Insurance Policy – Zurich D&O Select**

It is agreed that:

Subsection III.M.2 is replaced with the following:

2.   any one or more other natural persons not described in subparagraph 1 above who were, now are or shall become full or part-time employees of the **Company**, but solely with respect to (i) a **Securities Claim** or (ii) any **Claim** for an employment-related **Wrongful Act**; or (iii) any other **Claim** while such other **Claim** is brought and maintained against both such other employee(s) and an **Insured Person** described in subparagraph 1 above; provided such other employees shall not be considered **Insured Persons** for purposes of Exclusions C or D in Section IV of this policy or Section II.C; and

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**

# Section V. F Defense and Settlement Amended
**(Sixty Days, Inquiry Costs)**



| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 8702221-00 | 09/15/2021 | 09/15/2022 | 09/15/2021 | | |

**Policyholder:** BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**.

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy- Zurich D&O Select**

It is agreed that:

The fifth paragraph of Section V.F. DEFENSE AND SETTLEMENT is replaced with the following:

The Underwriter shall advance **Defense Costs** and **Inquiry Costs** on a current basis but no later than sixty (60) days after receipt of the itemized invoices and proper documentation for such **Defenses Costs** or **Inquiry Costs**.  Any advancement of **Defense Costs** or **Inquiry Costs** shall be repaid to the Underwriter by the **Insureds** severally according to their respective interests if and to the extent the **Insureds** shall not be entitled under the terms and conditions of this policy to coverage for such **Defense Costs** or **Inquiry Costs**.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**

# Amended Reporting and Notice Endorsement



| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 8702221-00 | 09/15/2021 | 09/15/2022 | 09/15/2021 | ---- | ---- |

**Policyholder:** BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**.

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy – Zurich D&O Select**

It is agreed that:

Subparagraph V.H.1 is replaced with the following:

As a condition precedent to their rights under this policy, the **Insureds** shall give to the Underwriter written notice of any **Claim** made against the **Insureds** as soon as practicable after an employee of the **Company's** office of general counsel, risk management or functionally equivalent departments first learns of such **Claim**, but in no event later than (i) ninety (90) days after expiration of the **Policy Period**, or (ii) the expiration of the **Extended Reporting Period** or **Run-Off Coverage Period**, if exercised.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**



# New Jersey Amendatory Endorsement

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC 8702221-00 | 09/15/2021 | 09/15/2022 | 09/15/2021 | | |

**Policyholder:**  BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**.

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy**

It is agreed that:

Subsection V.M is amended as follows:

A.  The title is changed to: POLICY CANCELLATION, NONRENEWAL AND CONDITIONAL RENEWAL.

B.  Subparagraphs 2 and 3 are replaced with the following:

    2.  Nonrenewal

        a.  If the Underwriter elects not to renew this policy, the Underwriter shall mail to the **Policyholder** written notice of nonrenewal at least sixty (60) days prior to the expiration of the **Policy Period**.

        b.  If the Underwriter provides the notice more than one hundred and twenty (120) or less than thirty (30) days from the expiration of the **Policy Period**, the coverage shall remain in effect at the same terms and premium until proper written notice of nonrenewal is mailed.  The policy may be extended in order to comply with notice requirements.  Earned premium for any period of coverage that extends beyond the expiration date shall be considered pro rata based upon the expiring rate.

        c.  The notice, except one for nonpayment of premium, shall contain a statement in boldface type advising the **Policyholder** that it may file a written complaint about the nonrenewal with the New Jersey Department of Banking and Insurance, Office of Consumer Protection Services, P.O. Box 471, Trenton, New Jersey 08625-0471.  The statement shall also advise the **Policyholder** to contact the Insurance Department immediately if it wishes to file a complaint.

        d.  The Underwriter may replace this policy with a policy issued by another company within the same insurance group under common management and control, provided the Underwriter obtains from the **Policyholder** consent to do so and maintains records of such action.

        e.  The Underwriter shall not provide such notice of nonrenewal if the Insureds have obtained replacement coverage elsewhere or agreed in writing to do so.  The Underwriter must maintain in the Underwriter's file properly documented proof that termination was made at the request of the **Policyholder**. When the termination request is submitted by the **Policyholder's** authorized representative, the Underwriter's file must contain documentation that the authorized representative has been specifically authorized by the **Policyholder** to convey such termination request to the Underwriter.

        f.  The transfer of a policy between companies within the same insurance group or changes in premium, Retention, Limits of Liability or coverage are not refusals to renew.

    3.  Conditional Renewal

    The Underwriter shall mail written notice of any change(s) of renewal terms to the **Policyholder** not more than one hundred and twenty (120) days nor less than thirty (30) days prior to the expiration date of the policy.

4.   Notice

The Underwriter shall send all notices required under this Subsection V.M by certified mail to the **Policyholder** at the address in Item 1 of the Declarations, and by mail or electronic mail to the **Policyholder's** authorized agent, if any.  Proof of mailing will be sufficient proof of notice.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**

**Endorsement #**  34



# Sanctions Exclusion Endorsement

**Policyholder:**  BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

The following exclusion is added to the policy to which it is attached and supersedes any existing sanctions language in the policy, whether included in an Exclusion Section or otherwise:

SANCTIONS EXCLUSION

Notwithstanding any other terms under this policy, we shall not provide coverage nor will we make any payments or provide any service or benefit to any insured, beneficiary, or third party who may have any rights under this policy to the extent that such cover, payment, service, benefit, or any business or activity of the insured would violate any applicable trade or economic sanctions law or regulation.

The term policy may be comprised of common policy terms and conditions, the declarations, notices, schedule, coverage parts, insuring agreement, application, enrollment form, and endorsements or riders, if any, for each coverage provided. Policy may also be referred to as contract or agreement.

We may be referred to as insurer, underwriter, we, us, and our, or as otherwise defined in the policy, and shall mean the company providing the coverage.

Insured may be referred to as policyholder, named insured, covered person, additional insured or claimant, or as otherwise defined in the policy, and shall mean the party, person or entity having defined rights under the policy.

These definitions may be found in various parts of the policy and any applicable riders or endorsements.

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

**Endorsement #**  35



# Cap On Losses From Certified Acts Of Terrorism

| Insured's Name | Policy Number | Effective Date | Endorsement Number |
|---|---|---|---|
| BED BATH & BEYOND INC | DOC 8702221-00 | 09/15/2021 | 35 |

**THIS ENDORSEMENT CHANGES YOUR POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies your insurance.
**Directors & Officers Liability Insurance Policy - Zurich D&O Select**

**A.  Cap on Losses From Certified Terrorism Losses**

"Certified act of terrorism" means an act that is certified by the Secretary of the Treasury, in accordance with provisions of the federal Terrorism Risk Insurance Act ("TRIA"), to be an act of terrorism. The Terrorism Risk Insurance Act provides that the Secretary of Treasury shall certify an act of terrorism:

**1.** To be an act of terrorism;

**2.** To be a violent act or an act that is dangerous to human life, property or infrastructure;

**3.** To have resulted in damage within the United States, or outside of the United States in the case of an air carrier (as defined in section 40102 of Title 49, United States Code) or a United States flag vessel (or a vessel based principally in the United States, on which United States income tax is paid and whose insurance coverage is subject to regulation in the United States), or the premises of a United States mission; and

**4.** To have been committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

No act may be certified as an act of terrorism if the act is committed as part of the course of a war declared by Congress (except for workers' compensation) or if losses resulting from the act, in the aggregate for insurance subject to TRIA, do not exceed $5,000,000.

If aggregate insured losses attributable to one or more "certified acts of terrorism" exceed $100 billion in a calendar year (January 1 through December 31) and we have met our insurer deductible under the Terrorism Risk Insurance Act, we shall not be liable for the payment of any portion of the amount of such losses that exceeds $100 billion, and in such case insured losses up to that amount are subject to pro rata allocation in accordance with procedures established by the Secretary of Treasury.

**B.  Application of Other Exclusions**

The terms and limitations of a terrorism exclusion or any other exclusion, or the inapplicability or omission of a terrorism exclusion or any other exclusion, do not serve to create coverage which would otherwise be excluded, limited or restricted under this policy.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**

Copyright © 2015 Zurich American Insurance Company
Includes copyrighted material of Insurance Services Office, Inc., with its permission.