UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE BED BATH & BEYOND CORPORATION SECURITIES LITIGATION | Case No. 1:22-cv-02541-TNM<br><br>CLASS ACTION<br><br>Jury Trial Demanded |

**LEAD PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION OF SEEKING TO EXTEND BANKRUPTCY STAY TO SUE E. GOVE**

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*A.H. Robins Co. v. Piccinin*,
   788 F.2d 994 (4th Cir. 1986) ...................................................................................................2, 3

*Belcufine v. Aloe*,
   112 F.3d 633 (3d Cir. 1997) ..........................................................................................................3

*CresCom Bank v. Terry*,
   499 B.R. 494 (D.S.C. 2013) ......................................................................................................3, 7

*Duncan v. Vantage Corp.*,
   No. 18-288 (MN), 2019 U.S. Dist. LEXIS 50223 (D. Del. Mar. 26, 2019) ...............................2

*In re Allied Digital Techs., Corp.*,
   306 B.R. 505 (Bankr. D. Del. 2004) ............................................................................................ 6

*In re Bed Bath & Beyond, Inc.*,
   No. 23-13359 (VFP), ECF. No. 10 (Bankr. D.N.J. April 23, 2023) ......................................3, 6

*In re MCSi, Inc., Sec. Litig.*,
   371 B.R. 270 (S.D. Ohio 2004) ....................................................................................................2

*In re SDNY 19 Mad Park, LLC*,
   No. 14-11055 (ALG), 2014 WL 4473873 (Bankr. S.D.N.Y. Sept. 11, 2014) ..........................7

*In re Terravia Holdings, Inc., Sec. Litig.*,
   No. 16-cv-06633-JD, 2017 U.S. Dist. LEXIS 164802 (N.D. Cal. Oct. 4, 2017) .......................2

*Int'l Union of Painters & Allied Trades Dist. Council No. 21 Health & Welfare Fund v. Serv. Painting, Inc.*, No. 18-3480, 2019 U.S. Dist. LEXIS 83446 (E.D. Pa. May 16, 2019) .............8

*Keystone Drill Servs. v. Davey Kent*,
   No. 3:21-cv-30, 2022 U.S. Dist. LEXIS 50502 (W.D. Pa. Feb. 22, 2022) ................................4

*Khoja v. Orexigen Therapeutics*,
   No. 15-cv-00540-JLS-AGS, 2021 U.S. Dist. LEXIS 230105 (S.D. Cal. Nov. 30, 2021) .........2

*Mardice v. Ebony Media Operations*,
   No. 19-CV-8910 (VSB), 2021 U.S. Dist. LEXIS 8520 (S.D.N.Y. Jan. 15, 2021) ........1, 4, 5, 7

*McCartney v. Integra Nat'l Bank N.*,
   106 F.3d 506 (3d Cir. 1997) ..........................................................................................................2

*Millard v. Dev. Disabilities Inst.*,
    266 B.R. 42 (E.D.N.Y. 2001) ...................................................................................1

*Nippon Fire & Marine Ins. Co. v. Skyway Freight Sys., Inc.*,
    235 F.3d 53 (2d Cir. 2000)......................................................................................1

*N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*,
    564 B.R. 192 (S.D.N.Y. 2016)..............................................................................2, 7

*Omar v. 1 Front St. Grimaldi, Inc.*,
    No. 16-CV-05824 (LDH) (CLP), 2019 U.S. Dist. LEXIS 40600 (E.D.N.Y. Mar. 13,
    2019) .......................................................................................................................1

*Peevy v. Jerace*,
    No. 17-81026-CIV-MARRA, 2017 U.S. Dist. LEXIS 237910 (S.D. Fla. Dec. 21, 2017)....4, 5

*Queenie, Ltd. v. Nygard Int'l*,
    321 F.3d 282 (2d Cir. 2003)..................................................................................7, 8

*Reliant Energy Servs., Inc. v. Enron Can. Corp.*,
    349 F.3d 816 (5th Cir. 2003) ...................................................................................1

*Stanford v. Foamex L.P.*,
    CIVIL ACTION NO. 07-4225, 2009 U.S. Dist. LEXIS 32405 (E.D. Pa. Apr. 15, 2009) ........7

*Tchrs. Ins. & Annuity Ass'n of Am. v. Butler*,
    803 F.2d 61 (2d Cir. 1986).......................................................................................1

**Statutes**

15 U.S.C. § 78u–4(b)(3)(B) ...............................................................................................4

N.Y. Business Corp. Law. §722 .......................................................................................7

Private Securities Litigation Reform Act of 1995 ............................................................4

**Additional References**

https://restructuring.ra.kroll.com/bbby/Home-ClaimInfo.............................................6

*Tr. of Gove April 24, 2023 Interview*, available at: https://bedbathandbeyond.gcs-
    web.com/node/17231/html..................................................................................3, 4

*Understanding the Many Facets of Side A D&O Coverage (DIC)*, available at
    https://www.gbainsurance.com/facets_side_a_dic_918 ..........................................6

The Objection (ECF No. 88) that Defendant Bed Bath & Beyond, Inc. ("Bed Bath") filed asking this Court to depart from the plain text of the Bankruptcy Code to extend the automatic stay to non-debtor Defendant Sue E. Gove ("Gove") misrepresents the facts as well as the law. The Objection is without merit.

***First***, contrary to the title of the Objection, the issue before the Court has nothing to do with "limiting" the automatic stay. The Bankruptcy Code itself does that. "It is well-established that stays pursuant to § 362(a) ***are limited to debtors and do not encompass non-bankrupt co-defendants***." *Tchrs. Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) (emphasis added); *accord Nippon Fire & Marine Ins. Co. v. Skyway Freight Sys., Inc.*, 235 F.3d 53, 58 (2d Cir. 2000). "By its terms the automatic stay applies only to the debtor, not to co-debtors under Chapter 7 or Chapter 11 of the Bankruptcy Code nor to co-tortfeasors." *Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 819 (5th Cir. 2003).

Instead, the Objection itself seeks extraordinary relief by requesting the Court to ***extend*** the stay to Gove, but provides no legitimate basis to do so. Gove has the "burden to show that such an exception to the general rule should apply." *See Millard v. Dev. Disabilities Inst.*, 266 B.R. 42, 44 (E.D.N.Y. 2001); *Omar v. 1 Front St. Grimaldi, Inc.*, No. 16-CV-05824 (LDH) (CLP), 2019 U.S. Dist. LEXIS 40600, at *4 (E.D.N.Y. Mar. 13, 2019) (same). And, "the range of permissible circumstances to which an extension of the automatic stay applies is narrow." *Mardice v. Ebony Media Operations*, No. 19-CV-8910 (VSB), 2021 U.S. Dist. LEXIS 8520, at *9 (S.D.N.Y. Jan. 15, 2021); *See also Reliant Energy Servs.*, 349 F.3d at 825 (observing that the bankruptcy stay "is rarely a valid basis on which to stay actions against non-debtors").

Significantly, the Objection fails to address the extensive authorities previously raised in ECF Nos. 81 and 85 showing why an extension is inappropriate under these circumstances,

1

including many cases addressing individual defendants in securities fraud class actions such as this one.  *See, e.g.*, *Khoja v. Orexigen Therapeutics*, No. 15-cv-00540-JLS-AGS, 2021 U.S. Dist. LEXIS 230105, at *5 (S.D. Cal. Nov. 30, 2021) (automatic stay halted further proceedings against bankrupt debtor, "but not the remaining defendants"); *Duncan v. Vantage Corp.*, No. 18-288 (MN), 2019 U.S. Dist. LEXIS 50223, at *2-3 (D. Del. Mar. 26, 2019) (same)*; In re Terravia Holdings, Inc., Sec. Litig.*, No. 16-cv-06633-JD, 2017 U.S. Dist. LEXIS 164802, at *2 (N.D. Cal. Oct. 4, 2017) (noting that automatic stay "does not protect non-debtor parties or their property"); *N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 564 B.R. 192, 195 (S.D.N.Y. 2016) (refusing to extend the stay to non-debtors and stating that extension would only be warranted if there would otherwise be "immediate adverse economic consequences" for the bankruptcy estate); *In re MCSi, Inc., Sec. Litig.*, 371 B.R. 270, 272 (S.D. Ohio 2004) (refusing to extend stay and explaining that "a claim under the securities laws allows for the independent liability of officers in which the proceedings may progress without the participation of the corporation").

None of the Objection's cited cases support the extraordinary relief sought here. *McCartney v. Integra Nat'l Bank N.* acknowledged that extensions are limited to "unusual circumstances…where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant[.]"  106 F.3d 506, 510–11 (3d Cir. 1997). Here, there is no such identity.  Bed Bath and Gove are not alleged to be alter egos, and the Second Amended Complaint includes primary, direct claims against Gove.  Nor is Bed Bath an absolute guarantor of Gove, as was the case in *McCartney*.

*A.H. Robins Co. v. Piccinin* stated that the extension was based on the unique circumstance of thousands of third-party claims, and even then carved out from the stay those cases asserting

"independent liability," as the Second Amended Complaint here asserts against Gove. 788 F.2d 994, 999-1002 (4th Cir. 1986). *CresCom Bank v. Terry* expressly ruled that a mere right to bring a claim for indemnification, as Gove claims to have, is not sufficient alone to extend the stay. 499 B.R. 494, 496-98 (D.S.C. 2013). And *Belcufine v. Aloe* involved questions of "absolute indemnity agreements." 112 F.3d 633, 637 n.5 (3d Cir. 1997). Here, Bed Bath's bylaws do not grant "absolute indemnity," and are expressly "contract right[s]," meaning they can be accepted or rejected by the debtor in the bankruptcy. *See* ECF No. 88-2. The other cited cases are equally inapposite.

**Second,** the Objection misrepresents Gove's role in Bed Bath's "restructuring." In the bankruptcy proceedings, Bed Bath has not indicated any role whatsoever for Gove. To the contrary, Bed Bath has entrusted its wind-down to a Chief Restructuring Officer, Holly Etlin, and the actual store closing process to two consultants, Hilco Merchant Services and B. Riley Retail Services. *See* Declaration of Holly Etlin, Chief Restructuring Officer in *In re Bed Bath & Beyond, Inc.*, No. 23-13359 (VFP) (the "Bankruptcy Action"), ECF No. 10 (Bkr. D.N.J. April 23, 2023) ("Etlin Declaration"); Interim Order (i) Authorizing the Debtors to Assume the Consulting Agreements, (ii) Authorizing and Approving the Conduct of Store Closing Sales, With Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, (iii) Authorizing Customary Bonuses to Employees of Closing Stores, and (iv) Granting Related Relief, *In re Bed Bath & Beyond, Inc.*, No. 23-13359 (VFP), ECF No. 102; Declaration of Scott K. Carpenter, *Id.* at ECF No. 181.

At best, Gove is a figurehead allowed to maintain her title while she observes others address the problems she and her predecessor created. That Gove has been utterly divorced from Bed Bath's restructuring is apparent from her statements days before the bankruptcy filing explaining

3

her understanding that, rather than liquidating, the Company would continue to reduce to a "target store fleet [of] 360 Bed Bath & Beyond stores and 120 buybuy BABY stores." *See* Tr. of Gove April 24, 2023 Interview, available at: https://bedbathandbeyond.gcs-web.com/node/17231/html. The actual restructuring plan, of which Gove was apparently unaware, called instead for Bed Bath to engage in "a wind-down process for all of its assets, including of the liquidation of inventory in all retail stores and distribution centers." Etlin Declaration at ¶9. There will be no reorganized operations if the Company emerges from bankruptcy as Gove publicly and incorrectly claimed days before the bankruptcy petition was filed. *Id.*

**Third**, Gove's participation in this lawsuit poses no burden whatsoever at this time. The motions to dismiss are fully-briefed and before this Court. Discovery is stayed pursuant to the automatic stay of the Private Securities Litigation Reform Act of 1995 while the motions remain pending. *See* 15 U.S.C. § 78u–4(b)(3)(B). Consistent with that statutory provision, Lead Plaintiff has served no paper discovery and noticed no depositions. Thus, contrary to the Objection's representation to this Court, **there is no "ongoing discovery"** to "distract" Gove. *See* Objection at 10. Potential future burdens cannot justify extending the stay. *See Mardice*, 2021 U.S. Dist. LEXIS 8520, at *9-10 (collecting cases and stating that courts have extended the automatic stay "only where the stayed actions would have posed a serious threat to the debtors' reorganization efforts or otherwise inhibited resolution of the debtor's bankruptcy"); *Keystone Drill Servs. v. Davey Kent*, No. 3:21-cv-30, 2022 U.S. Dist. LEXIS 50502, at *15 (W.D. Pa. Feb. 22, 2022) (refusing to extend the stay where defendant offered no evidence that it "is essential to the Corporation's reorganization effort"); *Peevy v. Jerace*, No. 17-81026-CIV-MARRA, 2017 U.S. Dist. LEXIS 237910, at *5 (S.D. Fla. Dec. 21, 2017) (refusing to extend the stay where applicant failed to provide evidence that debtor "would be prevented from successfully pursuing his ongoing

4

bankruptcy proceeding as a result of discovery burdens in this case").

*Fourth,* Gove is herself charged with independent primary liability based on her own conduct. *See* Second Amended Complaint, ECF No. 66, at ¶¶181-84, 186, 219-29. In "situations where a codefendant is independently liable as, for example, where the debtor and another are joint tort feasors or where the nondebtor's liability rests upon his own breach of a duty, then the protection afforded a debtor under the automatic stay would clearly not extend to such nondebtor." *Mardice*, 2021 U.S. Dist. LEXIS 8520, at *8-9 (internal citations and quotation marks omitted).

*Fifth*, the Objection grossly misstates both the terms and the impact of a directors' and officers' ("D&O") insurance policy under which Gove purportedly has coverage. As an initial matter, Lead Plaintiff asserts no claims against any insurance policy. They are asserted directly against Gove, and any claim she believes she has regarding coverage is beyond the scope of this litigation.

Moreover, even if there were claims against insurance at issue, the Objection does not establish that the policy cited provides any basis for extending the stay. It conveniently neglects to tell the Court that the actual policy expressly provides that "the **Company** and the **Insured Persons** hereby (i) waive and release any automatic stay or injunction which may apply in such proceeding to this policy or its proceeds under such bankruptcy law." *See* Policy, ECF No. 88-3 at p. 23 of 66 (emphasis in original). And, it contains an express rider to the "Bankruptcy" provisions in the policy clarifying that in the case of bankruptcy, "[t]he coverage provided under this policy is intended to protect and benefit the **Insured Persons**," not the Company. *Id.* at p. 47 of 66 (emphasis in original). Thus, the clear language of the policy rejects extending the stay to Gove based on unfounded claims related to preserving the corpus of the policy for the Company's benefit.

Nor does the Objection establish that the cited policy is the property of the bankruptcy estate. Because it seeks to protect the Insured Persons rather than the Company in the case of bankruptcy, it does not appear that the Company has any remaining property interest. *See In re Allied Digital Techs., Corp.*, 306 B.R. 505, 512 (Bankr. D. Del. 2004) (ruling that "when the liability insurance policy only provides direct coverage to the directors and officers the proceeds are not property of the estate."). And, even if some coverage remained for the Company, the proceeds will be property of the estate only "if depletion of the proceeds would have an adverse effect on the estate to the extent the policy actually protects the estate's other assets from diminution." *Id.* Here, the Objection does not even attempt to make such a showing.

Finally, the Objection is not candid with the Court regarding the bankruptcy positions that Bed Bath has taken about this insurance policy, or the full scope of D&O insurance policies available. In the Bankruptcy Action, Bed Bath asked and received permission to maintain D&O policies, including those to cover "prepetition obligations." *See In re Bed Bath & Beyond, Inc.*, No. 23-13359 (VFP), ECF No. 20. That filing listed not just the policy that Gove disclosed to this Court, but also eight others, four of which by their titles are "Side A DIC" policies which even in a non-bankruptcy context are solely for the benefit of the insured officers and directors, **not the Company**. *Id.* at pages 39-40 of 42; *see also, e.g.*, "Understanding the Many Facets of Side A D&O Coverage (DIC)," available at https://www.gbainsurance.com/facets_side_a_dic_918. Thus, there is extensive insurance coverage beyond the particular policy that the Objection submits here, and no danger that Gove's defense in the normal course would deplete property of the debtor.

**Sixth**, the Objection's speculation about indemnification has no bearing on the extension of a stay. It does not assert that Gove has presented a demand for indemnification to the Company, and the bankruptcy website lists no claim filed by Gove seeking indemnification. *See*

6

https://restructuring.ra.kroll.com/bbby/Home-ClaimInfo.  Speculation is not sufficient to meet the high burden for extending the stay.

Regardless, federal courts agree that "[t]he mere possibility of a future indemnification claim will not support application of the automatic stay." *N.J. Carpenters Health Fund* 564 B.R. at 195; *Mardice*, 2021 U.S. Dist. LEXIS 8520, at *13 (same); *accord In re SDNY 19 Mad Park, LLC*, No. 14-11055 (ALG), 2014 WL 4473873, at *2 (Bankr. S.D.N.Y. Sept. 11, 2014) ("The fact that a Debtor may have to indemnify a third-party is alone not a sufficient basis to extend the automatic stay to that party…"); *CresCom*, 499 B.R. at 496 ("[A] statutory right to bring an action for indemnification is not sufficient to justify extension of the automatic stay.").

Moreover, caselaw regarding extension of the automatic stay cautions that only entitlement to "absolute indemnification" by the debtor can warrant extension. *See, e.g., Mardice*, 2021 U.S. Dist. LEXIS 8520, at *13-14; *Stanford v. Foamex L.P.*, CIVIL ACTION NO. 07-4225, 2009 U.S. Dist. LEXIS 32405, at *17-20 n.10 (E.D. Pa. Apr. 15, 2009).  Bed Bath's bylaws provide broad indemnity—but not absolute indemnity.  *See* ECF No. 88-2 (providing "a contract right" to indemnity to the "extent permitted or required by law," and New York, the Company's state of incorporation, permits indemnification only "if such director or officer acted, in good faith, for a purpose which he reasonably believed to be in, or, in the case of service for any other corporation or any partnership, joint venture, trust, employee benefit plan or other enterprise, not opposed to, the best interests of the corporation…," *see* N.Y. Business Corp. Law. §722).

**Seventh**, the Objection's reliance on collateral estoppel is not the sort of extraordinary circumstance warranting extending the stay to shield adjudication of claims against Gove.  As the Second Circuit has noted, "[w]e have not located any decision applying the stay to a non-debtor solely because of an apprehended later use against the debtor of offensive collateral estoppel or

7

the precedential effect of an adverse decision." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 288 (2d Cir. 2003).  And, "we can only speculate as [to] whether a judgment against [Gove] would preclude [Bed Bath] in future litigation. ***Such speculation is not enough to justify extending the stay.***" *Int'l Union of Painters & Allied Trades Dist. Council No. 21 Health & Welfare Fund v. Serv. Painting, Inc.*, No. 18-3480, 2019 U.S. Dist. LEXIS 83446, at *23-24 (E.D. Pa. May 16, 2019) (emphasis added).

*Eighth*, the Objection's speculation that a future bankruptcy plan might include a third-party release cannot warrant freezing this litigation against Gove.  It cites no precedent extending the bankruptcy stay because a plan might contain a third-party release.  At any rate, if that tactic is attempted in Bankruptcy Court, Lead Plaintiff and the putative Class will object and opt out of the release, as is almost always permitted.

For all of these reasons, Lead Plaintiff respectfully requests that Bed Bath's Objection be overruled in its entirety.

Dated: May 9, 2023                                Respectfully submitted,

                                                  /s/ *Omar Jafri*
                                                  Omar Jafri

                                                  **POMERANTZ LLP**

                                                  Joshua B. Silverman (admitted *pro hac vice*)
                                                  Omar Jafri (admitted *pro hac vice*)
                                                  Christopher P.T. Tourek (admitted *pro hac vice*)
                                                  10 S. LaSalle Street, Suite 3505
                                                  Chicago, IL 60603
                                                  Tel: (312) 377-1181
                                                  Fax: (312) 377-1184
                                                  Email: jbsilverman@pomlaw.com
                                                         ojafri@pomlaw.com
                                                         ctourek@pomlaw.com

                                                  -and-

8

Jeremy A. Lieberman (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
E-mail: jalieberman@pomlaw.com

*Counsel for Lead Plaintiff Bratya SPRL and Co-Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**

Peretz Bronstein (admitted *pro hac vice*)
Yitzchak E. Soloveichik (admitted *pro hac vice*)
Eitan Kimelman (admitted *pro hac vice*)
60 East 42nd Street, Suite 4600
New York, NY 10165
Tel: (212) 697-6484
Fax: (212) 697-7296
peretz@bgandg.com
soloveichik@bgandg.com
eitank@bgandg.com

*Counsel for Lead Plaintiff Bratya SPRL and Co-Lead Counsel for the Class*

**COHEN MILSTEIN SELLERS & TOLL PLLC**

Steven J. Toll (D.C. Bar No. 225623)
Daniel S. Sommers (D.C. Bar No. 416549)
Jan E. Messerschmidt (D.C. Bar No. 1031488)
1100 New York Avenue, N.W., Fifth Floor
Washington, D.C. 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
jmesserschmidt@cohenmilstein.com

*Liaison Counsel for Lead Plaintiff Bratya SPRL and for the Class*