**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

IN RE BED BATH & BEYOND
CORPORATION SECURITIES
LITIGATION

Case No. 1:22-cv-02541-TNM

## DEFENDANTS RC VENTURES LLC AND RYAN COHEN'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO THE SECOND AMENDED COMPLAINT

Defendants RC Ventures LLC ("RCV") and Ryan Cohen (together, the "Cohen Defendants") by and through their undersigned counsel, hereby respectfully submit the following Answer and Affirmative and Other Defenses ("Answer") in response to Lead Plaintiff Bratya SPRL's ("Plaintiff's") Second Amended Complaint (the "Complaint"). *See* ECF No. 66.

## PRELIMINARY STATEMENT

The Cohen Defendants' Answer is based on their investigation to date, which is ongoing. The Cohen Defendants reserve their right to supplement, clarify, or amend their Answer during the course of litigation, as additional information becomes available and as their investigation continues. For the sake of clarity and the avoidance of doubt, to the extent an allegation in the Complaint is not expressly admitted, the Cohen Defendants deny each and every such allegation. Many of the Complaint's allegations state legal conclusions or purport to characterize or selectively quote from documents out of context. To the extent responses are required to any such allegations, the Cohen Defendants deny all such allegations. The Cohen Defendants further deny any allegations contained in, or inferences that may be drawn from, the captions or footnotes

1

contained in the Complaint, or any other portion of the Complaint outside of its numbered paragraphs.  The Cohen Defendants further object to the compound nature of the allegations in the Complaint's paragraphs and footnotes, which violates Federal Rule of Civil Procedure 10(b).  Relatedly, the Complaint violates Rule 8(a) of the Federal Rules of Civil Procedure because it fails to include short and plain statements of the claims showing that Plaintiff and the putative class are entitled to relief, as well as Rule 8(d) of the Federal Rule of Civil Procedure because its allegations are not simple, concise, and direct.  Finally, the Cohen Defendants assert that this action and all of Plaintiff's claims are without merit and that no relief is warranted.

## UNNUMBERED PARAGRAPH

The unnumbered paragraph contains conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants admit that Plaintiff purports to bring a class action on behalf of the individuals described in the unnumbered paragraph of the Complaint, but deny that the Cohen Defendants engaged in any violation of law.  The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the bases for the Complaint's allegations and Plaintiff's belief about the sufficiency of the evidence.

## NUMBERED PARAGRAPHS

1.      The statements in Paragraph 1 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny these allegations and note that pursuant to this Court's July 27 Memorandum Opinion and Order, Plaintiff's claim against the Cohen Defendants pursuant to Section 9(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") has been dismissed.

2.      The Cohen Defendants admit, based on the public filings of Bed Bath & Beyond ("BBBY" or the "Company"), the allegations in the first three sentences of Paragraph 2.  The

Cohen Defendants admit that the Company filed for bankruptcy on April 23, 2023.  The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2.

3.      The statements in Paragraph 3 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 3.  To the extent Paragraph 3 contains allegations against defendants other than the Cohen Defendants, no response is required.

4.      Paragraph 4 contains Plaintiff's characterization of a stock market concept not directed at any defendant to which no response is required.  To the extent this characterization purports to allege or support a claim against the Cohen Defendants, it is denied.  The Cohen Defendants admit that Mr. Cohen has been publicly critical of executives that earn undeserved, risk-free and excessive compensation detached from actual results.  The Cohen Defendants admit that in March 2022, Mr. Cohen held a 9.8% ownership interest in BBBY.  The Cohen Defendants further admit that Mr. Cohen tweeted; these tweets speak for themselves.  The Cohen Defendants respectfully refer the Court to the tweets for their true and correct contents and deny any inconsistent or misleading characterizations thereof.  All remaining allegations in Paragraph 4 are denied.

5.      Paragraph 5 cites to the cooperation agreement that RCV and BBBY entered into on March 24, 2022 (the "***Cooperation Agreement***"), attached as Exhibit 99.1 to the Cohen Defendants' March 25, 2022 Schedule 13D/A filing with the Securities Exchange Commission (the "SEC").  The Cooperation Agreement speaks for itself, and the Cohen Defendants respectfully refer the Court to the agreement for its true and correct contents.  Any inconsistent or misleading characterization is denied.  The Cohen Defendants lack information sufficient to form a belief

about the subjective allegation that buybuy BABY was "then considered the 'crown jewel'" of BBBY.  The Cohen Defendants deny the remaining allegations in Paragraph 5.

6.      The first sentence of Paragraph 6 refers to a letter from the Cohen Defendants to the Board of Directors of BBBY, attached as Exhibit 99.1 to a Schedule 13D filed on March 7, 2022 (the "March 7 Letter"), which speaks for itself, and the Cohen Defendants respectfully refer the Court to that filing for its true and correct contents.  Any inconsistent or misleading characterization of the filing is denied.  The Cohen Defendants deny the remaining allegations in Paragraph 6.

7.      The statements in Paragraph 7 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 7.

8.      The statements in Paragraph 8 constitute conclusions of law to which no response is required.  To the extent that a response is required, the Cohen Defendants deny the allegations in Paragraph 8.

9.      The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding what unidentified investors purportedly "unambiguously understood."  Paragraph 9 also refers to SEC filings dated August 15, 2022 and August 16, 2022, which speak for themselves, and the Cohen Defendants respectfully refer the Court to these filings for their true and correct contents.  Any inconsistent or misleading characterization of these filings is denied.  Paragraph 9 also contains conclusions of law to which no response is required, but to the extent a response is required, these allegations are denied.  The Cohen Defendants deny the remaining allegations in Paragraph 9.

10.     Paragraph 10 refers to a Form 144 filed by the Cohen Defendants with the SEC on August 16, 2022, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the filing for its true and correct contents.  Any inconsistent or misleading characterization of the filing is denied.  The Cohen Defendants admit that the Form 144 became public on August 17, 2022.  The Cohen Defendants deny the remaining allegations in Paragraph 10.

11.     Paragraph 11 relates to claims and allegations against defendants other than the Cohen Defendants to which no response is required.  To the extent that a response is required, Paragraph 11 purports to characterize an August 17, 2022 article from CNBC, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the article for its true and correct contents.  Any inconsistent or misleading characterization of the article is denied.  Paragraph 11 also contains conclusions of law to which no response is required.  To the extent that a response is required, the Cohen Defendants deny the allegations in Paragraph 11.

12.     Paragraph 12 refers to a Schedule 13D/A and a Form 4, filed with the SEC on August 18, 2022, which speak for themselves, and the Cohen Defendants respectfully refer the Court to the respective filings for their true and correct contents.  Any inconsistent or misleading characterization of these filings is denied.  The Cohen Defendants admit that on August 19, 2022 BBBY closed at $11.03, and that on August 18, 2022 it closed at $18.55 per share.  The Cohen Defendants admit that on August 18, 2022, BBBY's trading volume was 174,914,300 shares.  The Cohen Defendants admit that on August 22, 2022 BBBY, closed at $9.24 per share.  The Cohen Defendants admit that on August 23, 2022, BBBY closed at $8.78.  The remaining allegations in Paragraph 12 constitute conclusions of law, to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 12 are denied.

13.     The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, except admit that Mr. Cohen has not disclosed whether he has received a notice of investigation by the SEC.

14.     The statement in Paragraph 14 constitutes a conclusion of law to which no response is required.  To the extent that a response is required, the Cohen Defendants deny the allegations in Paragraph 14.

15.     The statements in Paragraph 15 constitute conclusions of law to which no response is required.

16.     The statements in Paragraph 16 constitute conclusions of law to which no response is required.

17.     The statements in Paragraph 17 constitute conclusions of law to which no response is required.

18.     The statements in Paragraph 18 constitute conclusions of law to which no response is required.

19.     The statements in Paragraph 19 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 19 are denied.

20.     The Cohen Defendants admit that Mr. Cohen is the former CEO of Chewy, Inc. ("Chewy"), an online retailer of pet food and other pet-related products, and that he currently serves as the Chairman of the Board of Directors of GameStop.  The Cohen Defendants admit that Mr. Cohen has at times acted as activist investor.  The allegation that Mr. Cohen has a "long-term interest in turning around troubled companies" is not sufficiently definite for the Cohen Defendants to respond.  The Cohen Defendants otherwise deny the allegations in Paragraph 20.

21.     The Cohen Defendants admit Paragraph 21.

22.     The Cohen Defendants admit Paragraph 22.

23.     Paragraph 23 contains allegations directed to defendants other than the Cohen Defendants to which no response is required.  To the extent a response is required, the Cohen Defendants admit the allegations in Paragraph 23.

24.     Paragraph 24 cites to an article from Seeking Alpha, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the article for its true and correct contents. Any inconsistent or misleading characterization of the article is denied.  The Cohen Defendants admit that Mr. Cohen's investments in GameStop have appreciated in excess of 500% as of today. The Cohen Defendants deny the remaining allegations in Paragraph 24.

25.     Paragraph 25 contains Plaintiff's characterization of economic concepts and does not contain factual allegations.  Paragraph 25 also is not directed at any defendant.  For these reasons, Paragraph 25 does not require a response.  To the extent Paragraph 25 purports to allege or support a claim against the Cohen Defendants, it is denied.

26.     Paragraph 26 contains Plaintiff's characterization of economic concepts and does not contain factual allegations.  Paragraph 26 also is not directed at any defendant.  For these reasons, Paragraph 26 does not require a response.  To the extent Paragraph 26 purports to allege or support a claim against the Cohen Defendants, it is denied.

27.     Paragraph 27 contains Plaintiff's characterization of economic concepts and does not contain factual allegations.  Paragraph 27 also is not directed at any defendant.  For these reasons, Paragraph 27 does not require a response.  To the extent Paragraph 27 purports to allege or support a claim against the Cohen Defendants, it is denied.

28.     Paragraph 28 contains Plaintiff's characterization of economic concepts and does not contain factual allegations.  Paragraph 28 also is not directed at any defendant.  For these

reasons, Paragraph 28 does not require a response.  To the extent Paragraph 28 purports to allege or support a claim against the Cohen Defendants, it is denied.

29.     Paragraph 29 refers to a Form 3 filed by the Cohen Defendants with the SEC on August 15, 2022, and a Schedule 13D/A filed by the Cohen Defendants with the SEC on August 16, 2022, which speak for themselves, and the Cohen Defendants respectfully refer the Court to the respective filings for their true and correct contents.  Any inconsistent or misleading characterization of these filings is denied.  The Cohen Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations concerning the beliefs or actions of "[r]etail investors on Twitter, Reddit and other forums on the internet."  The Cohen Defendants deny the remaining allegations in Paragraph 29.

30.     The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 30.  Paragraph 30 cites to articles from THE WALL STREET JOURNAL and BENZINGA, which speak for themselves, and the Cohen Defendants respectfully refer the Court to the respective articles for their true and correct contents. Any inconsistent or misleading characterization of these articles is denied.  The Cohen Defendants deny the remaining allegations in Paragraph 30.

31.     The statements in Paragraph 31 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 31.

32.     Paragraph 32 contains Plaintiff's characterization of economic concepts and conclusions of law and does not contain factual allegations.  Paragraph 32 also is not directed at any defendant.  For these reasons, Paragraph 32 does not require a response.  To the extent Paragraph 32 purports to allege or support a claim against the Cohen Defendants, it is denied.

33.     Paragraph 33 contains Plaintiff's characterization of economic concepts and conclusions of law and does not contain factual allegations.  Paragraph 33 also is not directed at any defendant.  For these reasons, Paragraph 33 does not require a response.  To the extent Paragraph 33 purports to allege or support a claim against the Cohen Defendants, it is denied.

34.     The statements in Paragraph 34 constitute conclusions of law to which no response is required.

35.     The statements in Paragraph 35 constitute conclusions of law to which no response is required.

36.     The statements in Paragraph 36 constitute conclusions of law to which no response is required.

37.     The statements in Paragraph 37 constitute conclusions of law to which no response is required.

38.     The statements in Paragraph 38 constitute conclusions of law to which no response is required.

39.     The statements in Paragraph 39 constitute conclusions of law to which no response is required.

40.     The statements in Paragraph 40 constitute conclusions of law to which no response is required.

41.     Paragraph 41 cites to an article from BLOOMBERG, which speaks for itself, and the Cohen Defendants respectfully refer the Court to that article for its true and correct contents.  Any inconsistent or misleading characterization of this article is denied.  The Cohen Defendants admit the allegations in the first sentence of Paragraph 41.

42.     Because Paragraph 42 contains Plaintiff's irrelevant characterizations of and speculation regarding non-party Chewy's origins and reasons for success, rather than factual allegations, it requires no response.  Paragraph 42 also cites to a video interview of Mr. Cohen by Joe Fonicello, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the video for its true and correct contents.  Any inconsistent or misleading characterization of the video is denied.

43.     The Cohen Defendants admit that in 2017, Chewy was acquired by PetSmart for $3.35 billion.  Because Paragraph 43 contains Plaintiff's characterizations of and speculation regarding non-party Chewy's acquisition by non-party PetSmart, it requires no response.  The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding conversations that the chief executive of PetSmart may have had with certain unspecified board members regarding Chewy.  The Cohen Defendants admit that in October 2020, it was announced that PetSmart and Chewy would be separating.  The Cohen Defendants deny any remaining allegations in Paragraph 43.

44.     To the extent Paragraph 44 cites to certain unidentified interviews, the Cohen Defendants deny any attempt to mischaracterize Mr. Cohen's statements in said interviews.  Additionally, Paragraph 44 cites to an article from ENTREPRENEUR, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the article for its true and correct contents.  Any inconsistent or misleading characterization of the article is denied.  The Cohen Defendants deny that Mr. Cohen makes private investments through his firm, RCV.  The Cohen Defendants admit that RCV does not have any employees.  The Cohen Defendants admit that Mr. Cohen sold his stake in Chewy, earning approximately $1 billion.  The Cohen Defendants admit that Mr.

Cohen invests in companies for the long term.  The remaining allegations in Paragraph 44 are denied.

45.    The Cohen Defendants admit that Mr. Cohen invested in Apple Inc. and Wells Fargo & Co. in 2017, in GameStop beginning in September 2020, and in BBBY beginning in January 2023.  The Cohen Defendants deny the remaining allegations in Paragraph 45.

46.    Paragraph 46 is Plaintiff's characterization of the "meme stock" movement, rather than a factual allegation.  Paragraph 46 is also not directed at any defendant.  For these reasons, Paragraph 46 does not require a response.  To the extent Paragraph 46 purports to allege or support a claim against the Cohen Defendants, it is denied.

47.    Paragraph 47 is Plaintiff's characterization of the "meme stock" movement, rather than a factual allegation.  Paragraph 47 is also not directed at any defendant.  For these reasons, Paragraph 47 does not require a response.  To the extent Paragraph 47 purports to allege or support a claim against the Cohen Defendants, it is denied.

48.    The Cohen Defendants admit that Reddit forums known as r/WallStreetBets and r/Superstonk exist and that a moon emoji appears differently depending on what device or browser is being used to display it.  The Cohen Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 48.

49.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

50.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, except admit that Mr. Cohen has made certain public statements that are critical of short sellers.

51.     The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

52.     The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, except admit that GameStop was founded in 1984, that it sells video games and gaming consoles, that it has a brick-and-mortar presence, and that on August 3, 2020, GameStop's stock closed at $1.04 per share.

53.     Paragraph 53 refers to a Schedule 13D filed by the Cohen Defendants with the SEC on August 28, 2020, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the filing for its true and correct contents.  Any inconsistent or misleading characterization of the filing is denied.  The Cohen Defendants admit that GameStop's price closed at $1.91 per share on September 1, 2020.  The Cohen Defendants admit that GameStop's trading volume was about 16.95 million shares on August 28, 2020, and that GameStop's trading volume was about 151.9 million shares on August 31, 2020.  To the extent that Paragraph 53 purports to characterize statements and sentiments from "retail investors" generally on unidentified "online forums and social media," the Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation.  Paragraph 53 also refers to unidentified tweets by Cohen.  To the extent that this allegation purports to characterize these tweets, the Cohen Defendants lack knowledge or information sufficient to form a belief as to these allegations, but deny any attempt to mischaracterize them.  The Cohen Defendants deny any remaining allegations in Paragraph 53.

54.     Paragraph 54 cites to a video interview of Mr. Cohen by Joe Fonicello, and to the contents of a website known as GMEdd.com, which speak for themselves, and the Cohen Defendants respectfully refer the Court to the video and the website for their true and correct

contents.   Any inconsistent or misleading characterization of either is denied.   The Cohen Defendants deny the remaining allegations in Paragraph 54.

55.     Paragraph 55 refers to a video interview of Mr. Cohen by Joe Fonicello, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the video for its true and correct contents.   Any inconsistent or misleading characterization of the video is denied. Paragraph 55 also refers to a Schedule 13D/A filed by the Cohen Defendants with the SEC on September 21, 2020, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the filing for its true and correct contents.   Any inconsistent or misleading characterization of the filing is denied.   The Cohen Defendants admit that GameStop's stock closed at $2.64 per share on September 22, 2020 with a trading volume of about 139 million shares, and that on September 21, 2022, GameStop's stock closed at $2.18.   The Cohen Defendants deny the remaining allegations in Paragraph 55.

56.     Paragraph 56 refers to Exhibit 99.2 to the Schedule 13D/A filed by the Cohen Defendants with the SEC on November 17, 2020, and dated November 16, 2020, which speaks for itself, and the Cohen Defendants respectfully refer the Court to this filing for its true and correct contents.   Any inconsistent or misleading characterization of the filings is denied.   The Cohen Defendants admit that GameStop opened at $2.79 per share on November 16, 2020, and that it traded at an intraday high of about $4.85 on November 30, 2020.   The Cohen Defendants admit that on November 30, 2020, GameStop closed at $4.14 per share.   The Cohen Defendants admit that the highest trading volume of GameStop from November 16, 2020 to November 30, 2020 was about 127.93 million shares, on November 30, 2020.   The Cohen Defendants admit that the trading volume of GameStop was about 14.18 million shares on November 13, 2020.   The Cohen Defendants deny any remaining allegations in Paragraph 56.

57.     Paragraph 57 refers to a Form 8-K, filed by GameStop with the SEC on December 8, 2020, and an article from THE WALL STREET JOURNAL.  These documents speak for themselves, and the Cohen Defendants respectfully refer the Court to the documents for their true and correct contents.  Any inconsistent or misleading characterization of these documents is denied.  The Cohen Defendants admit that in December 2020, Mr. Cohen communicated with GameStop's then-chairwoman, Kathy Vrabeck, and expressed dissatisfaction with an at-the-market transaction that GameStop was contemplating.  The Cohen Defendants admit that GameStop postponed the planned sale shortly after.  The Cohen Defendants deny any remaining allegations in Paragraph 57.

58.     The Cohen Defendants deny the allegations in Paragraph 58.

59.     The Cohen Defendants admit that financial analyst Keith Gill posted on Twitter, r/WallStreetBets, and YouTube.  Paragraph 59 also refers to text and video posts by Mr. Gill, which speak for themselves, and the Cohen Defendants respectfully refer the Court to these posts for their true and correct contents.  Any inconsistent or misleading characterization thereof is denied.

60.     The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60.

61.     Paragraph 61 cites to an article from ASCENDIANT CAPITAL MARKETS, LLC, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the article for its true and correct contents.  Any inconsistent or misleading characterization of the article is denied.

62.     The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding actions taken or beliefs held by unidentified retail investors. Paragraph 62 cites to a Reddit post, which speaks for itself, and the Cohen Defendants respectfully

refer the Court to the post for its true and correct contents.  Any inconsistent or misleading characterization of the post or the reception thereof is denied.

63.     Paragraph 63 cites to a Schedule 13D/A, filed by the Cohen Defendants with the SEC on December 21, 2020, a Form 3, filed by the Cohen Defendants with the SEC on December 21, 2020, and a Form 4, filed by the Cohen Defendants with the SEC on December 21, 2020. These filings speak for themselves, and the Cohen Defendants respectfully refer the Court to these filings for their true and correct contents.  Any inconsistent or misleading characterization of these filings is denied.  The Cohen Defendants admit that GameStop closed at about $3.88 per share on December 21, 2020, and closed at about $5.14 per share on December 23, 2020.  The Cohen Defendants admit that the trading volume of GameStop on December 21, 2020 was 39,504,512 shares, and that the trading volume on December 22, 2020 was 122,750,880 shares.  The Cohen Defendants deny the remaining allegations in Paragraph 63.

64.     Paragraph 64 refers to a Form 8-K and Exhibit 99.1 thereto, filed by GameStop with the SEC on January 11, 2021.  These filings speak for themselves, and the Cohen Defendants respectfully refer the Court to these filings for their true and correct contents.  Any inconsistent or misleading characterization of the filings is denied.  The Cohen Defendants admit that GameStop traded at an intraday high of about $10.76 on January 14, 2021.  The Cohen Defendants admit that GameStop closed at about $9.97 per share on January 14, 2021.  The Cohen Defendants deny the remaining allegations in Paragraph 64.

65.     The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65.

66.     Paragraph 66 cites to an article from THE WALL STREET JOURNAL, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the article for its true and correct

contents.  Any inconsistent or misleading characterization of the article is denied.  The Cohen Defendants admit that GameStop's price opened at about $5.12 per share on January 13, 2021, and closed at $7.85 per share.  The Cohen Defendants admit that the trading volume of GameStop was about 28.24 million shares on January 12, 2021, and that it was about 578 million shares on January 13, 2021.  The Cohen Defendants deny any remaining allegations in Paragraph 66.

67.     Paragraph 67 cites to an article from THE WALL STREET JOURNAL, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the article for its true and correct contents.  Any inconsistent or misleading characterization of the article is denied.

68.     The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 regarding the actions and beliefs of unidentified retail investors.  The Cohen Defendants deny any remaining allegations in Paragraph 68.

69.     Paragraph 69 refers to certain unidentified posts on Reddit and Twitter.  The Cohen Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69, but deny any inconsistent or misleading characterization of these posts or the level of engagement therewith.

70.     The Cohen Defendants admit that trading volume on each day from January 22, 2021 to January 26, 2021 exceeded 700 million shares.  The Cohen Defendants deny the remainder of Paragraph 70.

71.     The Cohen Defendants admit that on January 25, 2021, GameStop closed at about $19.19 per share, that on January 26, 2021, GameStop closed at about $36.99 per share, that on January 27, 2021, GameStop closed at about $86.88 per share, and that on January 28, 2021, GameStop traded at an intraday high of $120.75 per share and closed at $48.40 per share.  The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations regarding actions taken by unidentified short sellers and options dealers. The Cohen Defendants deny any remaining allegations in Paragraph 71.

72.     Paragraph 72 cites to an article from THE WALL STREET JOURNAL, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the article for its true and correct contents. Any inconsistent or misleading characterization of the article is denied. The Cohen Defendants deny any remaining allegations in Paragraph 72.

73.     Paragraph 73 refers to Mr. Cohen's Twitter feed, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the feed for its true and correct contents. Any inconsistent or misleading characterization of the feed is denied. The Cohen Defendants admit that Mr. Cohen tweeted memes. The Cohen Defendants deny the remaining allegations in Paragraph 73.

74.     Paragraph 74 cites to a video interview of Mr. Cohen by Joe Fonicello and certain tweets and posts on Reddit, which speak for themselves, and the Cohen Defendants respectfully refer the Court to these posts for their true and correct contents. Paragraph 74 cites to posts by unidentified users on unidentified forums and as such, the Cohen Defendants lack knowledge or information sufficient to form a belief regarding the truth of these allegations. To the extent Paragraph 74 mischaracterizes or misrepresents these posts, the Cohen Defendants deny these allegations. The Cohen Defendants deny any remaining allegations in Paragraph 74.

75.     The Cohen Defendants deny the allegations in Paragraph 75.

76.     Paragraph 76 cites to a tweet by Mr. Cohen, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the tweet for its true and correct contents. Any inconsistent or misleading characterization of the tweet is denied. The Cohen Defendants lack knowledge or information sufficient to from a belief as to the truth of the allegations regarding the

understanding of unidentified Reddit and Twitter users.  The Cohen Defendants admit that GameStop's stock opened at $11.17 on February 24, 2021, and that it traded an intraday high of $46.17 on February 25, 2021.  The Cohen Defendants admit that GameStop's stock closed at about $27.18 on February 25, 2021.  The Cohen Defendants admit that GameStop had a trading volume of about 332.45 million shares on February 24, 2021, and about 601.24 million shares on February 25, 2021.  Paragraph 76 also cites to an article from THE WALL STREET JOURNAL, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the article for its true and correct contents.  Any inconsistent or misleading characterization of the article is denied.  The Cohen Defendants deny the remaining allegations in Paragraph 76.

77.     Paragraph 77 references a tweet, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the tweet for its true and correct contents.  Any inconsistent or misleading characterization of the tweet is denied.  The Cohen Defendants deny the remaining allegations in Paragraph 77.

78.     Paragraph 78 references a tweet, an article from THE WALL STREET JOURNAL, and a GameStop announcement, which speak for themselves, and the Cohen Defendants respectfully refer the Court to these sources for their true and correct contents.  Any inconsistent or misleading characterization of these sources is denied.  The Cohen Defendants admit that GameStop closed at about $38.67 per share on April 16, 2021, and at about $41.09 per share on April 19, 2021.  The Cohen Defendants admit that the trading volume of GameStop was 20,858,840 on April 16, 2021 and 42,080,840 on April 19, 2021.  The Cohen Defendants deny any remaining allegations in Paragraph 78.

79.     The Cohen Defendants admit that Mr. Cohen became Chairman of GameStop's Board of Director in June 2021, and that Mr. Cohen oversaw the appointments of a new CEO,

CFO, and Chief Growth Officer.  Paragraph 79 cites to articles from PARAGON INTEL and ASCENDANT CAPITAL MARKETS, LLC, which speak for themselves, and the Cohen Defendants respectfully refer the Court to the articles for their true and correct contents.  Any inconsistent or misleading characterization of the articles is denied.

80.     The Cohen Defendants admit that Mr. Cohen tweeted about GameStop and tweeted the letters "MGGA."  These tweets speak for themselves, and the Cohen Defendants respectfully refer the Court to the tweets for their true and correct contents.  Any inconsistent or misleading characterization of the tweets is denied.  Paragraph 80 also cites to Reddit posts, which speak for themselves, and the Cohen Defendants respectfully refer the Court to the posts for their true and correct contents.  Any inconsistent or misleading characterization of the posts is denied.  The remaining allegations in Paragraph 80 are denied.

81.     The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding tweets by unidentified users at unidentified dates and times.  The Cohen Defendants admit that GameStop traded at about $45.88 per share on October 29, 2022, and closed at about $50.02 per share on November 1, 2022.  The Cohen Defendants admit that the trading volume of GameStop was about 10 million shares on October 29, 2022, and about 19.78 million shares on November 1, 2022.  The Cohen Defendants deny any remaining allegations in Paragraph 81.

82.     Paragraph 82 references a Schedule 13D/A filed by the Cohen Defendants with the SEC on March 22, 2022, and an article from REUTERS, which speak for themselves, and the Cohen Defendants respectfully refer the Court to these documents for their true and correct contents.  Any inconsistent or misleading characterization of the documents is denied.  The Cohen Defendants admit that GameStop's stock experienced about a 30.72% change on March 22, 2022.  The Cohen

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that this was the "highest one-day percentage gain for the company since March 25, 2021." The Cohen Defendants deny any remaining allegations in Paragraph 82.

83.     Paragraph 83 references a tweet and response, which speak for themselves, and the Cohen Defendants respectfully refer the Court to the tweets for their true and correct contents. Any inconsistent or misleading characterization of the tweets is denied. The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Mr. Cohen's tweet was "met with a jubilant reaction." The Cohen Defendants deny any remaining allegations in Paragraph 83.

84.     The Cohen Defendants admit that on March 21, 2022 GameStop's stock closed at $23.55 per share, that on March 28, 2022 its stock traded at an intraday high of $47.71 per share, and that on March 28, 2022, GameStop's stock closed at about $47.40 per share. The Cohen Defendants admit that between March 21, 2022 and March 28, 2022 the highest trading volume was about 98.40 million shares traded on March 23, 2022. The Cohen Defendants admit that GameStop traded at about 15.81 million shares on March 21, 2022. The Cohen Defendants admit that the average trading volume between March 22, 2022 and March 28, 2022 was about 62.73 million shares. The Cohen Defendants deny any remaining allegations in Paragraph 84.

85.     Paragraph 85 contains conclusions of law to which no response is required. The Cohen Defendants deny any remaining allegations in Paragraph 85.

86.     Paragraph 86 relates to claims and allegations against defendants other than the Cohen Defendants to which no response is required. The Cohen Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86.

87.     Paragraph 87 relates to claims and allegations against defendants other than the Cohen Defendants to which no response is required.   The Cohen Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87.

88.     Paragraph 88 relates to claims and allegations against defendants other than the Cohen Defendants to which no response is required.   The Cohen Defendants further lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88.

89.     Paragraph 89 relates to claims and allegations against defendants other than the Cohen Defendants to which no response is required.   The Cohen Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89.

90.     Paragraph 90 relates to claims and allegations against defendants other than the Cohen Defendants to which no response is required.   The Cohen Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90.

91.     Paragraph 91 relates to claims and allegations against defendants other than the Cohen Defendants to which no response is required.

92.     Paragraph 92 cites to a Schedule 13D filed by the Cohen Defendants with the SEC on March 7, 2022, and a Form 10-Q, filed by BBBY with the SEC on January 6, 2022, which speak for themselves, and the Cohen Defendants respectfully refer the Court to the filings for their true and correct contents.   Any inconsistent or misleading characterization of the filings is denied.

93.     Paragraph 93 refers to the Schedule 13D filed by the Cohen Defendants with the SEC on March 7, 2022, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the filing for its true and correct contents.  Any inconsistent or misleading characterization of the filing is denied.  The Cohen Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93.

94.     Paragraph 94 cites to the Schedule 13D filed with the SEC by the Cohen Defendants on March 7, 2022, and Exhibit 99.1 attached thereto, which speak for themselves, and the Cohen Defendants respectfully refer the Court to these documents for their true and correct contents.  Any inconsistent or misleading characterization of these filings is denied.

95.     Paragraph 95 cites to Exhibit 99.1 to the Schedule 13D filed by the Cohen Defendants with the SEC on March 7, 2022, which speaks for itself, and the Cohen Defendants respectfully refer the Court to this filing for its true and correct contents.  Any inconsistent or misleading characterization of this filing is denied.

96.     The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the reaction of retail investors to the Cohen Defendants' March 7, 2022 Schedule 13D filing.  Paragraph 96 refers to posts on Reddit, which speak for themselves, and the Cohen Defendants respectfully refer the Court to these posts for their true and correct contents.  Any inconsistent or misleading characterization of these posts is denied.  The Cohen Defendants deny any remaining allegations in Paragraph 96.

97.     The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that the intraday percentage increase in BBBY's stock seen on March 7, 2022 was the largest since the Company's IPO in June 1992.  The Cohen Defendants admit that BBBY's stock closed at $16.18 per share on March 6, 2022, and opened at $30 per share

on March 7, 2022.  The Cohen Defendants admit that BBBY's trading volume on March 6, 2022 was 2.8 million shares, and that its trading volume was greater than 105 million shares on March 7, 2022.  The Cohen Defendants deny any remaining allegations in Paragraph 97.

98.     Paragraph 98 cites to an article from REUTERS, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the article for its true and correct contents.  Any inconsistent or misleading characterization of the article is denied.

99.     Paragraph 99 cites to documents filed with the SEC, which speak for themselves, and the Cohen Defendants respectfully refer the Court to these documents for their true and correct contents.  Any inconsistent or misleading characterization of the documents is denied.

100.    Paragraph 100 purports to characterize the Cooperation Agreement, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the document for its true and correct contents.  Any inconsistent or misleading characterization of the agreement is denied.

101.    Paragraph 101 characterizes a March 25, 2022 joint press release by BBBY and Mr. Cohen, attached as Exhibit 99.1 to BBBY's Form 8-K and filed with the SEC on March 25, 2022, and the Cooperation Agreement.  These filings speak for themselves, and the Cohen Defendants respectfully refer the Court to these filings for their true and correct contents.  Any inconsistent or misleading characterization of the filings is denied.  The Cohen Defendants deny any remaining allegations in Paragraph 101.

102.    Paragraph 102 refers to the March 7 Letter, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the letter for its true and correct contents.  Any inconsistent or misleading characterization of the letter is denied.  The Cohen Defendants admit that as of March 7, 2022, BBBY's market cap was $1.6 billion and its total liabilities were $5

billion.  The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding unidentified analysts' assessments.

103.     Paragraph 103 refers to Exhibit 99.1 to a Form 8-K, filed by BBBY with the SEC on April 13, 2022, which speaks for itself, and the Cohen Defendants respectfully refer the Court to this filing for its true and correct contents.  Any inconsistent or misleading characterization of this filing is denied.  The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding unidentified analysts' assessments.

104.     Paragraph 104 characterizes an article from WELLS FARGO, which speaks for itself, and the Cohen Defendants respectfully refer the Court to this document for its true and correct contents.  Any inconsistent or misleading characterization of this article is denied.  To the extent that Paragraph 104 purports to characterize the opinion of other unidentified analysts, the Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

105.     Paragraph 105 characterizes an article from LOOP CAPITAL MARKETS, which speaks for itself, and the Cohen Defendants respectfully refer the Court to this document for its true and correct contents.  Any inconsistent or misleading characterization of this article is denied.  The Cohen Defendants deny any other allegations in Paragraph 105.

106.     Paragraph 106 refers to a Form 10-K, filed by BBBY with the SEC on April 21, 2022, which speaks for itself, and the Cohen Defendants respectfully refer the Court to this filing for its true and correct contents.  Any inconsistent or misleading characterization of this filing is denied.  The Cohen Defendants lack information sufficient to form a belief as to the truth of the allegations concerning the opinions of BBBY shareholders.

107.    The statements in Paragraph 107 constitute conclusions of law to which no response is required, but to the extent a response is required, these allegations are denied.  Paragraph 107 also cites to the March 7 Letter, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the letter for its true and correct contents.  Any inconsistent or misleading characterization of the letter is denied.  Any other allegations in Paragraph 107 are denied.

108.    Paragraph 108 cites to an analyst report by LOOP CAPITAL MARKETS, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the report for its true and correct contents.  Any inconsistent or misleading characterization of the report is denied.

109.    Paragraph 109 refers to a Schedule 14A filed by BBBY on June 1, 2022, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the filing for its true and correct contents.  Any inconsistent or misleading characterization of the filing is denied.

110.    The statements in Paragraph 110 constitute conclusions of law to which no response is required.  To the extent that a response is required, the Cohen Defendants deny the allegations in Paragraph 110.

111.    Paragraph 111 cites a tweet by Mr. Cohen, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the tweet for its true and correct contents.  Any inconsistent or misleading characterization of the tweet is denied.

112.    Paragraph 112 refers to a Form 8-K, filed by BBBY with the SEC on June 29, 2022, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the filing for its true and correct contents.  Any inconsistent or misleading characterization of the filing is denied.  Paragraph 112 also refers to tweets by Mr. Cohen and replies thereto, which speak for themselves, and the Cohen Defendants respectfully refer the Court to the tweets for their true and correct

contents.  Any inconsistent or misleading characterization of the tweets is denied.  Any additional allegations in Paragraph 112 are denied.

113.    Paragraph 113 cites to an article from BLOOMBERG, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the article for its true and correct contents.  Any inconsistent or misleading characterization of the article is denied.  The Cohen Defendants admit that Mr. Cohen was not a passive investor and had certain communications with the Board of BBBY about the Company.  Any additional allegations in Paragraph 113 are denied.

114.    Paragraph 114 cites to the Company's financial results and an article from MORGAN STANLEY, which speak for themselves, and the Cohen Defendants respectfully refer the Court to these documents for their true and correct contents.   Any inconsistent or misleading characterization of these documents is denied.

115.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115.

116.    Paragraph 116 characterizes the August 2021 Credit Agreement attached as Exhibit 10.1 to a Form 8-K and filed by BBBY with the SEC on August 9, 2021 (the "2021 Credit Agreement").  The 2021 Credit Agreement speaks for itself, and the Cohen Defendants respectfully refer the Court to the 2021 Credit Agreement for its and correct contents.  Any inconsistent or misleading characterization of the agreement is denied.  Paragraph 116 also contains Plaintiff's characterization of economic concepts and does not contain factual allegations directed at any defendant.  For this reason, the first three sentences of Paragraph 116 do not require a response.  To the extent these statements purport to allege or support a claim against the Cohen Defendants, they are denied.

117.    Paragraph 117 characterizes the 2021 Credit Agreement, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the Credit Agreement for its true and correct contents.  Any inconsistent or misleading characterization of the agreement is denied. Paragraph 117 also contains Plaintiff's characterization of economic concepts and does not contain factual allegations directed at any defendant.  These statements require no response.  To the extent these statements purport to allege or support a claim against the Cohen Defendants, they are denied.

118.    Paragraph 118 characterizes the 2021 Credit Agreement, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the 2021 Credit Agreement for its true and correct contents.  Any inconsistent or misleading characterization of the agreement is denied. The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that the Company had already borrowed $400 million under the ABL Facility at the end of the first quarter of 2022.  Any additional allegations in Paragraph 118 are denied.

119.    Paragraph 119 cites to and characterizes an article from BLOOMBERG, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the article for its and correct contents.  Any inconsistent or misleading characterization of the article is denied.  All additional allegations in Paragraph 119 are denied.

120.    Paragraph 120 consists of conclusions of law to which no response is required.  To the extent that a response is required, the Cohen Defendants deny the allegations in Paragraph 120.

121.    Paragraph 121 refers to and attempts to characterize a press release issued by BBBY on June 29, 2022 and attached as Exhibit 99.1 to a Form 8-K, filed with the SEC by BBBY on June 29, 2022.  The press release speaks for itself, and the Cohen Defendants respectfully refer the Court to the press release for its true and correct contents.  Any inconsistent or misleading

characterization of the press release is denied.  The Cohen Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding what was in management's mind before the Class Period.  Any additional allegations in Paragraph 121 are denied.

122.     The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding what was said by Harriet Edelman at BBBY's Annual Meeting of Shareholders on July 14, 2022.  Paragraph 122 refers to the Cooperation Agreement, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the Cooperation Agreement for its true and correct contents.  Any inconsistent or misleading characterization of the Cooperation Agreement is denied.  The remaining allegations in Paragraph 122 are denied.

123.     The Cohen Defendants admit that Mr. Cohen communicated with BBBY's management about strategic decisions facing the Company on several occasions.  The second sentence of Paragraph 123 refers to an article from BLOOMBERG dated June 29, 2022, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the article for its true and correct contents.  Any inconsistent or misleading characterization of the article is denied.  The third sentence of Paragraph 123 refers to BBBY's Corporate Governance Guidelines, dated November 2022., which speaks for itself, and the Cohen Defendants respectfully refer the Court to the policy for its true and correct contents.  Any inconsistent or misleading characterization of the policy is denied.  The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that "Cohen's appointees had access to Company data on a granular level" in Paragraph 123.  The Cohen Defendants deny the remaining allegations Paragraph 123.

124.     Paragraph 124 characterizes an article from THE WALL STREET JOURNAL, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the article for its and

correct contents.  Any inconsistent or misleading characterization of the article is denied.  Cohen Defendants deny any remaining allegations in Paragraph 124.

125.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125.

126.    Paragraph 126 characterizes the 2021 Credit Agreement, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the document for its and correct contents. Any inconsistent or misleading characterization of the agreement is denied.  The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 126.

127.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127.

128.    Paragraph 128 cites to an article from THE WALL STREET JOURNAL, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the article for its true and correct contents.  Any inconsistent or misleading characterization of the article is denied.  The Cohen Defendants deny any remaining allegations in Paragraph 128.

129.    Paragraph 129 cites to a Form 8-K, filed by BBBY with the SEC on August 18, 2022, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the filing for its true and correct contents.  Any inconsistent or misleading characterization of the filing is denied.  The Cohen Defendants deny any remaining allegations in Paragraph 129.

130.    Paragraph 130 characterizes two articles from BLOOMBERG, which speak for themselves, and the Cohen Defendants respectfully refer the Court to the articles for their and correct contents.  Any inconsistent or misleading characterization of the articles is denied.  The Cohen Defendants admit that S&P Global Ratings downgraded BBBY's credit rating to CCC on

August 22, 2022.  The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the reasons for S&P Global Ratings' decision.

131.    Paragraph 131 cites to a Form 8-K filed by BBBY with the SEC on August 31, 2022, a Form 8-K filed by BBBY with the SEC on September 1, 2022, and a Form 10-Q filed by BBBY with the SEC on September 30, 2022.  These filings speak for themselves, and the Cohen Defendants respectfully refer the Court to the filings for their true and correct contents.  Any inconsistent or misleading characterization of these documents is denied.

132.    Paragraph 132 refers to a Form 8-K filed by BBBY with the SEC on September 1, 2022, and a Form 8-K filed by BBBY with the SEC on October 18, 2022.  These filings speak for themselves, and the Cohen Defendants respectfully refer the Court to the filings for their true and correct contents.  Any inconsistent or misleading characterization of the filings is denied.  The Cohen Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations regarding S&P Global Ratings' opinion on these filings.

133.    Paragraph 133 contains legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  Paragraph 133 also characterizes the 2022 Credit Agreement, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the agreement for its true and correct contents.  Any inconsistent or misleading characterization of the agreement is denied.  All other allegations in Paragraph 133 are denied.

134.    Paragraph 134 characterizes the 2022 Credit Agreement, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the agreement for its true and correct contents.  Any inconsistent or misleading characterization of the agreement is denied.

135.    Paragraph 135 cites an article from REUTERS, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the article for its true and correct contents.  Any

inconsistent or misleading characterization of the article is denied.  The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding other unspecified "media reports."

136.    The statements in Paragraph 136 constitute conclusions of law to which no response is required.  To the extent that a response is required, the Cohen Defendants deny the allegations in Paragraph 136.

137.    Paragraph 137 refers to 2022 Credit Agreement and the First Amendment to the Amended and Restated Credit Agreement, which speak for themselves, and the Cohen Defendants respectfully refer the Court to the documents for their true and correct contents.  Any inconsistent or misleading characterization of these documents is denied.  The Cohen Defendants lack information sufficient to form a belief as to when the parties to the 2022 Credit Agreement agreed on a "strategic path."  Paragraph 137 further contains conclusions of law to which no response is required, but to the extent a response is required, the allegations are denied.  Any remaining allegations in Paragraph 137 are denied.

138.    The Cohen Defendants admit that BBBY's stock closed at about $27.23 per share on March 29, 2022 and that BBBY's stock closed at $4.84 per share on July 28, 2022.  The Cohen Defendants further admit that, based on public filings, the Company reported poor financial results. The Cohen Defendants lack knowledge or information sufficient to form a belief as to the allegations (1) regarding BBBY's "short float"; (2) that BBBY was the subject of a short squeeze in 2020 and January 2021; and (3) that BBBY was one of the "most widely shorted stocks on the NASDAQ" for an unspecified period time.  Paragraph 138 otherwise contains conclusions of law to which no response is required, but to the extent a response is required, the allegations are denied. Any remaining allegations in Paragraph 138 are denied.

139.     Paragraph 139 cites a tweet by Mr. Cohen, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the tweet for its true and correct contents.   Any inconsistent or misleading characterization of the tweet is denied.   The Cohen Defendants deny the remaining allegations in Paragraph 139.

140.     Paragraph 140 cites a tweet by Mr. Cohen and reply by a Twitter user, which speak for themselves, and the Cohen Defendants respectfully refer the Court to the tweets for their true and correct contents.   Any inconsistent or misleading characterization of the tweets is denied.   The Cohen Defendants deny the remaining allegations in Paragraph 140.

141.     The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141, but deny any inconsistent or misleading characterizations of the referenced posts.

142.     The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations concerning the thoughts and beliefs of "retail investors" on r/WallStreetBets.   Paragraph 142 cites to Reddit posts from various Reddit users, which speak for themselves, and the Cohen Defendants respectfully refer the Court to the posts for their true and correct contents.   Any inconsistent or misleading characterization of the language in or reception of these posts is denied.   Any additional allegations in Paragraph 142 are denied.

143.     The Cohen Defendants admit that on August 5, 2022 BBBY's stock closed at $8.16 per share, and that on August 8, 2022 BBBY's stock traded at $11.41 per share.   The Cohen Defendants admit that BBBY's trading volume on August 8, 2022 was 124,711,900.   The Cohen Defendants deny any remaining allegations in Paragraph 143.

144.     The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding any dialogue on various unidentified Reddit forums from

August 8, 2022 through August 10, 2022.  Paragraph 144 refers to a Reddit post, which speaks for itself, and the Cohen Defendants respectfully refer the Court to this post for its true and correct contents.  Any inconsistent or misleading characterization of this post is denied.  Any other allegations in Paragraph 144 are denied.

145.    The statement in Paragraph 145 constitutes a legal conclusion to which no response is required.  To the extent that a response is required, the Cohen Defendants deny the allegations in Paragraph 145.

146.    Paragraph 146 refers to a tweet by CNBC linking an article from LOOP CAPITAL, which speak for themselves, and the Cohen Defendants respectfully refer the Court to the tweet and article for their true and correct contents.  Any inconsistent or misleading characterization of the tweet and article is denied.

147.    Paragraph 147 references the CNBC tweet and a reply by Mr. Cohen, which speak for themselves, and the Cohen Defendants respectfully refer the Court to the tweets for their true and correct contents.  Any inconsistent or misleading characterization of the tweets is denied.

148.    The statement in Paragraph 148 constitutes a legal conclusion to which no response is required.  To the extent that a response is required, the Cohen Defendants deny the allegations in Paragraph 148.

149.    Paragraph 149 cites a tweet by Mr. Cohen and a reply by another Twitter user, which speak for themselves, and the Cohen Defendants respectfully refer the Court to the tweets for their true and correct contents.  Any inconsistent or misleading characterization of the tweets is denied.  The Cohen Defendants deny any remaining allegations in Paragraph 149.

150.    Paragraph 150 cites a tweet by Mr. Cohen and a reply by another Twitter user, which speak for themselves, and the Cohen Defendants respectfully refer the Court to the tweets

for their true and correct contents.  Any inconsistent or misleading characterization of the tweets is denied.  The Cohen Defendants deny any remaining allegations in Paragraph 150.

151.    Paragraph 151 cites a Reddit post, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the post for its true and correct contents.  Any inconsistent or misleading characterization of the post is denied.  The Cohen Defendants lack knowledge or information sufficient to form a belief as to the allegations respecting Lead Plaintiff's investigation.  The Cohen Defendants deny any remaining allegations in Paragraph 151.

152.    Paragraph 152 cites to Reddit posts by various users, which speak for themselves, and the Cohen Defendants respectfully refer the Court to the posts for their true and correct contents.  Any inconsistent or misleading characterization of the posts is denied.  The Cohen Defendants deny any remaining allegations in Paragraph 152.

153.    The Cohen Defendants admit that BBBY closed at a price of $10.63 per share on August 11, 2022, and closed at a price of $12.95 per share on August 12, 2022.  The Cohen Defendants admit that the trading volume of BBBY was 80,134,270 on August 12, 2022.  The Cohen Defendants deny the remaining allegations in Paragraph 153.

154.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to allegations regarding beliefs and speculation of "many" unspecified Reddit users on August 13, 2022 and August 14, 2022.  Paragraph 154 cites a post by a Reddit user, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the post for its true and correct contents.  Any inconsistent or misleading characterization of the post is denied.

155.    Paragraph 155 cites a post by a Reddit user, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the post for its true and correct contents.  Any inconsistent or misleading characterization of the post is denied.

156.    The Cohen Defendants admit that BBBY opened at a price of $15.00 per share on August 15, 2022, and closed at a price of $16.00 per share that same day.  The Cohen Defendants admit that on August 12, 2022 the trading volume of BBBY was 80,134,270, and that on August 15, 2022, its trading volume was over 164 million shares.  Paragraph 156 refers to a Form 3 filed with the SEC at 9:01 PM on August 15, 2022, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the Form 3 for its true and correct contents.  Any inconsistent or misleading characterization of the filing is denied.  The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 156.  Paragraph 156 otherwise contains conclusions of law that do not require a response.  To the extent that a response is required, the Cohen Defendants deny any remaining allegations in Paragraph 156.

157.    The Cohen Defendants incorporate by reference their responses to Paragraphs 54 through 55 and Paragraphs 63 through 97.  The statements in Paragraph 157 constitute conclusions of law to which no response is required.  To the extent that a response is required, the Cohen Defendants deny any allegations in Paragraph 157.

158.    The statement in Paragraph 158 that "Cohen's filing had its intended effect" constitutes a conclusion of law to which no response is required.  To the extent that a response is required, the Cohen Defendants deny this allegation.  Paragraph 158 cites a series of posts by multiple Reddit users, which speak for themselves, and the Cohen Defendants respectfully refer the Court to the posts for their true and correct contents.  Any inconsistent or misleading characterization of the posts is denied.  The Cohen Defendants deny any remaining allegations in Paragraph 158.

159.     The Cohen Defendants incorporate by reference their responses to Paragraphs 54 through 55 and Paragraphs 63 through 97.  Paragraph 159 references a Schedule 13D/A, filed by the Cohen Defendants with the SEC on August 16, 2022, at 9:16 A.M. EST, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the Schedule 13D/A for its true and correct contents.  Any inconsistent or misleading characterization of the filing is denied.  All other statements in Paragraph 159 constitute conclusions of law to which no response is required.  To the extent that a response is required, the Cohen Defendants deny any remaining allegations in Paragraph 159.

160.     Paragraph 160 characterizes the Cohen Defendants' August 16, 2022 Schedule 13D/A, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the Schedule 13D/A for its true and correct contents.  Any inconsistent or misleading characterization of the filing is denied.  All other statements in Paragraph 160 constitute conclusions of law to which no response is required.  To the extent that a response is required, the Cohen Defendants deny any remaining allegations in Paragraph 160.

161.     The statements in Paragraph 161 constitute conclusions of law to which no response is required.  To the extent that a response is required, the Cohen Defendants deny the allegations in Paragraph 161.

162.     Paragraph 162 contains conclusions of law to which no response is required, but to the extent a response is required, these allegations are denied.  The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that BBBY's stock was mentioned on r/WallStreetBets over 2,900 times on August 16, 2022.  Paragraph 162 cites a series of posts by multiple Reddit users, which speak for themselves, and the Cohen Defendants respectfully refer the Court to the posts for their true and correct contents.  Any

inconsistent or misleading characterization of the posts is denied. The Cohen Defendants deny any remaining allegations in Paragraph 162.

163.    The Cohen Defendants admit that BBBY's stock price opened at about $15.72 per share on August 16, 2022, and traded at an intraday high of $28.60 per share on that day. The Cohen Defendants admit that on August 16, 2022, BBBY's stock was halted several times for volatility. The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that this level of options trading was evidence of an "apparent gamma squeeze that increased the price of underlying stock." The Cohen Defendants deny any remaining allegations in Paragraph 163.

164.    The Cohen Defendants admit that BBBY's stock closed at $16.00 per share on August 15, 2022, and that it closed at $20.64 per share on August 16, 2022. The Cohen Defendants admit that the trading volume of BBBY was about 395.32 million shares on August 16, 2022. The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 164.

165.    Paragraph 165 refers to Schedule A to the Schedule 13D/A filed by the Cohen Defendants with the SEC on August 18, 2022, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the filing for its true and correct contents. Any inconsistent or misleading characterization of the filing is denied. The remainder of Paragraph 165 consists of conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny any remaining allegations in Paragraph 165.

166.    The Cohen Defendants admit that on August 17, 2022, BBBY's stock price opened at $26.94 per share and closed at $23.08 per share. The Cohen Defendants admit that on August 16, 2022, BBBY's stock price closed at $20.65 per share and that its trading volume was

about 261.7 million shares traded. The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding an increased chance of a "further gamma squeeze that would increase the price" of BBBY's stock as of August 17, 2022. Paragraph 166 cites to an unidentified article from BLOOMBERG. The Cohen Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations, but deny any inconsistent or misleading characterization of the article. The Cohen Defendants deny any remaining allegations in Paragraph 166.

167.    Paragraph 167 refers to Schedule A to the Schedule 13 D/A filed by the Cohen Defendants with the SEC on August 18, 2022, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the filing for its true and correct contents. Any inconsistent or misleading characterization of the filing is denied. The remainder of Paragraph 167 consists of conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny any remaining allegations in Paragraph 167.

168.    The Cohen Defendants admit that RCV earned over $9 million on the call options and in total, earned a profit of over $68 million.

169.    Paragraph 169 references a Form 144, filed by the Cohen Defendants with the SEC on August 16, 2022, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the filing for its true and correct contents. Any inconsistent or misleading characterization of the filing is denied. The Cohen Defendants admit that on August 17, 2022, the Form 144 that the Cohen Defendants had filed with the SEC on August 16, 2022 became publicly available. Paragraph 169 further consists of conclusions of law to which no response is required. To the extent that a response is required to those allegations, the Cohen Defendants deny them. The Cohen Defendants deny any remaining allegations in Paragraph 169.

170.    Paragraph 170 characterizes the August 16, 2022 Form 144 filed by the Cohen Defendants, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the filing for its true and correct contents.  Any inconsistent or misleading characterization of the filing is denied.  The Cohen Defendants admit that they sold BBBY securities on August 16, 2022.  All other allegations in Paragraph 170 are denied.

171.    Paragraph 171 refers to a Schedule 13D/A filed with the SEC on August 18, 2022, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the filing for its true and correct contents.  Any inconsistent or misleading characterization of the filing is denied.  Paragraph 171 also cites to a report by Tick Data, LLC.  The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.  Paragraph 171 also contains conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 171.

172.    Paragraph 172 refers to a Schedule 13D/A filed by the Cohen Defendants with the SEC on August 18, 2022, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the filing for its true and correct contents.  Any inconsistent or misleading characterization of the filing is denied.  Paragraph 172 also cites to a report by Tick Data, LLC.  The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.  Paragraph 172 also contains conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 172.

173.    Paragraph 173 characterizes the August 16, 2022 Form 144 filed by the Cohen Defendants, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the filing for its true and correct contents.  Any inconsistent or misleading characterization of the filing is denied.

174.     The statements in Paragraph 174 constitute conclusions of law to which no response is required.  To the extent that a response is required, the Cohen Defendants deny the allegations in Paragraph 174.

175.     Paragraph 175 cites a post by a Reddit user, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the post for its true and correct contents.  Any inconsistent or misleading characterization of the post is denied.  The Cohen Defendants admit that the BBBY's stock closed at $18.55 on August 18, 2022 and $23.08 on August 17, 2022.  The remaining statements in Paragraph 175 constitute conclusions of law to which no response is required.  To the extent that a response is required, the Cohen Defendants deny any remaining allegations in Paragraph 175.

176.     Paragraph 176 cites a series of posts by multiple Reddit users, which speak for themselves, and the Cohen Defendants respectfully refer the Court to the posts for their true and correct contents.  Any inconsistent or misleading characterization of the posts contents is denied.

177.     Paragraph 177 references a Schedule 13D/A and a Form 4, filed by the Cohen Defendants with the SEC on August 18, 2022, which speak for themselves, and the Cohen Defendants respectfully refer the Court to the filings for their true and correct contents.  Any inconsistent or misleading characterization of the filings is denied.  The Cohen Defendants deny any remaining allegations in Paragraph 177.

178.     The Cohen Defendants admit that on August 18, 2022 BBBY's stock closed at $18.55 per share, that on August 19, 2022 it closed at $11.03 per share, that on August 22, 2022 it closed at $9.24 per share, and that on August 23, 2022 it closed at $8.78 per share.  The Cohen Defendants admit that on August 18, 2022, the trading volume of BBBY was 174,914,300.  The Cohen Defendants deny any remaining allegations in Paragraph 178.

179.     Paragraph 179 relates to claims and allegations against defendants other than the Cohen Defendants to which no response is required.

180.     Paragraph 180 relates to claims and allegations against defendants other than the Cohen Defendants to which no response is required.

181.     Paragraph 181 relates to claims and allegations against defendants other than the Cohen Defendants to which no response is required.  Paragraph 181 also contains conclusions of law to which no response is required.

182.     Paragraph 182 relates to claims and allegations against defendants other than the Cohen Defendants to which no response is required.  Paragraph 182 also contains conclusions of law to which no response is required.

183.     Paragraph 183 relates to claims and allegations against defendants other than the Cohen Defendants to which no response is required.  Paragraph 183 also contains conclusions of law to which no response is required.

184.     Paragraph 184 relates to claims and allegations against defendants other than the Cohen Defendants to which no response is required.  Paragraph 184 also contains conclusions of law to which no response is required.

185.     The Cohen Defendants incorporate by reference their responses to Paragraphs 119 through 137 and Paragraphs 146 through 174.  The statements in Paragraph 185 constitute conclusions of law to which no response is required.  To the extent that a response is required, the Cohen Defendants deny the allegations in Paragraph 185.

186.     Paragraph 186 relates to claims and allegations against defendants other than the Cohen Defendants to which no response is required.  Paragraph 186 also contains conclusions of law to which no response is required.

187.    The statements in Paragraph 187 constitute conclusions of law to which no response is required.  To the extent that a response is required, the Cohen Defendants deny the allegations in Paragraph 187.

188.    The statements in Paragraph 188 constitute conclusions of law to which no response is required.  To the extent that a response is required, the Cohen Defendants deny the allegations in Paragraph 188.

189.    Paragraph 189 relates to claims and allegations against defendants other than the Cohen Defendants and contain conclusions of law to which no response is required.  Paragraph 189 also refers to documents filed by Mr. Arnal with the SEC, which speak for themselves, and the Cohen Defendants respectfully refer the Court to these filings for their true and correct contents.  The Cohen Defendants deny any inconsistent or misleading characterization of these filings.  Any additional allegations in Paragraph 189 are denied.

190.    Paragraph 190 relates to claims and allegations against defendants other than the Cohen Defendants and contain conclusions of law to which no response is required.

191.    The Cohen Defendants incorporate by reference their answer to Paragraph 124. Paragraph 191 relates to claims and allegations against defendants other than the Cohen Defendants and contains conclusions of law to which no response is required.

192.    Paragraph 192 relates to claims and allegations against Defendants other than the Cohen Defendants to which no response is required.

193.    Paragraph 193 refers to a video interview, which speaks for itself, and the Cohen Defendants refer the Court to the video for its true and correct contents.  Any inconsistent or misleading characterization of the video is denied.  The statements in Paragraph 193 constitute

conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations in Paragraph 193.

194.    Paragraph 194 cites to and characterizes portions of a video interview, which speak for themselves, and the Cohen Defendants respectfully refer the Court to the video for its true and correct contents. Any inconsistent or misleading characterization of the video is denied. The remainder of the statements in Paragraph 194 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations in Paragraph 194.

195.    The statements in Paragraph 195 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations in Paragraph 195.

196.    The Cohen Defendants lack information sufficient to form a belief about unspecified "news" coverage of BBBY. Paragraph 196 also contains claims and allegations against defendants other than the Cohen Defendants to which no response is required. The remainder of the statements in Paragraph 196 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny any remaining allegations in Paragraph 196.

197.    Paragraph 197 cites to an unidentified BLOOMBERG article, published on August 19, 2022. The Cohen Defendants lack information sufficient to form a belief on said article, but deny any attempt to misstate or mischaracterize it. The Cohen Defendants deny any remaining allegations in Paragraph 197.

198.    Paragraph 198 cites to an article from WEDBUSH SECURITIES, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the article for its true and correct

contents.  Any inconsistent or misleading characterization of the article is denied.  Any additional allegations in Paragraph 198 are denied.

199.    Paragraph 199 refers to a Form 8-K and Exhibit 99.2 attached thereto, filed by BBBY with the SEC on August 31, 2022, and a Prospectus, filed by BBBY with the SEC on the same day.  These filings speak for themselves, and the Cohen Defendants respectfully refer the Court to the filings for their true and correct contents.  Any inconsistent or misleading characterization of the filings is denied.  The Cohen Defendants admit that on August 17, 2022 BBBY's stock closed at $23.08 per share, and that on August 31, 2022, it closed at $9.53 per share.

200.    Paragraph 200 cites to an article by CNBC, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the article for its true and correct contents.  Any inconsistent or misleading characterization of the article is denied.  Any additional allegations in Paragraph 200 are denied.

201.    The Cohen Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in the first sentence of Paragraph 201.  Paragraph 201 cites to articles by SOURCING JOURNAL and THE WALL STREET JOURNAL, which speak for themselves, and the Cohen Defendants respectfully refer the Court to the articles for their true and correct contents.  Any inconsistent or misleading characterization of the articles is denied.  Any additional allegations in Paragraph 201 are denied.

202.    Paragraph 202 refers to a Form 8-K filed by BBBY with the SEC on September 29, 2022, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the filing for its true and correct contents.  Any inconsistent or misleading characterization of the filing is denied.

203.     Paragraph 203 refers to a Form 10-Q filed by BBBY with the SEC on September 30, 2022, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the filing for its true and correct contents.  Any inconsistent or misleading characterization of the filing is denied.

204.     Paragraph 204 cites to an article by WEDBUSH SECURITIES, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the article for its true and correct contents. Any inconsistent or misleading characterization of the article is denied.  Any additional allegations in Paragraph 204 are denied.

205.     The Cohen Defendants incorporate by reference their responses to Paragraphs 132 and 133.  Paragraph 205 refers to a Form 8-K filed by BBBY with the SEC on October 18, 2022, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the filing for its true and correct contents.  Any inconsistent or misleading characterization of the filing is denied.

206.     Paragraph 206 refers to a Form 8-K filed by BBBY with the SEC on January 5, 2022, and Exhibit 99.1 attached thereto, which speak for themselves, and the Cohen Defendants respectfully refer the Court to the filings for their true and correct contents.  Any inconsistent or misleading characterization of the filings is denied.  Paragraph 206 also refers to the expectations and statements by unidentified analysts and financial publications.  The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the expectations and statements of these unidentified analysts and financial publications.

207.     Paragraph 207 refers to a Form 8-K filed by BBBY with the SEC on January 10, 2023, and a conference call, which speak for themselves, and the Cohen Defendants respectfully refer the Court to these sources for their true and correct contents.  Any inconsistent or misleading characterization of these sources is denied.

208.   Paragraph 208 refers to a Form 10-Q filed by BBBY with the SEC on January 26, 2022, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the filing for its true and correct contents.  Any inconsistent or misleading characterization of the filing is denied.

209.   Paragraph 209 refers to a Form 10-Q filed by BBBY with the SEC on January 26, 2022, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the filing for its true and correct contents.  Any inconsistent or misleading characterization of the filing is denied.

## LEAD PLAINTIFF'S CLASS ACTION ALLEGATIONS

210.   The statements in Paragraph 210 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 210.

211.   The statements in Paragraph 211 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211.

212.   The statements in Paragraph 212 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 212.

213.   The statements in Paragraph 213 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 213.

214.   The statements in Paragraph 214 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 214.

215.    The statements in Paragraph 215 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 215.

216.    The statements in Paragraph 216 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 216.

217.    The statements in Paragraph 217 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 217.

218.    The statements in Paragraph 218 constitute conclusions of law to which no response is required.  Further, Paragraph 218 relates to Plaintiff's assertion of *Affiliated Ute* reliance, which pursuant to this Court's July 27 Memorandum Opinion and Order, was not adequately plead.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 218.

219.    The Cohen Defendants incorporate herein their responses to Paragraphs 1 through 218 of this Answer.

220.    The statements in Paragraph 220 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 220.

221.    The statements in Paragraph 221 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 221.

222.    The statements in Paragraph 222 constitute conclusions of law to which no response is required.  The Cohen Defendants incorporate herein their responses to Paragraphs 160 through

161, and Paragraphs 169 through 174. To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 222.

223.    Paragraph 223 relates to claims and allegations against a defendant other than the Cohen Defendants to which no response is required. To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 223.

224.    The statements in Paragraph 224 constitute conclusions of law to which no response is required. To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 224.

225.    The statements in Paragraph 225 constitute conclusions of law to which no response is required. To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 225.

226.    The statements in Paragraph 226 constitute conclusions of law to which no response is required. To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 226.

227.    The statements in Paragraph 227 constitute conclusions of law to which no response is required. To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 227.

228.    The statements in Paragraph 228 constitute conclusions of law to which no response is required. To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 228.

229.    The statements in Paragraph 229 constitute conclusions of law to which no response is required. To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 229.

230.    The Cohen Defendants incorporate herein its responses to Paragraphs 1 through 229 of this Answer.

231.    The statements in Paragraph 231 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 231.

232.    The statements in Paragraph 232 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 232.

233.    The statements in Paragraph 233 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 233.

234.    The statements in Paragraph 234 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 234.

235.    The statements in Paragraph 235 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 235.

236.    The statements in Paragraph 236 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 236.

237.    The statements in Paragraph 237 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 237.

238.     The statements in Paragraph 238 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 238.

239.     The Cohen Defendants incorporate herein their responses to Paragraphs 1 through 238 this Answer.

240.     The statements in Paragraph 240 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 240.

241.     The statements in Paragraph 241 constitute conclusions of law to which no response is required.  The allegations in Paragraph 241 also concern defendants other than the Cohen Defendants to which no response is required.

242.     The statements in Paragraph 242 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 242.

243.     The statements in Paragraph 243 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 243.

244.     The statements in Paragraph 244 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 244.

245.     The statements in Paragraph 245 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 245.

246.     The Cohen Defendants incorporate herein their responses to Paragraphs 1 through 245 of this Answer.

247.     All statements in Paragraph 247 constitute conclusions of law to which no response is required.  Further, to the extent that statements in Paragraph 247 relate to claims under Section 9(a)(2) of the Exchange Act, the statements relate to claims that have been dismissed.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 247.

248.     All statements in Paragraph 248 constitute conclusions of law to which no response is required.  Further, to the extent that statements in Paragraph 248 relate to claims under Section 9(a)(2) of the Exchange Act, the statements relate to claims that have been dismissed.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 248.

249.     All statements in Paragraph 249 constitute conclusions of law to which no response is required.  Further, to the extent that statements in Paragraph 249 relate to claims under Section 9(a)(2) of the Exchange Act, the statements relate to claims that have been dismissed.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 249.

250.     All statements in Paragraph 250 constitute conclusions of law to which no response is required.  Further, to the extent that statements in Paragraph 250 relate to claims under Section 9(a)(2) of the Exchange Act, the statements relate to claims that have been dismissed.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 250.

251.     The Cohen Defendants incorporate herein their responses to Paragraphs 1 through 250 of this Answer.

252.     The statements in Paragraph 252 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 252.

253.     The statements in Paragraph 253 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 253.

254.     The statements in Paragraph 254 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 254.

255.     The statements in Paragraph 255 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 255.

256.     The statements in Paragraph 256 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 256.

257.     The Cohen Defendants incorporate herein their responses to Paragraphs 1 through 256 of this Answer.

258.     The statements in Paragraph 258 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 258.

259.     The statements in Paragraph 259 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 259.

260.     The statements in Paragraph 260 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 260.

261.    The statements in Paragraph 261 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 261.

262.    The statements in Paragraph 262 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 262.

263.    The statements in Paragraph 263 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 263.

264.    The Cohen Defendants incorporate herein their responses to Paragraphs 1 through 263 of this Answer.

265.    The statements in Paragraph 265 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 265.

266.    The statements in Paragraph 266 constitute conclusions of law to which no response is required.

267.    The statements in Paragraph 267 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 267.

268.    The statements in Paragraph 268 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 268.

269.    The statements in Paragraph 269 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 269.

270.    The statements in Paragraph 270 constitute conclusions of law to which no response is required.  To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 270.

271.    The statements in Paragraph 271 constitute conclusions of law to which no response is required.

## RESPONSE TO PRAYER FOR RELIEF

The statements in Plaintiff's Prayer for Relief constitute requests for relief to which no response is required.  To the extent a response is required, the Cohen Defendants deny that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure.  The Cohen Defendants further deny that Lead Plaintiff is entitled to any of the requested relief or any relief whatsoever.

## RESPONSE TO JURY DEMAND

The Cohen Defendants admit that Plaintiff purports to demand a jury trial, but reserve the right to challenge this demand.

## AFFIRMATIVE AND OTHER DEFENSES

As separate and distinct defenses, the Cohen Defendants allege as follows.  By alleging the matters set forth below, the Cohen Defendants do not thereby allege or admit that the Cohen Defendants have the burden of proof or the burden of persuasion with respect to any of these matters.  Furthermore, the Cohen Defendants hereby give notice that they intend to rely upon such

other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserve the right to amend their Answer and assert all such defenses.

### First Defense

This action is barred, in whole or in part, because the Complaint fails to allege facts sufficient to state a claim against the Cohen Defendants upon which relief may be granted.

### Second Defense

The Complaint fails to allege fraud with the requisite particularity under Rule 9(b) of the Federal Rules of Civil Procedure or comply with the requirements of the Private Securities Litigation Reform Act ("PSLRA").

### Third Defense

This action is barred, in whole or in part, because the Cohen Defendants did not make any false or misleading statements of material fact or omissions of material fact.

### Fourth Defense

This action is barred, in whole or in part, because the Cohen Defendants neither had a duty nor breached a duty to disclose any facts allegedly not disclosed.

### Fifth Defense

This action is barred, in whole or in part, because the Cohen Defendants did not omit to state any material facts necessary in order to make any challenged statement not false or misleading.

### Sixth Defense

This action is barred, in whole or in part, because the Cohen Defendants conducted adequate due diligence and a reasonable investigation, and had a good-faith basis and reasonable

grounds to believe, and did believe at the time the challenged statements were made, that such statements were complete and accurate.

## Seventh Defense

This action is barred, in whole or in part, because Plaintiff and the putative class members would have purchased the securities in question even with full knowledge of the facts that they now allege were misrepresented or omitted.

## Eighth Defense

This action is barred, in whole or in part, because any alleged misrepresentations or omissions for which the Cohen Defendants are allegedly responsible were not material.

## Ninth Defense

This action is barred, in whole or in part, because the information alleged to have been omitted or misrepresented was in fact publicly available and/or widely known to the market and to the investing community at all relevant times.

## Tenth Defense

This action is barred, in whole or in part, because there are intervening and superseding causes of the alleged harm, if any, suffered by Plaintiff or the putative class.

## Eleventh Defense

This action is barred, in whole or in part, because Plaintiff's and the putative class's damages, if any, are speculative and, thus, are not recoverable.

## Twelfth Defense

This action is barred, in whole or in part, because the Cohen Defendants were not the actual or proximate cause of any injury to Plaintiff or the putative class. Any alleged damages suffered by Plaintiff or the putative class are the proximate result, either in whole or part, of actions or

omissions of persons or entities other than the Cohen Defendants, and Plaintiff's or the putative class members' own negligence or other fault proximately contributed to any alleged injuries.

### Thirteenth Defense

This action is barred, in whole or in part, because certain statements complained of in the Complaint are non-actionable statements of opinion or statements of puffery.

### Fourteenth Defense

This action is barred, in whole or in part, to the extent Plaintiff and/or the putative class seek damages that exceed those permitted under the federal securities laws and/or other applicable laws.

### Fifteenth Defense

This action is barred, in whole or in part, because the Cohen Defendants acted at all times in good faith and did not know, and were not reckless in not knowing, that any alleged misstatement or omission was false or misleading.

### Sixteenth Defense

This action is barred, in whole or in part, because it is not maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because the requirements of Rule 23 are not met.

### Seventeenth Defense

This action is barred, in whole or in part, because the Cohen Defendants acted in good faith and did not, directly or indirectly, induce any acts giving rise to the alleged violations and causes of action.

**Eighteenth Defense**

This action is barred, in whole or in part, because the Cohen Defendants did not act with scienter.

**Nineteenth Defense**

This action is barred, in whole or in part, because the Cohen Defendants neither knew nor were reckless in not knowing that any alleged misstatement or omission was false or misleading.

**Twentieth Defense**

This action is barred, in whole or in part, due to the absence of transaction and/or loss causation.

**Twenty-First Defense**

This action is barred, in whole or in part, because the fraud on the market theory does not apply, and Plaintiff and the putative members of the class did not review or reasonably rely on any of the allegedly misleading statements.

**Twenty-Second Defense**

This action is barred, in whole or in part, because the *Affiliated Ute* presumption does not apply.

**Twenty-Third Defense**

This action is barred, in whole or in part, in whole or in part, because BBBY's securities were not traded on an efficient market.

**Twenty-Fourth Defense**

This action is barred, in whole or in part, because Plaintiff and the putative members of the class cannot establish the primary liability necessary to a claim for control personal liability.

### Twenty-Fifth Defense

This action is barred, in whole or in part, because Plaintiff and the members of the putative class are not entitled to any recovery from the Cohen Defendants because, at the time Plaintiff and the members of the putative class acquired BBBY stock, they knew or should have known of any alleged untrue statement of material fact or of any alleged omission of a material fact required to be stated or necessary to make the statements challenged not misleading.

### Twenty-Sixth Defense

This action is barred, in whole or in part, because Plaintiff and the members of the putative class are not entitled to any recovery from the Cohen Defendants, because Plaintiff and the members of the putative class did not acquire BBBY stock relying on any alleged untrue statement of material fact or not knowing of any alleged omission of a material fact required to be stated or necessary to make the challenged statements therein not misleading.

### Twenty-Seventh Defense

This action is barred, in whole or in part, because Plaintiff and the members of the putative class have no compensable damages.

### Twenty-Eighth Defense

This action is barred, in whole or in part, because some or all of the members of the putative class, including Plaintiff, would be unjustly enriched if they were permitted to obtain a recovery in this action.

### Twenty-Ninth Defense

This action is barred, in whole or in part, because Plaintiff's claims are barred by equitable estoppel, waiver, unclean hands and/or other equitable doctrines.

### Thirtieth Defense

This action is barred, in whole or in part, because some or all of the members of the putative class, including Plaintiff, have failed to mitigate damages and have failed to exercise due diligence in an effort to mitigate their damages (to which, in any event, they are not entitled).

### Thirty-First Defense

Any recovery for damages allegedly incurred by Plaintiff and the members of the putative class, if any, is limited to the percentage of responsibility of the Cohen Defendants in proportion to the total fault of all persons, whether or not named as parties to this action, who may have caused or contributed to the putative class's alleged damages, if any, because the Cohen Defendants did not knowingly violate the securities laws pursuant to the proportionate liability provisions of the PSLRA, codified at 15 U.S.C. § 78u-4(f)(3)(A).

### Thirty-Second Defense

This action is barred, in whole or in part, because Plaintiff and the putative class lack standing.

### Thirty-Third Defense

The Cohen Defendants are entitled to recover contribution from others for any liability they incur as a result of the alleged misrepresentations and omissions.

### Thirty-Fourth Defense

The Cohen Defendants are not liable because they did not employ any device, scheme, or artifice to defraud, and did not engage in any act, practice or course of business which operates or would operate as fraud or deceit on any person.

### Thirty-Fifth Defense

The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of contributory negligence, comparative negligence and/or assumption of risk. Plaintiff and the members of the putative class knew, or in the exercise of reasonable care should have known, the risks inherent in investing in the securities at issue and thus assumed the risk of a decline in the value of their investments.

### Thirty-Sixth Defense

Plaintiff and/or members of the putative class are not entitled to recover attorneys' fees, experts' fees, or other costs and disbursements.

### Thirty-Seventh Defense

In the event that a final judgment is rendered against the Cohen Defendants, any damage loss, or liability sustained by Plaintiff or putative members of the class must be reduced, diminished and/or eliminated under the 90-day lookback provisions set forth in 15 U.S.C. § 78u-4(e).

### Thirty-Eighth Defense

This action is barred, in whole or in part, because the Court lacks jurisdiction of the claims of any members of the putative class who do not reside in the District of Columbia.

### Thirty-Ninth Defense

Plaintiff's claims are barred, in whole or in part, because any decline in the price of BBBY shares resulted from factors other than the misstatements and omissions alleged in the Complaint.

**WHEREFORE,** the Cohen Defendants respectfully request that the Complaint be dismissed with prejudice, that the Court award the Cohen Defendants costs, disbursements, and attorneys' fees incurred by the Cohen Defendants in defending this action, and any other relief deemed just and proper.

Dated: August 10, 2023

Respectfully submitted,

VINSON & ELKINS LLP

*/s/ Ephraim (Fry) Wernick*

Ephraim (Fry) Wernick (D.C. Bar No. 497158)
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC 20037
Telephone: (202) 639-6730
Facsimile: (202) 879-8830
Email: ewernick@velaw.com

Clifford Thau (NY Bar No. 1786102)
Marisa Antonelli (NY Bar No. 4789848)
1114 Avenue of Americas, 32nd Floor
New York, NY 10036
Telephone: (212) 237-0000
Facsimile: (212) 237-0100
Email: cthau@velaw.com
Email: mantonelli@velaw.com

Justin C. Beck (CA Bar No. 313757)
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201
Telephone: (214) 220-7700
Facsimile: (214) 220-7716
Email: jbeck@velaw.com

*Attorneys for RC Ventures LLC and Ryan Cohen*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 10th of August, 2023, a copy of the foregoing was

served via the Court's ECF system upon all counsel of record.


*/s/ Ephraim (Fry) Wernick*
Ephraim (Fry) Wernick