UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE BED BATH & BEYOND CORPORATION SECURITIES LITIGATION | Case No. 1:22-cv-02541-TNM<br><br>CLASS ACTION<br><br>Jury Trial Demanded |

**RULE 26(f)/LOCAL RULE 16.3 JOINT STATEMENT**

Pursuant to Local Civil Rule 16.3(c) and Federal Rule of Civil Procedure 26(f), Lead Plaintiff Bratya SPRL ("Plaintiff" or "Bratya") and Defendants RC Ventures LLC and Ryan Cohen ("the Cohen Defendants") (collectively, the "parties") by and through their undersigned counsel, respectfully submit the following Joint Statement.

**1.    Brief statement of the case and the statutory basis for all causes of action and defenses.**

**PLAINTIFF'S RESPONSE:** Plaintiff brings this federal securities class action on behalf of a class consisting of all persons who purchased or otherwise acquired Bed Bath & Beyond Inc. ("Bed Bath") common stock or options between August 12, 2022 and August 18, 2022, and were damaged thereby because of Defendants' violations of the Securities Exchange Act of 1934 ("Exchange Act"). For a full recitation of Plaintiff's case against Defendants, Plaintiff respectfully refers the Court to the Second Amended Complaint (ECF No. 66), the Plaintiff's Opposition to Defendants' Motion to Dismiss (ECF No. 79), and the Court's recitation of the facts in *In re Bed Bath & Beyond Corp. Sec. Litig.*, No. 1:22-cv-2541 (TNM), 2023 U.S. Dist. LEXIS 129613, at *3-7 (D.D.C. July 27, 2023). Plaintiff asserts several claims under the Exchange Act and SEC Rules: (i) a Section 10(b) and Rule 10b-5(b) claim for misleading investors against the Cohen Defendants based upon Ryan Cohen's August 12, 2022 tweet, his August 16, 2022 Schedule 13D

1

filing, and his August 16, 2022 Form 144 filing (15 U.S.C. § 78j(b), 17 CFR § 240.10b-5(b)); (ii) a Section 10(b) and Rule 10b-5(a) & (c) scheme liability claim against the Cohen Defendants (15 U.S.C. § 78j(b), 17 CFR § 240.10b-5(a) & (c)); (iii) a Section 20(a) claim against Ryan Cohen for exercising control over RC Ventures LLC during the fraudulent scheme (15 U.S.C. §78t(a)); (iv) a Section 9(a)(3) claim against the Cohen Defendants for manipulating the price of Bed Bath's securities (15 U.S.C. § 78i(a)(3)); (v) a Section 9(a)(4) claim against the Cohen Defendants for manipulating Bed Bath's securities with false and misleading statements (15 U.S.C. § 78i(a)(4)); and (vi) a Section 20A insider trading claim against the Cohen Defendants for selling Bed Bath securities while in possession of material, non-public information (15 U.S.C. §78t-1).

**DEFENDANTS' RESPONSE:** The Cohen Defendants deny that Plaintiff or the putative class are entitled to any relief in this action. For a full recitation of the Cohen Defendants' defenses in this action, the Cohen Defendants respectfully refer the Court to their Motion to Dismiss (ECF No. 70); their Reply in Support of their Motion to Dismiss (ECF No. 87); and their Answer and Affirmative and Other Defenses (ECF No. 93). The Cohen Defendants further state that their affirmative and other defenses pled in the Answer are based on the federal securities laws and the federal common law interpreting them. In addition, as will be further investigated and briefed in the coming months, Defendants do not believe this action should proceed as a class action and as such, a class should not be certified.

**2.     Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

**RESPONSE:** The Court has denied the Cohen Defendants' motion to dismiss and the Cohen Defendants have answered the Second Amended Class Action Complaint. The Court's

decision on the Cohen Defendants' Motion to Dismiss automatically lifts the stay of discovery under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The Cohen Defendants believe the case is likely to be disposed of at summary judgment, the timing for the filing of which is discussed *infra*.

**3. The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

**RESPONSE:** At this time, no factual or legal issues can be agreed upon or narrowed. The deadline by which any other parties may be joined, or the pleadings amended is February 15, 2024.

**4. Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

**RESPONSE:** The parties do not agree to submit to the jurisdiction of a magistrate judge for all purposes.

**5. Whether there is a realistic possibility of settling the case; whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

**RESPONSE:** The parties believe any discussion of settlement is premature, and do not believe that the case would benefit from the Court's ADR at this time. At the appropriate juncture, the parties may consider dispute resolution with a private mediator experienced in securities fraud litigation.

**6. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

**RESPONSE:** The parties have agreed – subject to the Court's approval – that any summary judgment motion will be filed by December 9, 2024. Any response will be due by January 23, 2025, and any reply due by February 24, 2025.

**7. Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

**RESPONSE:** The parties agreed – subject to the Court's approval – to exchange initial disclosures by September 12, 2023.

**8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

**RESPONSE:** At this time, the parties do not believe that any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of this Court are necessary. The parties propose that a scheduling order be entered which contains the following deadlines:

- June 14, 2024: Fact discovery closure
- July 12, 2024: Opening expert reports
- August 26, 2024: Rebuttal expert reports
- September 25, 2024: Reply expert reports
- October 25, 2024: Expert discovery closure

The parties agree to cooperate and jointly submit for the Court's consideration a Proposed Protective Order and a protocol for the discovery of Electronically Stored Information by October

16, 2023.

**9.    Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

**PLAINTIFF'S RESPONSE:** While the Court's Order dismissed Sue Gove ("Gove") from this action and the case against Bed Bath is stayed pursuant to the automatic stay under the Bankruptcy Code, these defendants were obligated by the PSLRA to preserve discoverable information during the pendency of the Motions to Dismiss. *See* 15 U.S.C. § 78u-4(b)(3)(c). Plaintiff intends to subpoena Bed Bath and Gove to seek documents relevant to their claims against the remaining Defendants in this action.

**DEFENDANTS' RESPONSE**:  As noted above, the parties intend to submit a stipulation and proposed order governing discovery of Electronically Stored Information within 30 days of the Initial Conference.

**10.    Any issues about claims of privilege or of protection as trial-preparation materials, including - if the parties agree on a procedure to assert these claims after production - whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

**RESPONSE:** The parties agree that the inadvertent production procedures in Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502(b) shall apply to this case and the parties will include a provision to this effect in the Proposed Protective Order. The parties will exchange privilege logs within 75 days of discovery responses that include claims of privilege.

**11.    Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

**RESPONSE:** The parties have agreed that expert witness reports will be exchanged pursuant to FRCP 26(a)(2) according to the proposed scheduling order outlined above in Section 8, with depositions of experts to take place before the close of expert discovery.

12. **In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

**RESPONSE:** The parties have agreed – subject to the Court's approval – that any motion relating to class certification will be filed by February 15, 2024. Any response will be due by April 15, 2024, and any reply will be due by May 30, 2024. All discovery related to class certification, including expert depositions, must be completed before briefing on Plaintiff's motion for class certification is complete, and any request to hold an evidentiary hearing on class certification must be made by May 30, 2024. The parties request that oral arguments on the motion should be heard approximately one month after the completion of briefing.

13. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

**RESPONSE:** The parties do not believe bifurcation is appropriate.

14. **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

**RESPONSE:** The parties agree – subject to the Court's approval – that the date of the pretrial conference should be March 26, 2025.

15. **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30**

to 60 days after that conference.

**RESPONSE:** The parties believe that the trial date should be assigned at the pretrial conference.

**16.    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

**RESPONSE:** N/A.

Dated: August 31, 2023                                Respectfully submitted,

/s/ *Omar Jafri*
Omar Jafri

**POMERANTZ LLP**

Joshua B. Silverman (admitted *pro hac vice*)
Omar Jafri (admitted *pro hac vice*)
Christopher P.T. Tourek (admitted *pro hac vice*)
10 S. LaSalle Street, Suite 3505
Chicago, IL 60603
Tel: (312) 377-1181
Fax: (312) 377-1184
Email: jbsilverman@pomlaw.com
           ojafri@pomlaw.com
           ctourek@pomlaw.com

   -and-

Jeremy A. Lieberman (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
E-mail: jalieberman@pomlaw.com

*Counsel for Lead Plaintiff Bratya SPRL and Co-Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**

Peretz Bronstein (admitted *pro hac vice*)

Yitzchak E. Soloveichik (admitted *pro hac vice*)
Eitan Kimelman (admitted *pro hac vice*)
60 East 42nd Street, Suite 4600
New York, NY 10165
Tel: (212) 697-6484
Fax: (212) 697-7296
peretz@bgandg.com
soloveichik@bgandg.com
eitank@bgandg.com

*Counsel for Lead Plaintiff Bratya SPRL and Co-Lead Counsel for the Class*

**COHEN MILSTEIN SELLERS & TOLL PLLC**

Steven J. Toll (D.C. Bar No. 225623)
Daniel S. Sommers (D.C. Bar No. 416549)
Jan E. Messerschmidt (D.C. Bar No. 1031488)
1100 New York Avenue, N.W., Fifth Floor
Washington, D.C. 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
jmesserschmidt@cohenmilstein.com

*Liaison Counsel for Lead Plaintiff Bratya SPRL and for the Class*


/s/ Ephraim (Fry) Wernick

**VINSON & ELKINS LLP**

Ephraim (Fry) Wernick (D.C. Bar No. 497158)
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC 20037
Telephone: (202) 639-6730
Facsimile: (202) 879-8830
Email: ewernick@velaw.com

Clifford Thau (NY Bar No. 1786102)
Marisa Antonelli (NY Bar No. 4789848)
1114 Avenue of Americas, 32nd Floor
New York, NY 10036

Telephone: (212) 237-0000
Facsimile: (212) 237-0100
Email: cthau@velaw.com
Email: mantonelli@velaw.com

Justin C. Beck (CA Bar No. 313757)
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201
Telephone: (214) 220-7700
Facsimile: (214) 220-7716
Email: jbeck@velaw.com

*Counsel for RC Ventures LLC and Ryan Cohen*

9