UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE BED BATH & BEYOND CORPORATION SECURITIES LITIGATION | Master File No. 1:22-cv-02541-TNM<br><br>Hon. Trevor N. McFadden<br><br><u>CLASS ACTION</u><br><br>**STIPULATED [PROPOSED] PROTECTIVE ORDER** |

**WHEREAS**, Lead Plaintiff Bratya SPRL and Defendants Ryan Cohen and RC Ventures LLC (together, the "Parties"), by and through their undersigned counsel, have stipulated and agreed, subject to the approval of the Court, that the protective order set forth below (the "Stipulated Protective Order" or "Order") shall govern the production and use of documents and information provided during the course of discovery in the above-captioned action (the "Action");

**THEREFORE, IT IS HEREBY ORDERED BY THE COURT** that any person subject to this Order, including without limitation, the individuals and entities described herein, shall adhere to the following terms, procedures, and conditions:

1.  **PURPOSES AND LIMITATIONS**

    Disclosure and discovery in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. The Parties agree that documents or information produced or exchanged during this Action shall be used by the Party or Parties to whom the information is produced solely for the purpose of this Action, in conformity with the terms of this Stipulated Protective Order, and shall not be used for any purpose not related to the prosecution of this Action. Accordingly, the Parties hereby stipulate

1

and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal rules or orders of the Court.

**2.  DEFINITIONS**

2.1   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that (a) qualify for protection under Federal Rule of Civil Procedure 26(c), (b) are required by law or agreement to be kept confidential and are in fact confidential, (c) contain research, technical, commercial, strategic, competitive, or financial information that the creating person or entity has maintained as confidential; or (d) contain private or confidential personal information.

2.3   Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4   Designating Party: a Producing Party (or other Party or Non-Party with a cognizable interest in maintaining confidentiality of the produced information) that designates information or items that are produced in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.5   Disclosure or Discovery Material: all items or information, regardless of the medium or way it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures, testimony or responses to discovery in this matter.

2.6   Expert: a person with specialized knowledge or experience in a matter pertinent

to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.7     "HIGHLY CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things, if the Designating Party believes in good faith that such information contains highly sensitive, nonpublic commercial, proprietary, financial, or business content, the disclosure of which reasonably could be expected to cause the Designating Party competitive harm.

2.8     In-House Counsel: attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10    Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or who are affiliated with a law firm that has appeared on behalf of that Party.

2.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulated Protective Order cover Protected Material (as defined above) and: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, communications, or presentations by Parties or their Counsel that reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover any information that is in the public domain at the time of disclosure to a Receiving Party or that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) final judgment herein, and (2) the completion and exhaustion of any appeals of such judgment.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Designating Party must take care to limit any designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only that Disclosure or Discovery Material that qualifies as Protected Material so that other Disclosure or Discovery Material for which protection is not warranted is not swept within the ambit of this Order. Under no circumstances, however, is a Designating Party required to designate specific

portions of a document as Protected Material, and if any portion of a document contains Protected Material, then the entire document can be properly designated as such.

Mass or indiscriminate designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or hinder the case development process or impose unnecessary expenses and burdens on other parties)—and which the Designating Party refuses to withdraw after receiving notice of a challenge—expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the Protected Material designation.

5.2     Manner and Timing of Designations. Except as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page of a document that contains Protected Material.

(b)     For testimony, that a Party either (1) identify on the record, before the close of the deposition or other proceeding, all protected testimony or (2) state on the record that the Party will review the transcript for any protected testimony, which will serve to temporarily designate the entire transcript as HIGHLY CONFIDENTIAL until the Party identifies in writing to the other Parties and to the court reporter, within thirty (30) days after receipt of the final transcript, whether the entire transcript or a portion of it is to be designated as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL."  If no such designations are identified within 30 days, the

temporary designation of HIGHLY CONFIDENTIAL will expire and no testimony will be deemed designated as protected. Pages of transcribed testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(c)     For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix, in a prominent place on the exterior of the container or containers in which the information or item is stored, the legend, "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL."

5.3     <u>Inadvertent Failures to Designate</u>. If a Producing Party produces discovery material that it considers to be CONFIDENTIAL or HIGHLY CONFIDENTIAL without affixing the appropriate legend to such discovery material, the Producing Party may subsequently designate such discovery material as CONFIDENTIAL or HIGHLY CONFIDENTIAL by delivering to the Receiving Parties (i) written notice of such designation and (ii) properly designated copies of such discovery material, with the effect that such discovery material will thereafter be fully subject to the protections afforded by this stipulation. The Party that received such discovery material must make a good faith effort to retrieve such discovery material if disclosed to persons not permitted by this Stipulated Protective Order to the best extent practicable. Nothing in this Stipulated Protective Order shall prevent a Producing Party, in good faith, from correcting the designation of information that already has been produced to another Party in undesignated form or with a different designation, or designating as CONFIDENTIAL or HIGHLY CONFIDENTIAL information that has previously been produced in undesignated form or with a different designation by another Party.

6.      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary

economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing to refrain from mounting a challenge promptly after the original designation is disclosed.

      6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation that it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order. The Producing Party and the Challenging Party shall attempt to resolve each challenge in good faith and, unless the Producing Party agrees to withdraw the challenged designation(s), must confer directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 7 days of the date of service of notice. In conferring, the Challenging Party must give the Designating Party an opportunity to review the designated material, reconsider the circumstances, and, if no change in designation is offered, explain the basis for the chosen designation. A Challenging Party may proceed to judicial intervention only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, either Party may file and serve a motion to resolve the disputed confidentiality designation(s) within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute. Each such motion must include a representation that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation unless and until the Court rules that the designation is improper.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a manner secure enough to ensure that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Protected Material shall be produced to the Receiving Party's Outside Counsel of Record in this Action, who may disclose any information or item designated, "CONFIDENTIAL," only to:

(a)    employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action, provided they have first signed a non-disclosure agreement attached hereto as Exhibit A;

(d)    the Court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants and mock jurors, provided they have first signed a non-disclosure agreement attached hereto as Exhibit A;

(g)    Professional Vendors to whom disclosure is reasonably necessary for this Action, provided that they have first signed a non-disclosure agreement attached hereto as Exhibit A;

(h) during their depositions—and, to the extent necessary, in preparation for depositions or testimony in this Action—witnesses in the Action to whom disclosure is reasonably necessary, unless otherwise agreed by the Designating Party or ordered by the Court, and provided they have first signed a non-disclosure agreement attached hereto as Exhibit A;

(i) insurers of any Party and insurers' counsel, provided they have first signed a non-disclosure agreement in the form attached hereto as Exhibit A;

(j) mediators or arbitrators that the Parties engage or that the Court appoints in this Action, and such mediators' or arbitrators' employees, provided they have first signed a non-disclosure agreement in the form attached hereto as Exhibit A;

(k) the author or recipient of a document containing the information or a custodian to whom disclosure is reasonably necessary for this Action; and

(l) persons or entities which the Designating Party agrees to in writing, provided they have first signed a non-disclose agreement in the form attached hereto as Exhibit A.

7.3 *Disclosure of "HIGHLY CONFIDENTIAL" Information or Items*. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Protected Material shall be produced to the Receiving Party's Outside Counsel of Record in this Action, who may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

a) employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b) any Party's In-House counsel assisting with this litigation;

c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action, provided they have first signed a non-disclosure agreement attached hereto as Exhibit A;

d) the Court and its personnel;

e) court reporters and their staff;

f) professional jury or trial consultants, mock jurors, provided they have first signed a non-disclosure agreement attached hereto as Exhibit A;

g) Professional Vendors to whom disclosure is reasonably necessary for this Action, provided that they have first signed a non-disclosure agreement attached hereto as Exhibit A;

h) during their depositions—and, to the extent necessary, in preparation for depositions or testimony in this Action—witnesses in the Action to whom disclosure is reasonably necessary, unless otherwise agreed by the Designating Party or ordered by the Court, and provided they have first signed a non-disclosure agreement attached hereto as Exhibit A;

i) the author or recipient of a document containing the information or a custodian to whom disclosure is reasonably necessary for this Action; and

j) persons or entities which the Designating Party agrees to in writing, provided they have first signed a non-disclose agreement in the form attached hereto as Exhibit A.

       7.4    <u>Non-Disclosure Agreement Requirement</u>:  Outside Counsel of Record for the Party that has disclosed Protected Material to a Non-Party pursuant to subparagraphs 7.2(c), (f), (h), (i), (j) or (l) or 7.3(c), (f), (h), or (j), or that has been responsible for the unauthorized disclosure of Protected Material to a Non-Party pursuant to Section 10, will maintain copies of all non-disclosure agreements executed by such Non-Parties. The names of such persons who have executed the non-disclosure agreement attached hereto as Exhibit A shall not be discoverable except upon a showing of good cause and by order of the Court, or as required by applicable law.

**8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

       If a Party is served with a subpoena or court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures that the Designating Party whose Protected Material may be affected seeks to pursue in protecting the Protected Material in the litigation in which the subpoena or order was issued.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued unless the Party has first obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this Action is protected by the terms, remedies, and relief provided by this Order. Nothing in this Order should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession and the Party is prohibited, by an

11

agreement with the Non-Party, from producing the Non-Party's confidential information, then the Party shall: (1) promptly notify in writing the Non-Party and the Party issuing the discovery request for the Non-Party's confidential information (the "Requesting Party") that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and (3) make the information requested available for inspection by the Non-Party if requested by the Non-Party.

      (c)    If the Non-Party fails to object or seek a protective order from the court within 14 days of receiving the notice and accompanying information, the Party responding to the discovery request for the Non-Party's confidential information (the "Responding Party") may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Responding Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the non-disclosure agreement attached hereto as Exhibit A.

**11.   FEDERAL RULE OF EVIDENCE 502(b) GOVERNS THE PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

11.1   <u>Non-Waiver of Privileges and Immunities</u>. In accordance with Rule 502(b) of the Federal Rules of Evidence, the Parties agree that production of discovery materials in this Action shall not operate as a waiver in any federal or state proceeding if: (1) the disclosure is inadvertent, (2) the holder of the privilege or protection took reasonable steps to prevent disclosure, and (3) the holder promptly took reasonable steps to rectify the error.

11.2   <u>Clawback of Protected Material</u>: If a claim of inadvertent production of privileged material is made under Rule 502(b), the Producing Party shall notify all Receiving Parties in writing of the claim. Upon receipt of such notification, the Receiving Parties shall: (a) promptly sequester, destroy or return to the Producing Party that material as to which the claim of production has been made, and any copies of such material, including summaries and excerpts; and (b) until any dispute over a claim of privilege is resolved, refrain from any use or disclosure of such information.

11.3.   <u>Safeguarding Personally Identifiable Information</u>**:** Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and other information that may be used for identity theft) exchanged in discovery shall be maintained by the Receiving Party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The Producing Party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the Party who received PII experiences a data breach, it shall immediately notify the Producing Party of same and cooperate with the Producing Party to address and remedy the breach.

**12**.   **MISCELLANEOUS**

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right that it otherwise would have to object to the disclosure

or production of any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

        12.3    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 5.1(h) and Rule 5(C) of the Court's Standing Order.

**13.    NO PREJUDICE**

        13.1    Signing or agreeing to the entry of this Order, producing or receiving Protected Material, or otherwise complying with the terms of this Order will not (a) operate as an admission by any Party that any particular Protected Material contains or reflects trade secrets or any other type of confidential or proprietary Disclosure or Discovery Material; (b) prejudice the rights of a Party to object to the production of Disclosure or Discovery Material or material that the Party does not consider to be within the scope of discovery; (c) prejudice the rights of a Party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a Party to apply to the presiding judge for further protective orders; (e) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for in this Order with respect to any particular Disclosure or Discovery Material; or (f) constitute or be construed as (1) an agreement by any person to produce any documents or supply any Disclosure or Discovery Material, (2) a waiver or forfeiture of any trade secret, intellectual-property, or proprietary right to, in, or with respect to any "CONFIDENTIAL" Information or Items or "HIGHLY CONFIDENTIAL" Information or Items, or (3) a modification, discharge, or abandonment of any pre-existing legal obligation that any Designating Party may have to keep any Disclosure or Discovery Material confidential or secret.

13.2    Nothing contained in this Order shall preclude any Party from using or disclosing its own "CONFIDENTIAL" Information or Items or "HIGHLY CONFIDENTIAL" Information or Items in any manner without prior consent of any Party or the Court.

**14.    FINAL DISPOSITION**

Within 60 days after the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material," includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit to the Producing Party (and, if not the same person or entity, to the Designating Party), by the 60-day deadline, a written certification that affirms that the Receiving Party has returned or destroyed all Protected Material it received and that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other medium reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts and exhibits; legal memoranda; correspondence; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**15.    PERSONS BOUND**

This Order shall be binding upon all Outside Counsel of Record and their law firms, the Parties, and any other person who executes the non-disclosure agreement attached hereto as Exhibit A or is made subject to this Order by its terms.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

Dated: October 20, 2023

| | |
|---|---|
| **POMERANTZ LLP** | **WILLIAMS & CONNOLLY LLP** |
| /s/ Omar Jafri | /s/ Dane H. Butswinkas |
| Joshua B. Silverman (admitted *pro hac vice*) | Dane H. Butswinkas (D.C. Bar # 425056) |
| Omar Jafri (admitted *pro hac vice*) | Steven M. Farina (D.C. Bar # 437078) |
| Christopher Tourek (admitted *pro hac vice*) | Brian T. Gilmore (D.C. Bar # 1030601) |
| 10 S. LaSalle Street, Suite 3505 | 680 Maine Avenue, S.W. |
| Chicago, IL 60603 | Washington, DC 20024 |
| Tel: (312) 377-1181 | T: (202) 434-5000 |
| Fax: (312) 377-1184 | F: (202) 434-5029 |
| Email: jbsilverman@pomlaw.com | dbutswinkas@wc.com |
| ojafri@pomlaw.com | sfarina@wc.com |
| ctourek@pomlaw.com | bgilmore@wc.com |

Counsel for RC Ventures LLC and Ryan Cohen (right column)

-and-

Jeremy A. Lieberman (admitted *pro hac vice*)
600 Third Avenue, 20th Floor,
New York, NY 10016
Tel: (212) 661-1100
Fax: (212) 661-8665
Email: jalieberman@pomlaw.com

*Counsel for Lead Plaintiff Bratya SPRL and Co-Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein (admitted *pro hac vice*)
Yitzchak E. Soloveichick (admitted *pro hac vice*)
Eitan Kimmelman (admitted *pro hac vice*)
60 East 42nd Street, Suite 4600
New York, NY 10165
Tel: (212) 697-6484
Fax: (212) 697-7296
Email: peretz@bgandg.com
        soloveichick@bgandg.com
        eitan@bgang.com

*Counsel for Lead Plaintiff Bratya SPRL and Co-Lead Counsel for the Class*

**COHEN MILSTEIN SELLERS & TOLL PLLC**

Steven J. Toll (D.C. Bar No. 225623)

Daniel S. Sommers (D.C. Bar No. 416549)
Jan E. Messerschmidt (D.C. Bar No. 1031488)
1110 New York Avenue, N.W., Fifth Floor
Washington, D.C. 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699
Email: stoll@chohenmilstein.com
    dsommers@cohenmilstein.com
    jmesserschmidt@cohenmilstein.com

*Liaison Counsel for Lead Plaintiff Bratya SPRL and for the Class*

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED:** _____

# EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE BED BATH & BEYOND CORPORATION SECURITIES LITIGATION | Case No. 1:22-cv-02541-TNM |

## CONFIDENTIALITY ATTESTATION

I, _____, hereby attest to my understanding that information and/or documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may be provided to me pursuant to the terms, conditions and restrictions of a Stipulated Protective Order signed by the parties to the action captioned *In re Bed Bath & Beyond Corporation Securities Litigation*, Civil Action 1:22-CV-02541-TNM. I have been given a copy of the Protective Order, have reviewed it and/or discussed its meaning and effect with the attorneys providing me with such information and documents, and I hereby agree to be bound by its terms.

I further agree that I shall not disclose to others, except in accordance with the Protective Order, such information or documents, and that such information or documents shall be used only for the purpose of the legal proceeding in which the documents were produced.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of this legal proceeding.

I further agree and attest to my understanding that, in the event that I fail to abide by

the terms of the Protective Order, I may be subject to sanctions, including, but not limited to, contempt of court.

      I further agree to submit to the jurisdiction of the United States District Court for the District of Columbia for the purpose of enforcing the terms the Protective Order, even if such enforcement proceedings occur after termination of this action.

      I declare under penalty of perjury that the foregoing is true and correct.


Date: _____                      Signature:_____