## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE BED BATH & BEYOND
CORPORATION SECURITIES
LITIGATION

Master File No. 1:22-cv-02541-TNM

Hon. Trevor N. McFadden

<u>CLASS ACTION</u>

**STIPULATED [PROPOSED] ORDER
ON ELECTRONICALLY STORED
INFORMATION**

### 1.     PURPOSE

This E-Discovery Protocol (the "Protocol") will govern discovery of Electronically Stored

Information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure and any

other applicable orders and rules.

### 2.     COOPERATION

Defendants Ryan Cohen and RC Ventures LLC ("Cohen" or "Defendants") and Lead

Plaintiff Bratya SPRL ("Plaintiff," and collectively, with Defendants, the "Parties") are aware of

the importance the Court places on cooperation and commit to cooperate in good faith throughout

the matter.

### 3.     PRESERVATION

The Parties have discussed their preservation obligations and needs and agree that

preservation of potentially relevant ESI will be reasonable and proportionate.

4.      **SEARCH**

The Parties agree that as part of the process associated with responding to an initial Fed. R. Civ. P. 34 request they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery. Where the Parties agree that potentially responsive ESI shall be searched through the use of search terms, the Parties shall meet and confer to provide reasonable assurances to the Requesting Party that the Producing Party's[1] search terms and the methodology that is used to apply them are reasonably calculated to identify responsive documents and ESI. Prior to or during such meeting and conference, the Producing Party shall disclose its proposed search terms and methodology.

5.      **METADATA**

Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45 or compliance with a mandatory disclosure requirement of this Court shall include to the extent available the following metadata: BEG_BATES, END_BATES, BEG_ATTACH, END_ATTACH, CUSTODIAN, AUTHOR, EMAIL SUBJECT, FROM, TO, CC, BCC, SENT_DATE, SENT_TIME, RECEIVED_DATE, RECEIVED_TIME, FILE_NAME, FILE_EXTENSION, CREATE_DATE, TIME_CREATED, LAST_MOD_DATE, LAST_MOD_TIME, PRODUCTION VOLUME, CONFIDENTIALITY, REDACTED, EMAIL_OUTLOOK_TYPE, NATIVELINK.

6.      **PRODUCTIONS**

Absent agreement of the Parties, the following parameters shall apply to ESI Production:

   a.  **General Document Image Format**. Each electronic document shall be produced in single-page Tagged Image File ("TIFF") black and white images. The Producing

---

[1] Capitalized terms not otherwise defined shall have the meanings ascribed to them in the Stipulation and [Proposed] Protective Order filed with the Court concurrently herewith.

Party will honor reasonable requests for a color image of a document if the original document contains color necessary to understand the meaning or content of the document. If color is required to understand the meaning or content of the document, the document can be reproduced in color on request as single-page JPG files. JPG/TIFF files shall be single-page and shall be named with a unique production number followed by the appropriate file extension. Hidden content, tracked changes, edits, comments, notes, and other similar information viewable within the native file shall also be imaged so that this information is captured in the produced image file.

**b.**  **Load Files**. Delimited load files (i.e., .DAT, .OPT, .LFP) shall be provided to indicate the location and unitization of the JPG/TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained using reasonable and proportionate efforts.

**c.**  **Service of Productions**. All document productions shall be served by SFTP or other similar secure electronic delivery method. Document productions served on the Parties will not be provided on secure physical media (*e.g.*, CD, DVD, flash drive, or hard drive) unless electronic service is not feasible, in which case the Producing Party will work with the Parties in good faith to determine the best method of service. The Producing Party shall encrypt the production data, and the Producing Party shall forward the password to decrypt the production data separately from the production media to which the production data is saved. A cover letter disclosing the Bates range(s) of documents being produced shall accompany the production and shall be transmitted via electronic mail at the time that the

production is served. Productions containing confidential material of any Party or Non-Party shall be password protected.

**d. Text-Searchable Documents.** Each Party shall make its production text-searchable except that any handwritten text need not be rendered text-searchable. The Parties agree to meet and confer in good faith, if necessary, for any instances where the utility of making documents text-searchable is outweighed by the expense. Each individual document that is imaged from a native electronic file should be accompanied by a corresponding text file containing the extracted text from that document.

**e. Footer.** Each document image shall contain a footer with a sequentially ascending Bates number.

**f. Native Files.** Responsive unredacted Microsoft Excel and other spreadsheet files, Microsoft Access and other personal (non-enterprise) database files, video and audio files, PowerPoint and other presentation files, or animation files shall be produced in native format. If a document is produced in native format, a single-page Bates stamped image slip sheet stating that the document has been produced in native format should be provided, with the exception of PowerPoint files, which shall be produced in TIFF format as well as natively.  Each native file should be named according to the Bates number it has been assigned and should be linked directly to its corresponding record in the load file using the NATIVELINK field. To the extent that either Party believes that specific documents or classes of documents not already identified within this Protocol should be produced in native format, the Parties should meet and confer in good faith.  If a document is not

produced in a reasonably usable form, the Receiving Party may make reasonable requests for certain documents to be re-produced in a way that proper formatting and usability are maintained, and the Producing Party shall produce the document in its native format.

g. **Translations**. No Party has an obligation to translate its foreign-language documents into English.

h. **Review Methodology.** The Parties agree to cooperate on the use of any technology-assisted review ("TAR"). A Producing Party that elects to use TAR will disclose that it elects to do so along with the name of the TAR software and vendor, and provide a description of how the Producing Party intends to use TAR sufficient to enable the other Parties to assess its suitability.

i. **Attachments.** The Parties agree that if any part of an e-mail or its attachments is responsive, the entire e-mail and attachments will be produced except for any documents or information that must be withheld or redacted on the basis of privilege. The Parties will produce slip sheets in place of documents withheld on the basis of privilege if any other member of their document family is produced. The attachments will be produced sequentially after the parent e-mail.  Embedded files shall be collected and produced with the parent message. At this time, the Parties do not know whether any responsive materials include modern attachments, *i.e.*, hyperlinks to files stored in the cloud or a shared drive (such as OneDrive or Google Drive) that are not directly attached to a message.  To the extent any such modern attachments are identified during discovery, and to the extent such attachments were not captured by the party's initial data collection, the Parties agree

to confer in good faith about whether the effort and expense required to locate and collect such files are justified by the files' anticipated relevance and materiality.

**j.   Logos, signatures, etc**.  The Parties agree logos or components of email signatures need not be extracted as separate documents as long as they are displayed in the parent document.

**k.   Compressed File Types.** Compressed file types (*e.g.*, .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest level document or file is extracted.

**l.   Redactions**. The Parties agree that, where ESI items need to be redacted, they shall be produced in TIFF format with each redaction clearly indicated. Any metadata fields identified in Paragraph 5 (*supra*) that are reasonably available and that would not reveal privileged information shall be provided. The Parties understand that for certain MS Excel documents or other file types or files, TIFF redactions may be impracticable. These documents may be redacted in native format so long as the original document is also preserved in an unredacted form.

**m.  Structured Data**. If discoverable data from any structured data system can be produced in an already existing and reasonably available report, the Producing Party should collect and produce the data in that report format. If an existing report form is not reasonably available, the Producing Party should make reasonable efforts to export from the structured data system discoverable information in a format compatible with Microsoft Excel and may produce such information in that native format.

**n.   Paper Documents**. In scanning paper documents, the parties shall use best efforts not to (a) merge distinct documents into a single record or (b) split single documents

into multiple records (*i.e.*, paper documents should be logically unitized). In the case of an organized compilation of separate documents – for example, a binder containing several separate documents behind numbered tabs – the document behind each tab should be scanned separately, but the relationship among the documents in the compilation should be reflected in the proper coding of the beginning and ending document and attachment fields. The Parties will make their best efforts to unitize the documents correctly.

o. **Inclusive Email Production.** The Parties shall produce e-mail attachments sequentially after the parent e-mail. With respect to an e-mail chain, the Parties are permitted to produce the longest unique or inclusive chain, and the Parties do not need to separately produce the lesser-included e-mails unless those lesser-included e-mails include unique attachments not included in the longest chain or contain a BCC recipient not shown in the longest unique chain. If a lesser-included e-mail includes a unique attachment, then the lesser-included e-mail must be separately produced with the attachment.

p. **De-Duplication.** A Party is only required to produce a single copy of a responsive document. To the extent identical copies of documents appear in the files of a custodian, the Producing Party may produce only one such identical copy across all custodians based on MD5 or SHA-1 hash values at the document level for file system data or the email family level for emails (except for paper discovery). Custodian metadata for a given document shall reflect any custodian of any document removed as a duplicate of that document.

q. **Password Protected Files.**  The Parties will make reasonable efforts to ensure that all encrypted or password-protected documents and ESI are opened and/or decrypted prior to running any search terms or technology assisted review so they can be successfully processed for review and production.

**7.     DOCUMENTS PROTECTED FROM DISCOVERY**

a. **Generally**

Pursuant to Rule 26(b)(5)(A), a party may redact documents or withhold documents which would otherwise be produced ("producible document") on the grounds of (1) attorney-client privilege; (2) protection under the work product doctrine; or (3) any other applicable privilege.

Additionally, because of the risk of harm to individuals: (1) an otherwise producible document that contains personal medical, health, financial or personal identification records not relevant to this litigation or data protected by HIPAA ("sensitive personally identifying information" or "SPII") may be redacted to exclude SPII; and (2) a non-responsive producible document may be withheld or produced as a TIFF placeholder if it solely contains SPII.

To the extent documents are redacted or withheld on the above grounds, the redaction legends or TIFF placeholder should indicate whether the redaction or withholding is for privilege or SPII. Except where it is not reasonably practicable, the Parties shall endeavor to redact privileged information in such a manner that allows the receiving Party to understand the basis for the redactions.

Nothing in this order shall be interpreted to require the production of documents, material, or information that is protected by the attorney-client privilege, attorney work product protection, or any other applicable privilege or protection.  Fed. R. Evid. 502(b) shall apply to the inadvertent production of a privileged or work product-protected document.

### b. Privilege Logs

A Party withholding or redacting documents based on one or more claims of privilege or work product protection will produce a privilege log meeting the requirements of Rule 26(b)(5)(A). The Parties may modify any deadlines for production of the privilege logs by agreement or seek leave of the Court to extend the deadlines for the production of privilege logs for good cause.

To fulfill the requirements of Rule 26(b)(5)(A), a Party may elect to provide a "metadata" log combined with a categorical log. The "metadata" log will include the following metadata and information: Priv Log Number; Beg No; Group ID; To/From/CC/BCC; Date Sent; Author; Date Created. The metadata log will also identify attorney(s) with an asterisk next to such attorney's name. The log will also include a field indicating which privilege is being asserted and identify the applicable category from the categorical log. After reviewing the "metadata" log and categorical log, the Parties may make reasonable requests for more detailed information about particular documents. The Producing Party will use reasonable efforts to provide an additional description for each document for which additional information was requested on a prompt basis that is proportionate to the number of documents as to which additional information has been requested.

If a family of documents is entirely privileged, each document in the family shall be listed on the privilege log separately. In the event a family of documents exists that contains both privileged and non-privileged documents, the Parties agree that the privileged documents in the family may be replaced in the production with a TIFF placeholder indicating, "Privileged Document Withheld." The withheld document will be logged and the remaining non-privileged family will be produced. The Bates number of the TIFF placeholder for the document withheld in

this manner will be provided. The Parties will meet and confer if there is a dispute as to whether a document withheld in this manner should be produced.

Documents consisting of attorney work product or communications with undersigned counsel (and Defendants' prior counsel at Vinson & Elkins LLP) after the date the action was commenced – August 23, 2022 – do not need to be logged.

Dated: October 20, 2023

**POMERANTZ LLP**

/s/ Omar Jafri
Joshua B. Silverman (admitted *pro hac vice*)
Omar Jafri (admitted *pro hac vice*)
Christopher Tourek (admitted *pro hac vice*)
10 S. LaSalle Street, Suite 3505
Chicago, IL 60603
Tel: (312) 377-1181
Fax: (312) 377-1184
Email: jbsilverman@pomlaw.com
　　　ojafri@pomlaw.com
　　　ctourek@pomlaw.com

　　　　　　　　-and-

Jeremy A. Lieberman (admitted *pro hac vice*)
600 Third Avenue, 20th Floor,
New York, NY 10016
Tel: (212) 661-1100
Fax: (212) 661-8665
Email: jalieberman@pomlaw.com

*Counsel for Lead Plaintiff Bratya SPRL and Co-Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein (admitted *pro hac vice*)

**WILLIAMS & CONNOLLY LLP**

/s/ Dane H. Butswinkas
Dane H. Butswinkas (D.C. Bar # 425056)
Steven M. Farina (D.C. Bar # 437078)
Brian T. Gilmore (D.C. Bar # 1030601)
680 Maine Avenue, S.W.
Washington, DC 20024
T: (202) 434-5000
F: (202) 434-5029
dbutswinkas@wc.com
sfarina@wc.com
bgilmore@wc.com

*Counsel for RC Ventures LLC and Ryan Cohen*

Yitzchak E. Soloveichick (admitted *pro hac vice*)
Eitan Kimmelman (admitted *pro hac vice*)
60 East 42nd Street, Suite 4600
New York, NY 10165
Tel: (212) 697-6484
Fax: (212) 697-7296
Email: peretz@bgandg.com
        soloveichick@bgandg.com
        eitan@bgang.com

*Counsel for Lead Plaintiff Bratya SPRL and Co-Lead Counsel for the Class*

**COHEN MILSTEIN SELLERS & TOLL PLLC**

Steven J. Toll (D.C. Bar No. 225623)
Daniel S. Sommers (D.C. Bar No. 416549)
Jan E. Messerschmidt (D.C. Bar No. 1031488)
1110 New York Avenue, N.W., Fifth Floor
Washington, D.C. 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699
Email: stoll@chohenmilstein.com
        dsommers@cohenmilstein.com
        jmesserschmidt@cohenmilstein.com

*Liaison Counsel for Lead Plaintiff Bratya SPRL and for the Class*

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED:** _____