UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE BED BATH & BEYOND CORPORATION SECURITIES LITIGATION | Case No. 1:22-CV-02541 (TNM) |

# ORDER UNDER FED. R. EVID. 502(d)

WHEREAS during the course of the above-captioned litigation (the "Action") before the United States District Court for the District of Columbia (the "Court"), the undersigned parties (the "Parties") may be subject to discovery requests and/or proceedings that seek or necessitate the disclosure of electronically stored information ("ESI") and other documents;

WHEREAS, on April 23, 2023, Bed Bath & Beyond Inc. ("Bed Bath") filed a bankruptcy petition in the Bankruptcy Court for the District of New Jersey;

WHEREAS, on September 22, 2023, Plaintiff Bratya SPRL ("Plaintiff") served Bed Bath with a third-party subpoena in this Action;

WHEREAS, Rule 502(d) of the Federal Rules of Evidence provides protections broader than default Rule 502(b) for the inadvertent disclosure of privileged information;

WHEREAS, the Parties agree, subject to Court approval, that, in light of the pending bankruptcy petition, Rule 502(d) of the Federal Rules of Evidence shall apply to any discovery request Plaintiff serves on Bed Bath;

WHEREAS, the Parties wish to limit the burden of discovery on the bankruptcy estate of Bed Bath, expedite and facilitate the production of ESI and documents, and to protect against

waiver of the attorney-client privilege, the work-product doctrine and any other relevant privileges or immunities; and

WHEREAS, the Parties jointly request that the Court issue an Order pursuant to Federal Rule of Evidence 502(d) to facilitate the production and use of ESI and documents in this Action and to protect the Parties against waiver of any applicable privileges, immunities, or protections attaching to ESI or documents;

**IT IS HEREBY STIPULATED AND AGREED AND ORDERED** as follows:

The Parties agree that production of discovery materials in this Action, whether inadvertent or otherwise, shall not waive—for purposes of this Action, any other state or federal action or proceeding of any kind (collectively, any "Other Proceeding")—any attorney-client, work-product, or other privilege or immunity (together, "Protected Information") applying to some or all of that document or the subject matter thereof. Nothing contained in this Order is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. This provision is not intended to modify whatever procedure may be established in an e-discovery agreement or order that provides for production without prior privilege review. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d), and shall not operate as a waiver of such Protected Information in this Action or in any Other Proceeding consistent with Rule 502(d) of the Federal Rules of Evidence.

1. In the event that either party discloses or produces Protected Information, the following shall apply:

    (a) If, at any time during the course of discovery in this Action, the Party disclosing discovery (the "Disclosing Party") learns that it has produced Protected Information, it

shall notify the Party receiving discovery (the "Receiving Party") in writing within 14 days of the discovery and identify all such Protected Information. Upon notice of a claim of disclosure, the Receiving Party shall, within 14 days, return, destroy, sequester, or delete all copies of the Protected Information. Unless otherwise approved by an Order of the Court, the Receiving Party shall not use, disclose, or disseminate such information in any way (including, but not limited to, using the information at depositions), and must take reasonable steps to retrieve the Protected Information if it was disseminated by the Receiving Party prior to such notification.

(b) Documents previously used affirmatively or cited by the Disclosing Party, such as in briefs, depositions, or in open court, shall not be eligible for clawback.

(c) Within 14 days of the discovery of any Protected Information, the Disclosing Party shall produce a privilege log with respect to the Protected Information. Within 14 days after receiving the Disclosing Party's privilege log, a Receiving Party may notify the Disclosing Party in writing of an objection to a claim of privilege or work-product protection with respect to the Protected Information. Within 14 days of the receipt of such notification, the Disclosing Party and the Receiving Party shall meet and confer in an effort to resolve any disagreement concerning the Disclosing Party's privilege or work-product claim.

(d) a Receiving Party's return, sequestering or destruction of such Protected Documents as provided herein will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered or destroyed documents, data and/or information on grounds the documents, data and/or information are not in fact subject to a viable claim of privilege or other protection;

(e) If, for any reason, the Parties do not resolve their disagreement after conducting the meet and confer, the Receiving Party may request a conference with the Court

pursuant to Paragraph 10 of the Court's Standing Order or, with the Court's leave, move for an order compelling production of the Protected Information. Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The producing party shall preserve the Protected Documents until such claim is resolved.

      (f)     The Disclosing Party bears the burden of establishing the privileged or protected nature of any Protected Information.

      (g)     In the event any prior order or agreement between the Parties and/or between the Parties and a non-party concerning the disclosure of privileged and/or work product protected materials conflicts with any of the provisions of this Order, the provisions of this Order shall control.

2.     Any party who has received a notification of disclosure of Protected Information from a producing party shall follow the procedure in Appendix A.

3.     This Order is limited to the context of pretrial discovery. Nothing in this Order shall prevent or affect the right of any party to submit any Confidential Information to the Court as evidence or to use any Confidential Information at trial; however, the Parties will approach the Court and/or seek to resolve how to establish appropriate procedures for handling Confidential Information during the course of trial.

STIPULATED TO:

**POMERANTZ LLP**

*/s/ Omar Jafri*

Joshua B. Silverman
Omar Jafri

Christopher P.T. Tourek
10 S. LaSalle Street, Suite 3505
Chicago, IL 60603
Tel: (312) 377-1181
Fax: (312) 377-1184
Email: jbsilverman@pomlaw.com
ojafri@pomlaw.com
ctourek@pomlaw.com

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**

Peretz Bronstein
Yitzchak E. Soloveichik
60 East 42nd Street, Suite 4600
New York, NY 10165
Tel: (212) 697-6484
Fax: (212) 697-7296
peretz@bgandg.com
soloveichik@bgandg.com

*Counsel for Lead Plaintiff Bratya SPRL and Co-Lead Counsel for the Class*

**COHEN MILSTEIN SELLERS & TOLL PLLC**

Steven J. Toll (D.C. Bar No. 225623)
Daniel S. Sommers (D.C. Bar No. 416549)
Jan E. Messerschmidt (D.C. Bar No. 1031488)
1100 New York Avenue, N.W., Fifth Floor
Washington, D.C. 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
jmesserschmidt@cohenmilstein.com

*Liaison Counsel for Lead Plaintiff Bratya SPRL and for the Class*

**ACKERMAN LLP**

*/s/ Michael I. Goldberg*

Michael I. Goldberg
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 468-2444
Email: Michael.goldberg@akerman.com

*Plan Administrator under Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its*

*Debtor Affiliates*

Dated: January 11, 2024

SO ORDERED.

/s/ Trevor N. McFadden
Hon. Trevor N. McFadden
United States District Judge

## APPENDIX A – CLAWBACK PROCEDURES

Any party who has received a notification of disclosure of Protected Information from a producing party pursuant to the Protective Order shall follow the following procedure to ensure all copies of Protected Information are appropriately removed from the Receiving Party's system:

    i.       Locate each recalled document in the document review/production database and delete or sequester the record from the database;

    ii.      If there is a native file link to the recalled document, remove or sequester the native file from the network path;

    iii.     If the database has an image load file, locate the document image(s) loaded into the viewing software and delete or sequester the image file(s) corresponding to the recalled documents;

    iv.     Apply the same process to any additional copies of the document or database, where possible;

    v.      Locate and destroy or sequester all other copies of the document, whether in electronic or hardcopy form. To the extent that copies of the document are contained on write-protected media, such as CDs or DVDs, these media shall be destroyed and rendered unusable or sequestered, with the exception of production media received from the recalling party, which shall be treated as described herein;

    vi.     If the document was produced in a write-protected format, the party seeking to recall the document shall, at its election, either (i) provide a replacement copy of the relevant production from which the document has been removed, in which case the Receiving Party shall destroy and render unusable the original production media; or (ii) allow the Receiving Party to

retain the original production media, in which case the Receiving Party shall take steps to ensure that the recalled document will not be used; and

vii. Confirm that the recall of Protected Information under this procedure is complete by way of letter or email to the Party seeking to recall Protected Information.

Upon the Parties reaching agreement or resolution that the Protected Information has properly been clawed back, or the Court's Order sustaining a privilege claim as to Protected Information, the specific Protected Information shall no longer be sequestered and shall be permanently deleted.