IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE BED BATH & BEYOND CORPORATION SECURITIES LITIGATION | Case No. 1:22-CV-02541 (TNM) |

### DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE SUR-REPLY

Defendants RC Ventures LLC and Ryan Cohen (collectively "Cohen") respectfully submit this reply brief in support of their motion seeking leave of the Court to file a sur-reply. Sur-reply is warranted to address arguments and analysis raised for the first time in Plaintiff Bratya SPRL's reply brief in support of its motion for class certification. *See* ECF No. 109 ("Bratya Mot."); ECF No. 119 ("Bratya Reply").

### ARGUMENT

In its class certification motion, Bratya argued that Dr. Cain's event study—showing that BBBY stock responded to information on: (1) September 30, 2021, (2) January 6, 2022, (3) and June 29, 2022—was sufficient to establish that BBBY stock traded in an efficient market between August 12 and August 18, 2022. Bratya Mot. at 11; ECF No. 108-1 ("Cain Rep.") ¶ 76, E-8.

The fact that Dr. Cain's event study only showed BBBY's informational efficiency *months before the putative Class Period began* was a central focus of Dr. Cain's deposition on April 4, 2024. ECF No. 117 ("Cohen Opp.") at 29 (quoting Dr. Cain's deposition). But neither Bratya nor Dr. Cain evinced any intention to amend Dr. Cain's report or supplement his event study to include an analysis of the putative Class Period.

1

On May 17, 2024 Cohen opposed class certification, underscoring the shortcomings in what Bratya claimed to be Dr. Cain's complete opinions on the topic. Cohen asserted in part that Bratya failed to show informational efficiency during the putative Class Period because "Dr. Cain's event study reflects 136 days within the Analysis Period—four 'News Days' and 132 'No News Days'—*none* of which fall within the Class Period." Cohen Opp. at 28.

Instead of standing on the evidence presented in support of its motion—most notably, on Dr. Cain's flawed event study—Bratya took a mulligan. "[T]o address Prof. Fischel's critique that [the] Efficiency Report *Cammer* 5 test does not include any News Days within the Class Period," Bratya submitted "an alternative event study" that "analyz[ed] disclosures during the Class Period." ECF No. 120-1 ("New Cain Rep.") ¶ 37. This alternative event study constituted Bratya's first attempt to show an empirical "cause-and-effect relationship between news related to disclosures . . . and BBBY Common Stock price movements" during the putative Class Period. New Cain Rep. ¶ 43.

Bratya had more than a month between Dr. Cain's deposition and the filing of Cohen's opposition brief to address the flaws in Dr. Cain's original event study. Had it done so, Dr. Cain's do-over could have been addressed (and dismantled) by Cohen in the normal sequence of briefing. Bratya instead waited until *after* Cohen had responded to debut a second flawed event study covering a wholly different time period than its first iteration. Thus, absent a sur-reply or evidentiary hearing, Cohen would have been "unable to contest" Bratya's assertion of informational efficiency during the putative Class Period, because that matter had been "presented to the court for the first time in the last scheduled pleading." *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003) (internal quotation marks omitted).

Bratya opposes the filing of a responsive sur-reply based on the surreal claim that its new event study is not "genuinely new."[1] ECF No. 123 ("Bratya Opp.") at 4 (attempting to distinguish decisions granting leave to file sur-reply where new arguments were likewise raised in reply). Cohen disagrees.

Bratya's new event study was not "a direct response to" Cohen's critiques of Bratya's old event study. Bratya Opp. at 9 (quoting *Unite Here Health v. Gilbert*, 2015 WL 5766511, at *7 (D. Nev. Sept. 30, 2015)). Bratya did not, for instance, contradict Cohen's claim that the "event study . . . included *no data at all* from the Class Period" or rebut Cohen's assertion that it is "inappropriate to apply conclusions about the Analysis Period to the Class Period" because the two periods are fundamentally distinct. Cohen Opp. at 29, 30.

Nor, as Bratya now claims, is the new event study merely "'rebuttal' evidence to contravene arguments first raised by [Cohen]" about the alleged misstatements' lack of price impact. Bratya Opp. at 9 (quoting *TSI Inc. v. Azbil BioVigilant Inc.*, 2014 WL 880408, at *1 (D. Ariz. Mar. 6, 2014)). Bratya's own expert, Dr. Cain, foreclosed this notion by clarifying that he created the new event study "to address Prof. Fischel's critique that [his] Efficiency Report *Cammer* 5 test does not include any News Days within the Class Period." New Cain Rep. ¶ 37.

Bratya's new event study is well and "truly new." Bratya Opp. at 4 (quoting *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 277 (D.D.C. 2002)). It requires response.

---

[1] Bratya's argument bears all the hallmarks of the "Magritte defense," so-named for René Magritte's painting of a pipe that bears the caption: "This is not a pipe." *Solak on Behalf of Ultragenyx Pharm. Inc. v. Welch*, 2019 WL 5588877, at *4 (Del. Ch. Oct. 30, 2019), *aff'd*, 228 A.3d 690 (Del. 2020); *Dahle v. Pope*, 2019 WL 5260364, at *1 (Del. Ch. Oct. 17, 2019); *Bock v. Pressler & Pressler, LLP*, 30 F. Supp. 3d 283, 295 (D.N.J. 2014).

The remainder of Bratya's briefing deals more with the merits of its unwarranted bid for class certification than the merits of Cohen's motion for leave to file sur-reply. Cohen looks forward to disproving those contentions—and establishing that Bratya failed to demonstrate informational efficiency during the putative Class Period, *see Basic Inc. v. Levinson*, 485 U.S. 224 (1988)—at this Court's upcoming evidentiary hearing.

## CONCLUSION

For the reasons set forth above, this Court should grant leave for Cohen to file its proposed sur-reply and ignore Bratya's previously undisclosed expert opinions.

Dated: July 22, 2024                    Respectfully submitted,

*/s/ Brian T. Gilmore*
Dane H. Butswinkas (D.C. Bar # 425056)
Steven M. Farina (D.C. Bar # 437078)
Brian T. Gilmore (D.C. Bar # 1030601)
Madeline C. Prebil (D.C. Bar # 1778724)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC 20024
T: (202) 434-5000
F: (202) 434-5029
dbutswinkas@wc.com
sfarina@wc.com
bgilmore@wc.com
mprebil@wc.com

*Counsel for RC Ventures LLC and Ryan Cohen*

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on July 22, 2024, a true and correct copy of the foregoing brief was served electronically on all counsel of record via CM/ECF.

*/s/ Brian T. Gilmore*
Brian T. Gilmore
