**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE BED BATH & BEYOND CORPORATION SECURITIES LITIGATION | Case No. 1:22-CV-02541 (TNM) |

**DEFENDANTS' RESPONSE TO BRATYA'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

*In re Vaxart, Inc. Securities Litigation*, No. 20-cv-05949 (N.D. Cal. 2020) has no bearing on this Court's analysis. Contrary to Bratya's assertion, that case does not exhibit a "similar fact pattern to the case here." Bratya Notice at 1. Vaxart is not a meme stock; the plaintiffs, defendant, and presiding court have never referred to it as such. *See In re Vaxart*, ECF Nos. 311, 318, 325, 374, 380, 383, 431 (briefing and orders on class certification, all lacking the term "meme"). Vaxart is not alleged to have undergone a short squeeze. *Id.* And the court did not mention—let alone address—meme stocks, short squeezes, or stock volatility in its consideration of class certification. *In re Vaxart*, ECF Nos. 374, 431.

The legal issues in *In re Vaxart* are as foreign as its facts. The court there granted certification, observing that "the defendants do not appear to dispute that the market for Vaxart common stock is efficient." *In re Vaxart*, ECF No. 431 at 3–4. Given this apparent agreement, the court did not address class-wide reliance, market efficiency, or the *Basic* presumption. The *Vaxart* court's five-page certification decision addressed, among other things, loss causation,

ultimately determining that "the plaintiffs have explained how price impact and loss causation (as well as the other elements of their claims) can be determined as to all class members."[1] *Id.* at 1.

At bottom, *In re Vaxart* is a different case, with different facts, decided on different grounds, which does not affect this Court's analysis.

Dated: January 8, 2025　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Madeline C. Prebil*
　　　　　　　　　　　　　　　　　　　　Dane H. Butswinkas (D.C. Bar # 425056)
　　　　　　　　　　　　　　　　　　　　Steven M. Farina (D.C. Bar # 437078)
　　　　　　　　　　　　　　　　　　　　Brian T. Gilmore (D.C. Bar # 1030601)
　　　　　　　　　　　　　　　　　　　　Madeline C. Prebil (D.C. Bar # 1778724)
　　　　　　　　　　　　　　　　　　　　WILLIAMS & CONNOLLY LLP
　　　　　　　　　　　　　　　　　　　　680 Maine Avenue, S.W.
　　　　　　　　　　　　　　　　　　　　Washington, DC 20024
　　　　　　　　　　　　　　　　　　　　T: (202) 434-5000
　　　　　　　　　　　　　　　　　　　　F: (202) 434-5029
　　　　　　　　　　　　　　　　　　　　dbutswinkas@wc.com
　　　　　　　　　　　　　　　　　　　　sfarina@wc.com
　　　　　　　　　　　　　　　　　　　　bgilmore@wc.com
　　　　　　　　　　　　　　　　　　　　mprebil@wc.com

　　　　　　　　　　　　　　　　　　　　*Counsel for RC Ventures LLC and Ryan Cohen*

---

[1] Here, the parties' disputes did not focus on Bratya's inadequate loss causation theory. And Cohen already has disproved Bratya's meritless assertion that this Court "treat[ed] 'loss causation as a precondition for invoking *Basic*.'" ECF No. 136 at 8 (quoting ECF No. 133 at 5).

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on January 8, 2025, a true and correct copy of the foregoing brief was served electronically on all counsel of record via CM/ECF.

*/s/ Madeline C. Prebil*
Madeline C. Prebil
